1  RICK L. SHACKELFORD (SBN 151262)
   *shackelfordr@gtlaw.com*
2  ROBERT J. HERRINGTON (SBN 234417)
   *herringtonr@gtlaw.com*
3  MATTHEW R. GERSHMAN (SBN 253031)
   *gershmanm@gtlaw.com*
4  **GREENBERG TRAURIG, LLP**
   2450 Colorado Avenue, Suite 400E
5  Santa Monica, California 90404
   Telephone: (310) 586-7700
6  Facsimile: (310) 586-7800
7  *Attorneys for Defendants,*
   *Skinny Girl Cocktails, L.L.C. and*
   *SGC Global, L.L.C.*
8

9                    **UNITED STATES DISTRICT COURT**

10                   **CENTRAL DISTRICT OF CALIFORNIA**

11                              **Western Division**

12

13 | COLETTE VON KAENEL, individually and on behalf of all others similarly situated | Case No. CV11-7305-JAK (PJWx) |
|---|---|
| Plaintiff, | **DEFENDANTS SKINNY GIRL COCKTAILS, L.L.C. AND SGC GLOBAL, L.L.C.'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES** |
| v. | |
| SKINNY GIRL COCKTAILS, L.L.C., SGC GLOBAL, L.L.C., BEAM GLOBAL SPIRITS & WINE, INC., and JIM BEAM BRANDS CO., | Date: December 19, 2011<br>Time: 8:30 a.m.<br>Court Room: 750<br>Hon. John A. Kronstadt |
| Defendants. | Action Filed: September 6, 2011 |

MOTION TO DISMISS COMPLAINT

DEN 97,643,893v2 135474.010200

**TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on December 19, 2011, at 8:30 a.m., or as soon thereafter as the matter may be heard by the Honorable John A. Kronstadt in Courtroom 750 of the above-entitled Court, located at 255 East Temple Street, Los Angeles, California 90012, Defendants Skinny Girl Cocktails, L.L.C. and SGC Global, L.L.C. (collectively, the "Skinny Girl Defendants") will and hereby do move the Court to dismiss the Complaint as to the Skinny Girl Defendants in its entirety.

The Skinny Girl Defendants seek dismissal of Plaintiff's Complaint and each of the purported six claims for relief therein, pursuant to Federal Rule of Civil Procedure 12(b)(6), on the grounds that each of the purported claims for relief fail to allege with the required particularity the elements needed to state a claim. Moreover, as to Plaintiff's claim for "unjust enrichment," there is no such cause of action under California law, and as such, Plaintiff fails to state a claim.

This motion is based on this Notice, the attached Memorandum of Points and Authorities, the concurrently filed Declaration of Robert J. Herrington, the pleadings and other matters on file in this action, any oral argument that the Court may entertain at the hearing, and upon such other and further matters as may come before the Court.

This Motion is made following the meet-and-confer of counsel pursuant to L.R. 7-3, which took place on October 21, 2011, as set forth in the concurrently filed Declaration of Robert J. Herrington.

DATED: October 27, 2011                    GREENBERG TRAURIG, LLP

                                           By: */s/ Robert J. Herrington*
                                               Robert J. Herrington
                                               *Attorneys for Defendants,
                                               Skinny Girl Cocktails, L.L.C. and
                                               SGC Global, L.L.C.*

# MEMORANDUM OF POINTS AND AUTHORITIES

# TABLE OF CONTENTS

I. INTRODUCTION ............................................................................................. 1

II. ALLEGATIONS OF THE COMPLAINT ..................................................... 3
    A. Allegations Having Nothing To Do With Plaintiff .............................. 3
    B. Allegations Relating to Plaintiff's Individual Transactions ................. 4

III. LEGAL STANDARD FOR A MOTION TO DISMISS ................................ 4
    A. Conclusory Allegations And Unwarranted Inferences Are Disregarded. .......................................................................................... 4
    B. Complaints That Sound In Fraud Are Subject To Heightened Scrutiny. .............................................................................................. 5

IV. ARGUMENT .................................................................................................. 6
    A. The Complaint Sounds In Fraud And Each Claim Fails For Lack Of Specificity ............................................................................ 6
        1. The Complaint Does Not Allege Specific Facts Establishing the "Who." ............................................................ 8
        2. The Complaint Does Not Allege Specific Facts Establishing the "When." ........................................................... 9
        3. Plaintiff Does Not Allege Specific Facts Showing the "What" or "How." ....................................................................... 10
    B. The Breach Of Express Warranty Claim Fails For The Additional Reason That The Complaint Does Not Allege The Exact Terms Of The Purported Warranty. ............................................... 11
    C. Plaintiff's Unjust Enrichment Claim Fails For The Additional Reason That It Is Not A Cause Of Action. ....................................... 12

V. CONCLUSION ............................................................................................. 12

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*,
 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009) ............................................................... 5

*Bell Atl. Corp. v. Twombly*,
 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed. 2d 929 (2007) ....................................... 4

*Destfino v. Reiswig*,
 630 F.3d 952 (9th Cir. 2011) ...................................................................... 1, 5, 8, 9

*Dvora v. General Mills, Inc.*,
 2011 WL 1897349 (C.D. Cal. May 16, 2011) ................................................ 10, 11

*Edwards v. Marin Park, Inc.*,
 356 F.3d 1058 (9th Cir. 2004) ................................................................................ 5

*Enreach Tech., Inc. v. Embedded Internet Solutions*,
 403 F. Supp. 2d 968 (N.D. Cal. 2005) .................................................................. 12

*Kearns v. Ford Motor Co.*,
 567 F.3d 1120 (9th Cir. 2009) ........................................................................ passim

*McBride v. Boughton*,
 123 Cal. App. 4th 379 (2004) ............................................................................... 12

*Melchior v. New Line Prods., Inc.*,
 106 Cal. App. 4th 779 (2003) ............................................................................... 12

*Moore v. Kayport Package Exp., Inc.*,
 885 F.2d 531 (9th Cir. 1989) .............................................................................. 6, 9

*Pedersen v. Greenpoint Mortgage Funding, Inc.*,
 2011 WL 3818560 (E.D. Cal. 2011 Aug. 29, 2011) ............................................... 9

*Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*,
 494 F.3d 788 (9th Cir. 2007) .................................................................................. 4

*Ries v. Hornell Brewing Co., Inc.*,
 2011 WL 1299286 (N.D. Cal. Apr. 4, 2011) .................................................. 10, 11

*Swartz v. KPMG LLP*,
 476 F.3d 756 (9th Cir. 2007) .............................................................................. 5, 8

*Von Koenig v. Snapple Beverage Corp.*,
 2011 WL 43577 (E.D. Cal. Jan. 6, 2011) ....................................................... 10, 11

**Statutes**

Cal. Bus. & Prof. Code § 17200, *et seq.* ......................................................................... 6

Cal. Bus. & Prof. Code § 17500, *et seq.* ......................................................................... 6

Cal. Civ. Code § 1750, *et seq.* ......................................................................................... 6

Fed. R. Civ. P. 8(a)(2) .................................................................................................... 5
Fed. R. Civ. P. 9(b) ............................................................................................... passim

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff's claims against the two Skinny Girl Defendants (Skinnygirl Cocktails, L.L.C. and SGC Global, L.L.C.) should be dismissed because the Complaint fails to allege particularized *facts*—as distinguished from legal conclusions and generalized allegations against all "defendants"—showing that these two companies committed any wrong as to Plaintiff, or were even involved in her transactions. Ignoring the requirements of FRCP 9(b), the Complaint impermissibly lumps together all the defendants, effectively alleging that "everyone did everything," notwithstanding her own admission that the Skinny Girl Defendants sold their stake in the business earlier this year. Because Plaintiff alleges no specific facts establishing that the Skinny Girl Defendants made any specific misstatement to her or were even involved in her sale, the Complaint should be dismissed. *See Destfino v. Reiswig*, 630 F.3d 952, 958 (9th Cir. 2011) (dismissal for failure to "set out which of the defendants made which of the fraudulent statements/conduct" and alleging only "'everyone did everything' allegations.")

The Plaintiff in this case, Collette Von Kaenel ("Plaintiff"), claims to have purchased bottles of Skinnygirl Margarita beverage at her local Albertsons because she supposedly was relying on the statement on the bottle label that the beverage was "All Natural." According to the Complaint, the beverage was not "All Natural" because it allegedly contained small amounts of a synthetic preservative. Based on these allegations, the Complaint asserts claims for fraud, false advertising, violations of the Unfair Competition Law, violations of the Consumer Legal Remedies Act, breach of express warranty, and unjust enrichment. She purports to assert these claims on behalf of a nationwide class of consumers who supposedly were harmed.

Because the Complaint is grounded in fraud, each cause of action must satisfy the heightened pleading requirements of Rule 9(b). *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (where a "plaintiff…allege[s] a unified course of fraudulent

conduct and rel[ies] entirely on that course of conduct as the basis of that claim…[i]n that event, the claim is said to be 'grounded in fraud' or to 'sound in fraud,' and the pleading…as a whole must satisfy the particularity requirement of Rule 9(b)."). The Complaint fails to satisfy these requirements in at least three ways:

- First, Plaintiff fails to allege *who* made the purported misrepresentations. According to the Complaint, Beam Global Spirits & Wine, Inc. is the party that currently markets and sells the Skinnygirl Margarita Product, after having purchased the Skinnygirl brand this year. Notwithstanding this admission, Plaintiff offers no facts tying the Skinny Girl Defendants to her transaction or showing that these Defendants made any misrepresentation to her.
- Second, Plaintiff fails to allege when she made the purchases or when the supposed misrepresentations were communicated to her. In this case, the "when" is particularly important, given that the Skinnygirl brand was admittedly sold to one of the other defendants, which is now allegedly responsible for its marketing and sales.
- Third, although the Complaint generally alleges that representations were made in marketing materials and advertisements, Plaintiff fails to allege *what* exact misrepresentation was communicated to her and *how* it was supposedly communicated to her.

For these reasons, and as more fully explained below, Plaintiff has failed to satisfy the applicable pleading standard. Furthermore, as explained below, the breach of express warranty claim fails because the Complaint fails to allege the exact terms of the alleged warranty, and the unjust enrichment "claim" fails because it is not a claim at all (it is a remedy). The Skinny Girl Defendants respectfully request that the Court grant this Motion and dismiss the claims asserted against them.

## II. ALLEGATIONS OF THE COMPLAINT

The allegations in the Complaint can be divided into two categories: (1) allegations about Skinny Girl Margaritas in general that do not specifically relate to Plaintiff's individual transactions; and (2) a few general allegations about Plaintiff's purchases.

### A. Allegations Having Nothing To Do With Plaintiff

The Complaint largely consists of allegations having little if anything to do with Plaintiff's transaction or her experience with Skinny Girl Margaritas, but instead relate to information obtained through the "investigation made by and through her attorneys." (Complaint, page 2:6-12.) The Complaint generally alleges that all defendants defrauded consumers by representing the Skinnygirl Margarita beverage was "All Natural" and contained "no preservatives," while the beverage supposedly contained a "synthetic" preservative called sodium benzoate. (*See, e.g.,* Complaint, ¶ 1.) According to the Complaint, the presence of sodium benzoate renders the "All Natural" and "no preservative" representations false and misleading. (Complaint, ¶ 23.) The Complaint concedes that "[t]his conduct … serves as the sole factual basis of each cause of action." (Complaint, ¶ 58.)

Notably, however, the Complaint contains no specific factual allegations against the Skinnygirl Defendants. Instead, the Complaint lumps all defendants together, notwithstanding the admission that defendant (and non-moving party) Beam Global Spirits & Wine, Inc. currently markets and sells the Skinnygirl Margarita product, having purchased the Skinnygirl brand and business in 2011. (Complaint, ¶¶ 7, 9.) Thus, the Complaint does not allege facts establishing that the Skinny Girl Defendants had any involvement at the time of Plaintiff's alleged purchases.

Also, according to the Complaint, unspecified defendants sponsored marketing campaigns and advertisements regarding the "All Natural" and "no preservatives" representations (Complaint, ¶¶ 1, 2, 7, 22), although ***there are no allegations that Plaintiff saw or relied on any of these ads or marketing campaigns.*** The Complaint

3
MOTION TO DISMISS COMPLAINT
DEN 97,643,893v2 135474.010200

also contains an alleged photograph of a Skinnygirl Margarita bottle (Complaint, ¶ 2), but *there are no allegations that the bottle depicted is the bottle Plaintiff purchased.*

B.  **Allegations Relating to Plaintiff's Individual Transactions**

The allegations about Plaintiff's individual transaction are even more cryptic. All that can be gleaned is that: (i) Plaintiff allegedly purchased approximately one bottle of Skinnygirl Margarita "about every other month" in 2011 at an Albertsons grocery store (but the Complaint does not allege *when* the purchases started or ended); (ii) Plaintiff based her purchases on an alleged representation on an unidentified bottle label that the beverage was "All Natural" (the Complaint does not allege what the label said, nor does the Complaint mention anything about a "no preservatives" representation or that Plaintiff saw or relied on any such representation) and (iii) Plaintiff allegedly paid a premium price for the "all natural" beverage. (Complaint, ¶¶ 24-29.)  In other words, the Complaint fails to allege facts establishing *who* allegedly made misrepresentations to her about the beverage, specifically *when* those alleged misrepresentations were made, or even *what* specific misrepresentations were made and *how* they were made to her.

Because the Complaint fails to allege facts establishing these critical points, this Motion to Dismiss should be granted.

### III.  LEGAL STANDARD FOR A MOTION TO DISMISS

A.  **Conclusory Allegations And Unwarranted Inferences Are Disregarded.**

On a 12(b)(6) motion, "the court need not accept conclusory allegations of law or unwarranted inferences, and dismissal is required if the facts are insufficient to support a cognizable claim." *Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494 F.3d 788, 794 (9th Cir. 2007); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65, 167 L.Ed. 2d 929 (2007).  Additionally, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice … [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]'

— 'that the pleader is entitled to relief.' Fed. Rule Civ. Proc. 8(a)(2)." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50, 173 L.Ed.2d 868 (2009).

### B. Complaints That Sound In Fraud Are Subject To Heightened Scrutiny.

Where a party alleges fraud, Rule 9(b) requires that the complaint state "with particularity the circumstances constituting the fraud." Fed. R. Civ. P. 9(b). Additionally, if a "plaintiff…allege[s] a unified course of fraudulent conduct and rel[ies] entirely on that course of conduct as the basis of that claim…[i]n that event, the claim is said to be 'grounded in fraud' or to 'sound in fraud,' **and the pleading…as a whole** must satisfy the particularity requirement of Rule 9(b)." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (emphasis added). In this case, because Plaintiff's Complaint is based on an alleged "unified course of fraudulent conduct" (*i.e.*, allegedly making misrepresentations about a margarita beverage) and relies on that conduct as the basis of all her claims, the entire Complaint, not just those claims that explicitly allege fraud, must be pled with particularity. *See id.*

"To avoid dismissal … under Rule 9(b), the complaint would need to 'state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation.'" *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004); *see also Kearns*, 567 F.3d at 1124 ("'Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged.'"); *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (complaint satisfies Rule 9(b) only if it provides "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations").

Additionally, where there are multiple defendants, "Rule 9(b) 'does not allow a complaint to ... lump multiple defendants together but require[s] plaintiffs to differentiate their allegations when suing more than one defendant.'" *Destfino v. Reiswig*, 630 F.3d 952, 958 (9th Cir. 2011) (dismissal for failure to "set out which of the defendants made which of the fraudulent statements/conduct" and alleging only "'everyone did everything' allegations."); *see also Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531,

541 (9th Cir. 1989) (complaint must "identif[y] the role of each defendant in each scheme").

As discussed below, because none of Plaintiff's claims are pled with the requisite particularity, the Complaint should be dismissed as against the Skinny Girl Defendants.

## IV.   ARGUMENT

The Complaint contains six purported "causes of action" for: (1) common law fraud, (2) false advertising under *California Bus. & Prof. Code § 17500, et seq.*, (3) purported violations of the Unfair Competition Law (Cal. Bus. & Prof. Code § 17200, et seq.), (4) purported violations of the Consumers Legal Remedies Act (Cal. Civ. Code § 1750, et seq.), (5) breach of express warranty, and (6) "unjust enrichment."  As shown below, each cause of action fails.

### A.   The Complaint Sounds In Fraud And Each Claim Fails For Lack Of Specificity.

Plaintiff's Complaint sounds in fraud.  The core allegation is her accusation that defendants supposedly misrepresented the margarita drink as "All Natural":

> This is a class action on behalf of a nationwide class of consumers who purchased Defendants' Skinnygirl™ Margarita beverage which purports to be "All Natural" and containing "no preservatives", even though the beverage product contains synthetic sodium benzoate … .

(Complaint, ¶ 1.)[1]  This allegation is incorporated by reference into each and every one of Plaintiff's purported six "causes of action."  (Complaint, ¶¶ 38, 46, 54, 67, 75, 80.)

---

[1] *See Kearns*, 567 F.3d at 1126 ("The elements of a cause of action for fraud in California are: '(a) misrepresentation (false representation, concealment, or *nondisclosure*); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." (emphasis in the original)).

In addition, Plaintiff repeats this accusation in each of her purported "causes of action":

1. First "Cause of Action" for "Common Law Fraud:" "During the Class Period, Defendants' Skinnygirl™ Margarita product label uniformly misrepresented that the product was 'All Natural,' when in fact it contains synthetic sodium benzoate." (Complaint, ¶ 39.)

2. Second "Cause of Action" for "False Advertising:" "The misrepresentations and non-disclosures by Defendants of the material facts detailed herein constitute false and misleading advertising and therefore constitute a violation of California Business & Professions Code § 17500, *et seq.*" (Complaint, ¶ 50.)

3. Third "Cause of Action" for "Violation of The Unfair Competition Law:" "California's Sherman Food, Drug and Cosmetic Law ('Sherman Law'), Article 6, §110660 provides: 'Any food is misbranded if its labeling is false or misleading in any particular.' … Defendants violated, and continue to violate the Sherman Law … through their use of the term 'All Natural' on the labels of its Skinnygirl™ Margarita product that contained synthetic sodium benzoate. ***This conduct also serves as the sole factual basis of each cause of action brought by this Original Complaint***." (Complaint, ¶¶ 57-58 (emphasis added).)

4. Fourth "Cause of Action" for "Violation of the Consumers Legal Remedies Act:" "Defendants have engaged and continue to engage in practices in violation of the CLRA by making false representations … ." (Complaint, ¶ 72.)

5. Fifth "Cause of Action" for "Breach of Express Warranty:" "Defendants statements (as described herein) constitute an affirmation of fact or promise … . … Defendants breached these express warranties by not

providing an 'All Natural' and 'no preservatives' Skinnygirl™ margarita product … ." (Complaint, ¶¶ 76-77.)

6. Sixth "Cause of Action" for "Restitution Based on Quasi-Contract/Unjust Enrichment:" "Defendants' conduct in enticing Plaintiff … to purchase its Skinnygirl™ Margarita product through false and misleading packaging, advertising and marketing as described throughout this Complaint is unlawful because the statements … are untrue." (Complaint, ¶ 81.)

Therefore, because each of Plaintiff's claims sounds in fraud, they all must satisfy the heightened pleading standard set forth in Rule 9(b). *See Kearns*, 567 F.3d at 1125 (where a "plaintiff…allege[s] a unified course of fraudulent conduct and rel[ies] entirely on that course of conduct as the basis of that claim…[i]n that event, the claim is said to be 'grounded in fraud' or to 'sound in fraud,' **and the pleading…as a whole** must satisfy the particularity requirement of Rule 9(b)." (emphasis added)). As shown below, the Complaint fails to allege with particularity the who, when, what and how concerning the alleged fraud. *See id.* at 1124.

### 1. The Complaint Does Not Allege Specific Facts Establishing the "Who."

Plaintiff fails to allege *which defendant* made the allegedly false representations to her. The Skinny Girl Defendants are not specifically alleged to have done anything in particular. Instead, the Complaint lumps all defendants together in the type of "everyone-did-everything" allegations that violate Rule 9(b). *See Destfino v. Reiswig*, 630 F.3d at 958 (affirming dismissal of the operative pleading where it failed to satisfy Rule 9(b)'s particularity requirements with "'everyone did everything' allegations").

To satisfy Rule 9(b), the Complaint must distinguish between the various defendants regarding their role in the alleged fraud. *See id.*; *see also Swartz v. KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir. 2007) ("Rule 9(b) does not allow a complaint to merely lump multiple defendants together but 'require[s] plaintiffs to differentiate their allegations when suing more than one defendant ... and inform each defendant separately

8
MOTION TO DISMISS COMPLAINT

of the allegations surrounding his alleged participation in the fraud.'"); *Moore*, 885 F.2d at 541 ("Rule 9(b) requires that the pleader state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation."); *Pedersen v. Greenpoint Mortgage Funding, Inc.*, 2011 WL 3818560, at *9 (E.D. Cal. 2011 Aug. 29, 2011) ("To avoid dismissal, the complaint must describe the time, place, and specific content of the false representations and identify the parties to the misrepresentations.  In addition, a plaintiff may not 'lump multiple defendants together' but rather must 'differentiate their allegations.' (quoting *Destfino*, 630 F.3d at 958)).  This requirement is particularly important in this case, where the Complaint concedes that the Skinny Girl Defendants sold the Skinnygirl™ brand and business to defendant Beam Global Spirits & Wine, Inc., and thus could not have been the ones making any representations after the sale. (Complaint, ¶¶ 7, 9.)  Plaintiff, however, fails to allege which defendant made any alleged misrepresentation to her.  For this reason alone, all her claims fail.  *See id.*; *see also Kearns*, 567 F.3d at 1126 (holding plaintiff failed to allege "who" made the statement upon which he relied).

### 2. The Complaint Does Not Allege Specific Facts Establishing the "When."

The Complaint also fails to specify *when* Plaintiff saw and supposedly relied on any alleged representations.  The most she alleges is that she purchased one bottle of Skinnygirl Margarita "about every other month" in 2011, but she fails to allege when the purchases started or ended. (Complaint, ¶ 25.)  Given her concession that the Skinnygirl™ business was sold in 2011, Plaintiff must be more specific as to the dates of her alleged purchases.  *See Kearns*, 567 F.3d at 1126 (holding plaintiff failed to allege "when" he was "exposed to" the marketing materials upon which he relied).  For this additional reason, all Plaintiff's claims should be dismissed. *See Edmunson v. Procter & Gamble Co.*, 2011 WL 1897625, at *5 (S.D. Cal. May 17, 2011) (granting motion to dismiss because the "Plaintiff does not allege when during the class period, where, how many, or how many times he purchased Fusion Power cartridges or was exposed to the alleged misrepresentations.").

### 3. Plaintiff Does Not Allege Specific Facts Showing the "What" or "How."

The Complaint also fails to specify the representations she saw or how she was exposed to them. Although the Complaint is replete with generalized assertions about various marketing campaigns advertising that the margarita beverage was all natural and contained no preservatives (*e.g.*, Complaint, ¶¶ 1, 2, 7, 22), nowhere does Plaintiff allege that she actually saw or relied on any of those alleged ads, instead conceding that such assertions are based on the "investigation made by and through [Plaintiff's] attorneys." (Complaint, page 2:6-12.)

It is fundamental that Plaintiff cannot base any claim on ads or marketing materials she never saw or relied on. *See Dvora v. General Mills, Inc.*, 2011 WL 1897349, at *8 (C.D. Cal. May 16, 2011) ("[t]o the extent that Plaintiff appears to argue that he might have standing with respect to claims based on statements he did not rely on, Plaintiff is wrong."). Thus, Plaintiff's claims should be dismissed to the extent they purport to rely on marketing or advertisements that she never saw or upon which she never relied. *See Kearns*, 567 F.3d at 1126 (holding plaintiff failed to "specify which sales materials" upon which he relied); s*ee also, e.g., Ries v. Hornell Brewing Co., Inc.*, 2011 WL 1299286, at *4 (N.D. Cal. Apr. 4, 2011) (granting motion to dismiss complaint "to the extent that Plaintiffs seek to bring claims based upon other advertisements and marketing or based upon other labels not before the Court"); *Von Koenig v. Snapple Beverage Corp.*, 2011 WL 43577, at * 3 (E.D. Cal. Jan. 6, 2011) (granting motion to dismiss complaint to the extent plaintiffs' claims do not "aris[e] out of the specified drink product labels, but [out of] plaintiffs' broader allegations regarding unspecified 'commercial advertisements' and 'other promotional materials'").

As for the allegations regarding what Plaintiff did see, the Complaint remains vague, asserting only that she saw the words "all natural" on an unidentified bottle label:

> Based on the 'All Natural' representation on the Skinnygirl™ Margarita product label, Plaintiff believed the Skinnygirl™ Margarita product she purchased was in fact all natural and did not contain

10
MOTION TO DISMISS COMPLAINT

preservatives and Plaintiff relied on these representations in making the purchases.

(Complaint, ¶ 26.) This allegation, however, cannot save Plaintiff's claims. Tellingly, there is no allegation or assertion that the bottle label (or the content of the beverage) remained the same for each alleged purchase. *See Edmunson*, 2011 WL 1897625, at *5 (granting motion to dismiss because the complaint did not "allege that the packaging depicted is the packaging Plaintiff saw or relied on"). Nor is there any allegation that the picture included in paragraph 2 of the Complaint is the bottle Plaintiff actually saw (as opposed to a bottle that Plaintiff's attorneys saw in the course of their "investigation"). *See id.*

Moreover, even assuming Plaintiff saw and relied upon a bottle label stating the margarita beverage was "All Natural," there still are no allegations establishing that Plaintiff saw any representation that the margarita beverage contained "no preservatives." Thus, Plaintiff's claims should be dismissed to the extent they rely on any alleged representations about preservatives, which Plaintiff does not claim she saw and upon which she does not claim to have relied. *See Kearns*, 567 F.3d at 1126; *Ries*, 2011 WL 1299286, at *4; *Von Koenig*, 2011 WL 43577, at * 3.

In sum, there are no specific facts alleged that tie the Skinny Girl Defendants, in particular, to any alleged misconduct. Because the Complaint fails to allege the who, when, what, and how with the required particularity, Plaintiff has not satisfied Rule 9(b), and the Motion to Dismiss should be granted on this basis alone.

**B.     The Breach Of Express Warranty Claim Fails For The Additional Reason That The Complaint Does Not Allege The Exact Terms Of The Purported Warranty.**

Plaintiff's Fifth "Cause of Action" for "Breach of Express Warranty" not only fails for lack of specificity under Rule 9(b) as explained above, but it also fails because the Complaint does not allege the exact terms of the warranty. *See, e.g., Dvora*, 2011 WL 1897349, at *9 ("To plead an action for breach of express warranty under California law,

a plaintiff must allege: (1) the ***exact*** terms of the warranty; (2) reasonable reliance thereon; and (3) a breach of warranty which proximately caused plaintiff's injury." (emphasis added)); *see also Edmunson, supra*, 2011 WL 1897625 at *5 ("A plaintiff must allege the '***exact*** terms of the warranty.'" (emphasis added)). Here, although the Complaint generally alleges that express warranties were made by "Defendants' statements (as described herein [*i.e.*, in the Complaint]" (Complaint, ¶ 76), there are no allegations regarding which ***exact*** statements described in the Complaint supposedly constitute the alleged warranty that Plaintiff supposedly saw and upon which she supposedly relied. The breach of warranty claims fails for this additional reason.

### C. Plaintiff's Unjust Enrichment Claim Fails For The Additional Reason That It Is Not A Cause Of Action.

Plaintiff's purported Sixth "Cause of Action" for unjust enrichment not only fails for lack of specificity under Rule 9(b) as shown above, it also fails for the additional reason that it is not a cause of action. *See, e.g., McBride v. Boughton*, 123 Cal. App. 4th 379, 387 (2004) ("[U]njust enrichment is not a cause of action or even a remedy, but rather 'a general principle underlying various legal doctrines and remedies.'"); *Melchior v. New Line Prods., Inc.*, 106 Cal. App. 4th 779, 793 (2003) ("[T]here is no cause of action in California for unjust enrichment."); *Enreach Tech., Inc. v. Embedded Internet Solutions*, 403 F. Supp. 2d 968, 976 (N.D. Cal. 2005) ("unjust enrichment is not a valid cause of action in California" (citing *McBride*, 123 Cal. App. 4th at 387).

### V. CONCLUSION

For all the foregoing reasons, the Court should grant this motion and dismiss the Complaint as to the Skinny Girl Defendants.

DATED: October 27, 2011          GREENBERG TRAURIG, LLP

                                  By: */s/ Robert J. Herrington*
                                       Robert J. Herrington
                                       Attorneys for Defendants,
                                       Skinny Girl Cocktails, L.L.C. and
                                       SGC Global, L.L.C.