# Exhibit A

BEFORE THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

IN RE: SKINNYGIRL MARGARITA        MDL DOCKET NO._____
CONSUMER LITIGATION                 /

**MOTION FOR TRANSFER OF ACTIONS TO THE CENTRAL DISTRICT OF CALIFORNIA, OR IN THE ALTERNATIVE, TO THE DISTRICT OF NEW JERSEY, PURSUANT TO 28 U.S.C. §1407 FOR CONSOLIDATED OR COORDINATED PRETRIAL PROCEEDINGS**

Colette Von Kaenel ("Plaintiff Von Kaenel" or "Movant"), plaintiff in the action styled *Von Kaenel v. Skinny Girl Cocktails, LLC, et al.*, Case No. 2:11-cv-07305-JAK-PJW, pending in the United States District Court for the Central District of California, by and through the undersigned counsel, respectfully requests that the Judicial Panel on Multidistrict Litigation enter an Order pursuant to 28 U.S.C. §1407 and Rule 7.2 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation consolidating or coordinating for pretrial proceedings the putative class actions set forth in the accompanying Schedule of Actions (hereinafter the "Actions" and attached as Exhibit "A" to Movant's Brief in Support Thereof) to the Central District of California (or in the alternative, the District of New Jersey), as well as any other related actions that are subsequently filed.

Plaintiff Von Kaenel's case was filed and is currently pending in the Central District of California before the Honorable John A. Kronstadt. Subsequently, Plaintiff Stewart filed an

1

Action in the District of New Jersey, which is pending before the Honorable Noel L. Hillman. Plaintiff seeks transfer of this multi-district litigation ("MDL") to the Honorable John A. Kronstadt or the Honorable Noel L. Hillman. The grounds for this motion are fully articulated in the accompanying Brief in Support, which are summarized as follows:

1. All of the Actions concern the manufacture, marketing, distribution, and sale of the Skinnygirl™ Margarita beverage product ("Skinnygirl") by Defendants. Specifically, the Actions seek relief relating to Defendants' manufacturing, distributing, and marketing Skinnygirl as being "All Natural" and containing "no preservatives," even though the beverage product contains synthetic sodium benzoate.

2. Each of the Actions were filed during the third quarter of 2011, in different federal jurisdictions:

    (a) *Von Kaenel v. Skinny Girl Cocktails, LLC, et al.*, No. 2:11-cv-07305-JAK-PJW (C.D. Cal.);

    (b) *Bonar v. Beam Global Spirits & Wine, Inc.*, No. 3:11-cv-02058-IEG-NLS (S.D. Cal.);

    (c) *Greene v. Skinny Girl Cocktails, LLC, et al.*, No. 0:11-cv-61965-KMW (S.D. Fla.);

    (d) *Sims and McManus v. Beam Global Spirits & Wine, Inc.*, No. 1:11-cv-06403 (N.D.Ill.);

    (e) *Jernigan v. Beam Global Spirits & Wine, Inc., et al.*, No. 3:11-cv-00842-DRH-PMF (S.D. Ill.);

    (f) *Stewart v. Beam Global Spirits & Wine, Inc., et al.*, No.1:11-cv-05149-NLH-KMW (D.N.J.); and

    (g) *Rapcinsky and Baker v. Skinnygirl Cocktails, L.L.C., et al.*, No. 1:11-cv-06546-JPO (S.D.N.Y.).[1]

---

[1] Please note that as of the time of filing this Motion, the *Rapcinsky and Baker v. Skinnygirl Cocktails, L.L.C., et al.* Complaint was not available. Once a copy has been procured, Movant will amend her Schedule of Actions to add the same.

3. Each of the Actions, allege, among others, a central class action claim for breach of warranty and consumer deception, and concern the same questions of fact, including but not limited to:

    a) whether Defendants label, advertise and represent Skinnygirl™ Margarita as "All Natural;"

    b) whether the sodium benzoate used in Skinnygirl™ Margarita is a synthetic ingredient;

    c) whether Defendants' "All Natural" labeling of the Skinnygirl™ Margarita is false and misleading and reasonably likely to deceive class members and/or the general public;

    d) whether Defendants breached express warranties;

    e) whether Plaintiff is entitled to declaratory and/or injunctive relief; and

    f) the appropriate measure of damages (including punitive damages), restitutionary disgorgement and/or restitution.

4. Because the claims filed in all of the Actions involve common issues of fact and common claims, overlapping putative classes, and generally the same defendants, the Actions should be transferred to a single district for coordination and/or consolidation of pretrial proceedings.

5. Transfer of the Actions to the Central District of California, or in the alternative, the District of New Jersey, would best serve the convenience of the parties and witnesses and promote the just and efficient resolution of all the Actions. The Central District of California is particularly appropriate because:

    (a) the Central District of California has the resources and requisite experience to handle MDL consolidation;

(b) the Central District of California currently has 14 MDL cases pending, none of which are assigned to Judge Kronstadt;[2]

(c) the Central District of California is a highly efficient jurisdiction; and

(d) the Central District of California is convenient to all parties and witnesses for travel purposes.

6. Likewise, the District of New Jersey currently has 14 pending MDL actions. Although Judge Hillman does not currently have any MDL actions on his docket, he has the requisite experience to handle MDL consolidation as he recently oversaw and expeditiously resolved *In re Pet Food Products Liability Litigation,* MDL No. 1850 (D.N.J.)

7. If the Actions are not transferred and consolidated, the parties and courts will face the burden and expense of litigating claims involving overlapping putative classes in multiple judicial districts.

WHEREFORE, Plaintiff Von Kaenel respectfully requests that the Panel enter an Order pursuant to 28 U.S.C. §1407 consolidating or coordinating for pretrial proceedings the putative class actions set forth in the accompanying Schedule of Actions to the Central District of California, (or in the alternative, the District of New Jersey), as well as any other related actions that are subsequently filed.

---

[2] See MDL Statistics Report—Distribution of Pending MDL Dockets, dated September 15, 2011, available at http://www.jpml.uscourts.gov/Pending_MDL_Dockets-By-District-September-2011.pdf (last visited September 22, 2011).

4

| | | |
|---|---|---|
| Dated: September 22, 2011 | By: | /s/ Jennifer W. Johnson |

Jennifer Weber Johnson
R. Dean Gresham
**GRESHAM PC – ATTORNEYS AT LAW**
2311 Cedar Springs Rd., Suite 200
Dallas, TX 75219
dgresham@greshampc.com
jjohnson@greshampc.com
Tel: (214) 420-9995
Fax: (214) 526-5525

Daniel R. Tamez, Esq.
**GNAU & TAMEZ LAW GROUP, LLP**
1010 Second Avenue, Suite 1750
San Diego, CA 92101
danieltamez@sdinjuryattorney.com
Tel: (619) 446-6736
Fax: (619) 793-5215

Nabil Majed Nachawati, II
**FEARS | NACHAWATI LAW FIRM**
4925 Greenville Avenue, Suite 715
Dallas, TX 75206
mn@fnlawfirm.com
Tel: (214) 890-0711
Fax: (214) 890-0712

**Attorneys for Plaintiff Colette Von Kaenel**