

```
FILED
CLERK, U.S. DISTRICT COURT

12-15-11

CENTRAL DISTRICT OF CALIFORNIA
BY: SB          DEPUTY
```

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: SKINNYGIRL MARGARITA BEVERAGE
MARKETING AND SALES PRACTICES LITIGATION         MDL No. 2306
    2:11-cv-07305-JAK-PJW
    Colette Von Kaenel v. Skinny Girl Cocktails LLC et al

## ORDER DENYING TRANSFER

      **Before the Panel:** Pursuant to 28 U.S.C. § 1407, plaintiff in the Central District of California action seeks centralization of six actions pending in six districts as listed on Schedule A.[1] Moving plaintiff seeks centralization in the Central District of California or, in the alternative, the District of New Jersey.

      All plaintiffs support centralization but disagree on the appropriate transferee district. Plaintiff in the Southern District of California action supports the motion for centralization. Plaintiffs in the Northern District of Illinois, Southern District of Illinois and Southern District of Florida actions support centralization in either the Central District of California or the District of New Jersey, or, in the alternative, the Southern District of Florida. Plaintiffs in the District of New Jersey action support centralization in the District of New Jersey. Plaintiff in the Northern District of Illinois related action suggests centralization in the Northern District of Illinois or, in the alternative, the Southern District of New York. Similarly, plaintiffs in the Northern District of Illinois related action suggests centralization in the Southern District of New York or, in the alternative, the Northern District of Illinois.

      All defendants – Beam Global Spirits & Wine, L.L.C., Jim Beam Brands Co., and Beam Inc., (collectively Beam); Skinny Girl Cocktails, L.L.C., and S.G.C. Global L.L.C. (collectively Skinny Girl Cocktails); and Bethenny Frankel – oppose the motion. If the Panel grants the motion over their objections, the defendants support centralization in the District of New Jersey.

      Here, the Panel is not persuaded that Section 1407 centralization is necessary for the convenience of the parties and witnesses or for the just and efficient conduct of this litigation at this time. These putative nationwide class actions may share some factual questions regarding the defendants' marketing practices, but the central allegation that Skinnygirl Margarita beverage was marketed as being all natural despite some level of sodium benzoate appears to be undisputed, and plaintiffs have failed to detail how

---

[1] In addition to the actions encompassed by the motion, the parties have notified the Panel of a related action filed in the District of New Mexico.

- 2 -

pretrial proceedings would benefit from centralization. Consequently, the common material disputed facts may be limited in number.

In addition, centralization may not prevent either conflicting or multiple rulings, because plaintiffs bring their claims under the laws of different states. Under some state laws, the state of mind or reliance by individual purchasers may be a critical factor; in others it may not. These issues would not involve common discovery. Finally, that all defendants uniformly oppose centralization is a factor which is quite influential where other factors do not strongly favor centralization.

Earlier this year, the Panel denied centralization in MDL No. 2248 – In re: Nutella Marketing and Sales Practices Litigation even though the common defendant, and eventually all plaintiffs, supported centralization. The Panel found that the shared factual questions regarding the common defendant's marketing practices – namely, alleged misrepresentations of Nutella as a healthy and nutritious food – did "not appear complicated." *See In re Nutella Mktg. and Sales Practices Litig.*, --- F.Supp.2d ----, 2011 WL 3648485, (J.P.M.L. Aug. 16, 2011). Similarly, the Panel denied centralization in MDL No. 2026 – In re: AriZona Beverage Co. Products Marketing and Sales Practices Litigation. The Panel found that the factual questions surrounding whether the defendants deceptively marketed their beverage products as being all natural when those beverages contain high fructose corn syrup did not appear to be sufficiently complex or numerous to warrant centralization. *See In re AriZona Beverage Co. Products Mktg. and Sales Practices Litig.*, 609 F. Supp. 2d 1369 (J.P.M.L. 2009). A similar outcome is appropriate here.

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| | |
|---|---|
| Kathryn H. Vratil | W. Royal Furgeson, Jr. |
| Barbara S. Jones | Paul J. Barbadoro |
| Marjorie O. Rendell | Charles R. Breyer |

**IN RE: SKINNYGIRL MARGARITA BEVERAGE
MARKETING AND SALES PRACTICES LITIGATION**                MDL No. 2306

## SCHEDULE A

<u>Central District of California</u>

Colette Von Kaenel v. Skinny Girl Cocktails, LLC, et al., C.A. No. 2:11-07305

<u>Southern District of California</u>

Renata Bonar v. Beam Global Spirits & Wine, Inc., et al., C.A. No. 3:11-02058

<u>Southern District of Florida</u>

Regina Greene v. Skinny Girl Cocktails, LLC, et al., C.A. No. 0:11-61965

<u>Northern District of Illinois</u>

Jeanna Sims, et al. v. Beam Global Spirits & Wine, Inc., C.A. No. 1:11-06403

<u>Southern District of Illinois</u>

Todd Jernigan v. Beam Global Spirits & Wine, Inc., et al., C.A. No. 3:11-00842

<u>District of New Jersey</u>

Maureen Stewart, et al. v. Beam Global Spirits & Wine, Inc., et al., C.A. No. 1:11-05149