1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| COLETTE VON KAENEL, | ) | CASE NO. LA CV11-07305 JAK (PJWx) |
| | ) | |
| Plaintiff/s, | ) | **ORDER SETTING RULE 16(b)** |
| | ) | **SCHEDULING CONFERENCE** |
| v. | ) | |
| | ) | |
| | ) | **Date:   January 30, 2012** |
| SKINNY GIRL COCKTAILS, LLC, et al., | ) | **Time:   1:30 p.m.** |
| | ) | |
| | ) | **Joint Report Due: January 20, 2012** |
| Defendant/s. | ) | |
| _____ | ) | |

19    This case has been assigned to Judge John A. Kronstadt.  This Order applies to all
20  parties in this action, whether or not they are represented by counsel.  "Counsel" as used
21  in this Order, also refers to parties who are representing themselves.  If plaintiff has not
22  already served the complaint (or any amendment thereto) on each defendant, plaintiff
23  shall promptly do so and shall file proofs of service within three days thereafter.
24  Defendant(s) also shall timely serve and file their responsive pleadings and file proofs of
25  service within three days thereafter.
26    This matter is set for a scheduling conference on the above date.  The conference
27  will be held pursuant to Fed.R.Civ.P. 16(b).  The parties are reminded of their
28  obligations under Fed.R.Civ.P. 26(a)(1) to disclose information (without awaiting a
discovery request) and under R. 26(f) to confer on a discovery plan not later than twenty-

one (21) days prior to the scheduling conference and to file a report with the Court entitled "Joint Rule 16(b) Report" not later than fourteen (14) days after they confer. Please comply with these requirements; it will simplify the Scheduling Conference.

The Court encourages counsel to begin to conduct discovery actively before the Scheduling Conference. The Court encourages prompt, early discovery because at the Scheduling Conference the Court will set firm deadlines to complete discovery.   Even if there is no agreement to conduct discovery prior to the Scheduling Conference, the parties shall comply fully with the letter and spirit of Fed.R.Civ.P. 26(a) and thereby obtain and produce most of what would be produced in the early stage of discovery.

**1.    <u>Joint Rule 16(b) Report.</u>**

The Joint Rule 16(b) Report, which shall be filed not later than one week before the scheduling conference,  shall be drafted by plaintiff's counsel (unless the parties agree otherwise or unless plaintiff is self-represented, in which case defendant's counsel), but shall be submitted and signed jointly.  "Jointly" contemplates a single report, regardless of how many separately-represented parties there are.  The Joint Rule 16(b) Report shall report on all matters enumerated below, which include those required to be discussed by Rule 26(f) and Local Rule 26. The Joint Rule 26(f) Report should set forth the following information under section headings corresponding to those in this Order:

a.       <u>Statement of the case</u>: A short synopsis (not to exceed two pages) of the main claims, counterclaims, and affirmative defenses.

b.       <u>Subject matter jurisdiction</u>: A statement of the specific basis of federal jurisdiction, including supplemental jurisdiction.

c.       <u>Legal issues</u>: A brief description of the key legal issues, including any unusual substantive, procedural or evidentiary issues.

d.       <u>Parties, and Non-Party Witnesses</u>: A list of parties and percipient witnesses on the main issues in the case.  For conflict purposes,

1    corporate parties must identify all subsidiaries, parents, and

2    affiliates.

3    e.    <u>Damages</u>: The realistic range of provable damages.

4    f.    <u>Insurance</u>: Whether there is insurance coverage.

5    g.    <u>Motions</u>: A statement of the likelihood of motions seeking to add

6    other parties or claims, file amended pleadings or transfer venue.

7    h.    <u>Manual for Complex Litigation</u>: Whether all or part of the

8    procedures of the Manual for Complex Litigation should be utilized.

9    i.    <u>Status of Discovery</u>: A discussion of the present state of discovery,

10    including a summary of completed discovery.

11    j.    <u>Discovery Plan</u>: A detailed discovery plan, as contemplated by Rule

12    26(f), including the identity of all anticipated deponents and dates

13    by which their depositions are to be completed (if possible),

14    anticipated written discovery requests, including requests for

15    admission, document requests, and interrogatories, and a schedule

16    for completion of all discovery.  State what, if any, changes in the

17    disclosures under Rule 26(a) should be made, the subjects on which

18    discovery may be needed and whether discovery should be

19    conducted in phases or limited in some manner, whether applicable

20    limitations should be changed or other limitations imposed, and

21    whether the Court should enter other orders.  Please note that a

22    statement to the effect that discovery will be conducted as to all

23    claims and defenses, will not satisfy this requirement.

24    k.    <u>Discovery cut-off</u>: A proposed discovery cut-off date.   This means

25    the final day for completion of non-expert discovery, including

26    resolution of all discovery motions.

27

28

3

1        l.       <u>Expert discovery</u>: Proposed dates for expert witness disclosures

2                     (initial and rebuttal) and expert discovery cut-off under Rule

3                     26(a)(2).

4        m.     <u>Dispositive motions</u>: A description of the issues or claims that any

5                     party believes may be determined by motion for summary judgment

6                     or motion *in limine*.

7        n.      <u>Settlement</u>: A statement of what settlement discussions or written

8                     communications have occurred (excluding any disclosure or

9                     discussion of the substantive matters or terms discussed) and a

10                  statement pursuant to Local Rule 16-15.4 about selecting a

11                  settlement mechanism under that Rule.  If a case is selected for the

12                  ADR  Program, the parties may choose  private mediation at their

13                  own expense. No case will proceed to trial unless all parties with

14                  full authority to settle the case – including, as to each corporate

15                  party, an officer who has such authority –  have appeared personally

16                  at a settlement conference.

17       o.      <u>Trial estimate</u>: A realistic estimate of the time required for trial and

18                  whether trial will be by jury or by the Court.  Each side should

19                  specify (by number, not by name) how many witnesses it

20                  contemplates calling.  If the time estimate for trial given in the Joint

21                  Rule 26(f) Report exceeds five court days, counsel shall be prepared

22                  to discuss in detail the estimate.

23       p.      <u>Trial counsel</u>: The name(s) of the attorney(s) who will try the case,

24                  including those will be lead trial counsel.

25       q.      <u>Independent Expert or Master</u>: Whether this is a case in which the

26                  Court should consider appointing a Master pursuant to Rule 53 or

27                  an independent scientific expert.

28

r.    <u>Timetable</u>: Please complete the Schedule of Pretrial and Trial Dates form attached as Exhibit A to this Order and attach it to the Joint Rule 26(f) Report**.**  The entries in the "Weeks Before Trial" column reflect what the Court believes are appropriate for most cases and will allow the Court to rule on potentially dispositive motions sufficiently far in advance of the pretrial conference.  The form is designed to enable counsel to ask the Court to set different last dates by which the key requirements must be completed.  Each side should fill in the month, day, and year it requests for each event.  *E.g.*, for the expert discovery cut-off it might be "10/7/12" for plaintiff and "10/28/12" for defendant, if they cannot agree. Each entry proposing a Court date shall be on a Monday, except the trial date, which will be a Tuesday.  Counsel should ensure that requested dates do not fall on a court holiday.  At the conference, the Court will review this form with counsel in determining the dates that will be set in the case.  The cut-off date for motions is the last date on which motions may be heard, not filed.  The Court is not likely to continue this date, and will not do so unless the trial date is also continued.  Following the Scheduling Conference, the Court will issue an "Order on Court/Jury Trial."  This Order will set forth all pre-trial and trial obligations of counsel, and, where applicable, the deadlines for each.

s.    <u>Other issues</u>: A statement of any other issues affecting the status or management of the case (*e.g.*, unusually complicated technical or technological issues, disputes over protective orders, extraordinarily voluminous document production, non-English speaking witnesses, ADA-related issues, discovery in foreign jurisdictions) and any

1    proposals concerning severance, bifurcation, or other ordering of
2    proof.
3    t.    Patent Cases:  Propose dates and methodology for claim
4    construction and *Markman* hearings.
5    u.    **Do the parties wish to have a Magistrate Judge preside?**  Under
6    28 U.S.C. § 636, the parties may consent to have a Magistrate Judge preside
7    over all the proceedings, not just discovery.  They may select any Magistrate
8    Judge (not just the one assigned to this case) from among those Magistrate
9    Judges who accept these designations.  (They are identified on the Central
10   District's website, which also contains the consent form.)
11   **2.    Scheduling Conference.**  The Scheduling Conference will be held in Courtroom
12   750 of the Roybal Federal Courthouse at 255 East Temple Street.  Counsel shall comply
13   with the following with respect to the Scheduling Conference:
14   a.    Participation.  The lead trial attorney for each party shall attend the
15   Scheduling Conference unless such counsel is engaged in trial, on
16   vacation, or excused for good cause following a written request
17   addressed to the  Clerk in advance of the Scheduling Conference.
18   b.    Continuance.  A continuance of the Scheduling Conference will be
19   granted only for good cause, following a written request addressed
20   to the  Clerk in advance of the Scheduling Conference.
21   c.    Use of Conference Telephone.  In general , the Court prefers in-
22   person appearances. However, if one or more of the lead counsel
23   has his or her office outside of Los Angeles County, or under other
24   appropriate circumstances, the Court may, upon the request of one
25   or more counsel, conduct the status conference by conference
26   telephone call.  Please contact the court clerk at (213) 894-2156 to
27
28

6

1           request approval of,  and to receive details about, a  call-in

2           appearance.

3   **3.**     <u>**Protective Orders.**</u>  If you seek a protective order, please use your best efforts to

4   propose it to opposing counsel before the Scheduling Conference.

5   **4.**     <u>**Notice to be Provided by Counsel.**</u>  Plaintiff's counsel or, if plaintiff is self-

6   represented*,* defendant's counsel, shall serve this Order on any parties who first appear

7   after the date of this Order and to parties who are known to exist but have not yet entered

8   appearances.

9   **5.**     <u>**Disclosures to Clients.**</u>  Counsel are ordered to deliver to their respective clients

10  a copy of this Order and of the Court's Scheduling and Case Management Order, which

11  will set forth the schedule that the Court establishes at the Scheduling Conference.

12  **6.**     <u>**Court's Website.**</u>  A copy of this order is available on the Central District of

13  California website, at "www.cacd.uscourts.gov," under "Judge's Requirements."

14          The Court thanks the parties and their counsel for their anticipated cooperation in

15  carrying out these requirements.

16

17          **IT IS SO ORDERED.**

18

19  Dated:   December 16, 2011

                       JOHN A. KRONSTADT
                       United States District Judge

20

21

22  Copies to: All Counsel of Record

23

24

25

26

27

28

## SCHEDULE OF PRETRIAL AND TRIAL DATES

| Case No.: | |
|---|---|
| Case Name: | |

| Matter | Plaintiff(s) Request | Defendant(s) Request | Court Order |
|---|---|---|---|
| [  ] Jury Trial  [   ] Court Trial: **(Tuesday at 9:00 a.m.)**<br><br>Duration Estimate: | | | |
| Status Conference re Exhbits:  **(Friday at 3:00 p.m.)**<br><br>Friday before the trial date | | | |
| Final Pretrial Conference: **(Monday at 3:00 p.m.)**<br><br>2 weeks before the trial | | | |
| Status Conference re Settlement: **(Monday at 1:30 p.m.)**<br><br>30 days before the cut-off date | | | |

| Matter | Weeks Before Trial | Plaintiff(s) Request | Defendant(s) Request | Court Order |
|---|---|---|---|---|
| Last Date to Amend Pleadings/Add Parties | | | | |
| Non-Expert Discovery Cut-Off | 16 | | | |
| Expert Disclosure (initial) | 15 | | | |
| Expert Disclosure (rebuttal) | 11 | | | |
| Last Date to Conduct Settlement Conference | 10 | | | |
| Expert Discovery Cut-Off | 8 | | | |
| Last Date to Hear Motions | 8 | | | |

| | | |
|---|---|---|
| Settlement Procedure Selection (ADR-01):<br>1. Magistrate Judge<br>2. Attorney Settlement Officer Panel<br>3. Outside ADR/Non-Judicial | | |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28