ROBIN D. BALL (State Bar No. 159698)
rball@chadbourne.com
SUSAN M. ST. DENIS (State Bar No. 149636)
sst.denis@chadbourne.com
CHADBOURNE & PARKE LLP
350 South Grand Avenue, 32nd Floor
Los Angeles, CA  90071
Telephone:   (213) 892-1000
Facsimile:    (213) 892-2045

DONALD I STRAUBER (Adm. Pro Hac Vice)
dstrauber@chadbourne.com
MARY T. YELENICK (Adm. Pro Hac Vice)
myelenick@chadbourne.com
CHADBOURNE & PARKE LLP
30 Rockefeller Plaza
New York, NY  10112
Telephone:   (212) 408-5100
Facsimile:    (212) 541-5369

Attorneys for Defendants
BEAM GLOBAL SPIRITS & WINE, INC. and
JIM BEAM BRANDS CO.

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| COLETTE VON KAENEL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SKINNY GIRL COCKTAILS, L.L.C., SGC GLOBAL, L.L.C., BEAM GLOBAL SPIRITS & WINE, INC. and JIM BEAM BRANDS CO.,<br><br>Defendants. | Case No.  LA CV11-7305 JAK (PJW)<br><br>**JOINT RULE 26(f) REPORT**<br><br>Date:          January 30, 2012<br>Time:         1:30 p.m.<br>Ctrm:         750<br>Judge:        Hon. John A. Kronstadt<br><br>Initial Complaint Filed:  Sept. 6, 2011 |

(Counsel for additional parties listed on following page)

JOINT RULE 26(F) REPORT

CPAM: 4443724.2

CHADBOURNE & PARKE LLP
350 South Grand Avenue, 32nd Floor
Los Angeles, CA 90071 (213) 892-1000

1   NABIL M. NACHAWATI, II (Adm. Pro Hac Vice)
    mn@fnlawfirm.com
2   FEARS NACHAWATI LAW FIRM PLLC
    4925 Greenville Avenue, Suite 715
3   Dallas, TX 75206
    Telephone: (214) 890-0711
4   Facsimile: (214) 890-0712

5   CULLIN A. O'BRIEN (Adm. Pro Hac Vice)
    cobrien@rgrdlaw.com
6   MARK J. DEARMAN (Adm. Pro Hac Vice)
    mdearman@rgrdlaw.com
7   STUART A. DAVIDSON (Adm. Pro Hac Vice)
    sdavidson@rgrdlaw.com
8   ROBBINS GELLER RUDMAN & DOWD LLP
    120 East Palmetto Park Road, Suite 500
9   Boca Raton, FL 33432
    Telephone: (561) 750-3000
10  Facsimile: (561) 750-3364

11  R. DEAN GRESHAM (Adm. Pro Hac Vice)
    dgresham@greshampc.com
12  JENNIFER WEBER JOHNSON (Adm. Pro Hac Vice)
    jjohnson@greshampc.com
13  GRESHAM PC
    2311 Cedar Springs Road, Suite 200
14  Dallas, TX 75201
    Telephone: (214) 420-9995
15  Facsimile: (214) 526-5525

16  DANIEL ROMAN TAMEZ
    danieltamez@sdinjuryattorney.com
17  GNAU & TAMEZ LAW GROUP LLP
    1010 Second Avenue, Suite 1750
18  San Diego, CA 92101
    Telephone: (619) 446-6736
19  Facsimile: (619) 793-5215

20  Attorneys for Plaintiff COLETTE VON KAENEL

21  RICKY L. SHACKELFORD
    shackelfordr@gtlaw.com
22  ROBERT J. HERRINGTON
    herringtonr@gtlaw.com
23  MATTHEW R. GERSHMAN
    gershmanm@gtlaw.com
24  GREENBERG TRAURIG LLP
    2450 Colorado Avenue, Suite 400 East
25  Santa Monica, CA 90404
    Telephone: (310) 586-7700
26  Facsimile: (310) 586-7800

27  Attorneys for Defendants
    SKINNY GIRL COCKTAILS, L.L.C. and SGC
28  GLOBAL, L.L.C.

JOINT RULE 26(F) REPORT

CPAM: 4443724.2

In accordance with Rule 26(f) of the Federal Rules of Civil Procedure and the Court's "Order Setting Rule 16(b) Scheduling Conference" entered December 16, 2011 (Dkt. No. 38), the undersigned counsel for Plaintiff Colette Von Kaenel, and Defendants Beam Global Spirits & Wine LLC, formerly known as Beam Global Spirits & Wine, Inc., Jim Beam Brands Co., Skinny Girl Cocktails, L.L.C. and SGC Global, L.L.C. (collectively, "Defendants" and together with Plaintiff, the "Parties") hereby submit their Joint Report:

**a.      Statement of the Case:**

**1.      *Plaintiff's Position***

This is a class action case brought on behalf of a nationwide class of consumers who purchased Defendants' Skinnygirl™ Margarita beverage product beginning January 1, 2009 through the present which purports to be "All Natural" and containing "no preservatives." Plaintiff alleges that through an extensive and comprehensive campaign, Defendants have conveyed a misleading and deceptive message: Skinny Girl Margarita is All Natural. Defendants' advertising and marketing campaign is designed to cause consumers to buy Skinny Girl Margarita as a result of this deceptive message, and Defendant has succeeded. Plaintiff contends that the beverage product actually contains sodium benzoate, a synthetic (and potentially carcinogenic) preservative found in many diet sodas, and therefore it is not truly "All Natural" as advertised. Plaintiff alleges that Defendants were aware that their Skinnygirl™ Margarita beverage product contained a non-natural preservative, yet continued to misrepresent the product as being "All Natural" and preservative free.

In light of the "All Natural" misrepresentation on the Skinnygirl™ Margarita product's label and the "no preservatives" representation, Plaintiff maintains that a reasonably prudent consumer would certainly not normally expect the product to contain sodium benzoate, a synthetic preservative. As a result of disseminating this false, deceptive, and misleading labeling and marketing, Plaintiff believes that

1  Defendants were able to sell this purportedly "All Natural" and "no preservatives"
2  product to thousands of unsuspecting consumers in California and throughout the
3  United States and profited greatly from these transactions.
4        Plaintiff alleges that Defendants' actions are in violation of California
5  Business & Professions Code § 17500, *et seq.*, California Business & Professions
6  Code § 17200, *et seq.*, California Civil Code § 1750, *et seq.*, and amount to
7  common law fraud, breach of express warranty and quasi-contract/unjust
8  enrichment.  Plaintiff seeks monetary damages, reasonable attorneys' fees, costs of
9  suit, and pre-judgment interest.  Plaintiff also seeks declaratory and injunctive relief
10 in the form of an order requiring Defendants to issue a recall of the product and to
11 re-label the product with accurate information.

### 2. *Beam Defendants' Position*

13       The causes of action asserted by Plaintiff in her complaint are without merit.
14 The statements made by Defendants Beam Global Spirits & Wine LLC, and Jim
15 Beam Brands Co. ("Beam Defendants") with regard to "Skinnygirl Margarita," are
16 neither false nor misleading.  Plaintiff and the putative class members are not
17 entitled to any damages or other relief.
18       The "Skinnygirl Margarita" product, a product line which the Beam
19 Defendants purchased in March, 2011, is a 25.4 proof (12.7-percent alcohol) pre-
20 mixed alcoholic beverage.  "Skinnygirl Margarita" was developed and marketed as
21 a lower-calorie alternative to other prepared margarita mixes on the market.
22 "Skinnygirl Margarita" developed a following among consumers looking for a
23 lower-calorie margarita that tastes very good.  The product contains blue agave
24 tequila and is sweetened with agave nectar.  It also contains natural flavors and
25 caramel color.
26       Adult consumers choose "Skinnygirl Margarita" for a number of reasons,
27 including its taste and its low-calorie count.  Plaintiff alleges that the presence of
28 any sodium benzoate would render the product "not truly" all natural.  Beam

CHADBOURNE & PARKE LLP
350 South Grand Avenue, 32nd Floor
Los Angeles, CA 90071 (213) 892-1000

1  Defendants dispute this claim.  Moreover, Plaintiff does not, and cannot, explain
2  how such alleged presence caused her any injury.

### 3. *Skinny Girl Defendants' Position*

Defendants Skinny Girl Cocktails, L.L.C. and SGC Global, L.L.C. ("Skinny Girl Defendants") have filed a Motion to Dismiss Plaintiff's claims. Skinny Girl Defendants contend that a dismissal is warranted because the complaint is grounded in fraud and Plaintiff's causes of action fail to satisfy the heightened pleading requirements of Rule 9(b). Skinny Girl Defendants further maintain that the breach of express warranty claim fails because the complaint fails to allege the exact terms of the alleged warranty, and the unjust enrichment "claim" fails because it is not a claim at all. Skinny Girl Defendants deny that they have any liability to Plaintiff for any actions or purchases of Skinnygirl Margarita that occurred after sale of the product to the Beam Defendants. In addition, Skinny Girl Defendants join the statement of the case provided by Beam Defendants (*see supra*, § (a)(2)).

**b.**   **Subject matter jurisdiction:**

Plaintiff states that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d).  One or more members of the putative class of plaintiffs are citizens of States different from each defendant.  Plaintiff further states that, upon information and belief, the total number of members of the proposed Class is greater than 100 and the matter in controversy exceeds the aggregate sum of $5,000,000, exclusive of interest and costs.  Accordingly, Plaintiff contends that diversity of citizenship exists under the Class Action Fairness Act ("CAFA"), as required by 28 U.S.C. § 1332(d)(2)(A).  Upon information and belief, Plaintiff also states that, based upon Defendants' sales of the Skinnygirl™ Margarita product through thousands of retail stores nationwide, more than two-thirds of all members of the proposed Class are citizens of a State other than California.

///

CHADBOURNE & PARKE LLP
350 South Grand Avenue, 32nd Floor
Los Angeles, CA  90071 (213) 892-1000

1  Defendants state that, if taken as true, the allegations contained in the
2  complaint satisfy the jurisdictional requirements of CAFA.

3  **c.   Legal issues:**

4  The Parties agree that this case will center on the six "causes of action"
5  alleged in the complaint — (1) common law fraud, (2) false advertising under
6  California Bus. & Prof. Code § 17500, *et seq*., (3) violations of the Unfair
7  Competition Law (Cal. Bus. & Prof. Code § 17200, *et seq*.), (4) violations of the
8  Consumers Legal Remedies Act (Cal. Civ. Code § 1750, *et seq*.), (5) breach of
9  express warranty, and (6) "unjust enrichment" — and the affirmative defenses
10 asserted by Defendants.  With regard to these claims, the Parties believe that the
11 principal issues that will require resolution, include a determination of whether the
12 alleged representations by Defendants were false or misleading, whether the
13 representations led to an ascertainable loss and, if so, how the alleged
14 representations were the proximate cause of that loss, how to determine questions
15 related to individual proof of damages, the propriety of class certification, the
16 choice of law to be applied to the causes of action in the complaint, and whether the
17 California state law can properly be applied to occurrences that allegedly took place
18 outside of the State.

19 The Parties are not aware of any unusual substantive, procedural, or
20 evidentiary issues at this time.

21 **d.   Parties, and Non-Party Witnesses:**

22 **1.   *Plaintiff***

23 Colette von Kaenel, an individual consumer residing in Los Angeles County,
24 California.

25 **2.   *Beam Defendants***

26 Defendant Beam Global Spirits & Wine LLC and Defendant Jim Beam
27 Brands Co. state that Jim Beam Brands Co. is a wholly owned subsidiary of Beam
28 ///

- 4 -

JOINT RULE 26(F) REPORT

CPAM: 4443724.2

1  Global Spirits & Wine LLC and that Beam Global Spirits & Wine LLC is a wholly
2  owned subsidiary of Beam Inc.

3      **3.**  *Skinny Girl Defendants*

4      Defendant Skinny Girl Cocktails, L.L.C. and Defendant SGC Global, L.L.C.
5  state that they do not have a corporate parent.

6  **e.**  **Damages:**

7      Plaintiff seeks damages utilizing either the refund analysis theory or the price
8  premium theory. According to the refund theory, the amount paid for Skinny Girl
9  Margarita is multiplied by the number of class members. Alternatively, the price
10 premium analysis is conducted based on the number of class members multiplied
11 by the difference in cost between Skinny Girl Margarita and other products that
12 have the same ingredients and can substantiate the claims at issue. The damages
13 suffered by each individual class member likely will be relatively small, especially
14 given the relatively small cost of the Skinnygirl™ Margarita product at issue.
15 However, the total number of members of the proposed Class is likely very large
16 considering the popularity of the product at issue. The realistic range of provable
17 damages likely exceeds $5,000,000, exclusive of interest and costs.

18     Defendants state that the causes of action alleged in the complaint are
19 without merit and do not warrant any damages or relief, including restitutionary
20 relief or injunctive relief, because neither the label nor the marketing for Skinnygirl
21 Margarita was deceptive or, in any way, misleading.

22 **f.**  **Insurance:**

23     Beam Defendants and Skinnygirl Defendants state that they have purchased
24 insurance policies and have made claims under those polices, and that the insurance
25 carrier for Beam Defendants has denied coverage.

26 **g.**  **Motions:**

27     Plaintiff does not anticipate the addition of additional parties or claims at this
28 time, though until discovery commences she does not know if additional defendants

- 5 -

JOINT RULE 26(F) REPORT

CPAM: 4443724.2

1  exist or if other claims are warranted. Plaintiff may seek to amend her pleadings
2  based upon additional information obtained through discovery. No request to
3  transfer venue is anticipated by Plaintiff at this time.

4  Defendants may seek to amend their pleadings and add or modify affirmative
5  defenses based upon additional information obtained through discovery. No
6  request to transfer venue is anticipated by Defendants at this time.

7  **h.  Manual for Complex Litigation:**

8  The Parties discussed the complexity of the case, and whether all or part of
9  the procedures of the Manual For Complex Litigation (current edition) should be
10 utilized. The Parties agree that the Manual's provisions should not be binding rules
11 on the Parties. To the extent disputes should arise as to whether the Manual should
12 be followed for a particular issue, that issue should be brought to the Court at that
13 time.

14 **i.  Status of Discovery:**
15 Discovery has not yet commenced in this matter.

16 **j.  Discovery Plan:**

17 **1.  *Anticipated Deponents and Expected Deposition Completion***
18 ***Dates***

19 Plaintiff anticipates deposing a corporate representative and a marketing
20 representative for Beam Global Spirits & Wine LLC, Jim Beam Brands Co.,
21 Skinny Girl Cocktails, L.L.C., and SGC Global, L.L.C. Defendants anticipate
22 deposing Plaintiff, Colette Von Kaenel, and other third-party witnesses, whom
23 Defendants are in the process of indentifying. The Parties state that the depositions
24 will be completed by the discovery cut-off date (*see infra,* § (k)).

25 **2.  *Anticipated Written Discovery Requests***
26 Requests for Admission, Requests for Document Production and
27 Interrogatories served on all parties. The Parties state that all written discovery will
28 be completed by the discovery cut-off date (*see infra,* § (k)).

**3.     *Proposed Changes in the Disclosures Under Rule 26(a)***

The Parties state that all initial disclosures will be made by February 13, 2012.

**4.     *Subjects on Which Discovery May Be Needed and Whether Discovery Should be Conducted in Phases or Limited in Some Manner***

The Parties agree that bifurcation or phasing of discovery is not necessary at this time.

**5.     *Issues about Disclosure or Discovery of Electronically Stored Information, Including the Form or Forms in Which it Should be Produced***

The Parties are unaware of any disputed issues about disclosure or discovery of electronically stored information at this time.  Should such issues arise, the parties will endeavor to work cooperatively to resolve them before bringing disputed matters to the attention of the Court.   Furthermore, the Parties will discuss and endeavor to reach agreement about the form of production of electronic discovery in advance of such production.

**6.     *Issues About Claims of Privilege or of Protection***

Defendants intend to propose entry of a confidentiality order to protect certain confidential information, and will include in the proposed order a provision related to the inadvertent disclosure of privileged documents.

**7.     *Whether Applicable Limitations Should be Changed or Other Limitations Imposed, and Whether the Court Should Enter Other Orders***

At this time the Parties are not aware of any required modifications or limitations to the Federal Rules of Civil Procedure.

///

///

CPAM: 4443724.2

### k. Discovery Cut-Off:

The Parties propose that non-expert discovery be completed by January 29, 2013. *See* Schedule of Pretrial and Trial Dates attached hereto as Exhibit A. Unless expressly stated otherwise, all cut-off dates proposed herein indicate the dates by when discovery must be completed.

### l. Expert Discovery:

The Parties propose: (i) a deadline of February 5, 2013 for initial expert disclosures for all parties; (ii) a deadline of March 5, 2013 for rebuttal expert disclosures for all parties; and (iii) an expert discovery cutoff of March 26, 2013. *See* Schedule of Pretrial and Trial Dates attached hereto as Exhibit A.

### m. Dispositive Motions:

Plaintiff anticipates filing a Motion for Summary Judgment on her claims in this case. Plaintiffs contend that Defendants have admitted that their product actually contains synthetic sodium benzoate, a non-natural preservative, despite their representations on the bottle of the Skinnygirl™ Margarita product that the beverage is "All Natural."

Defendants dispute Plaintiff's characterization and that Plaintiff is entitled to summary judgment. Further, each Defendant anticipates filing a Motion for Summary Judgment as to one or more of the causes of action alleged by Plaintiff at such time as sufficient discovery has been completed to permit the Court to make an informed disposition of such motions.

### n. Settlement:

The Parties discussed the likelihood of settlement, whether settlement discussions have taken place or are scheduled, and which mandatory settlement procedure should be utilized under L.R. 16-15. At this time, the Parties' respective positions on settlement are not sufficiently developed to permit a productive discussion on the issue at this time and thus the Parties state that settlement is not likely at this point in the proceedings. The Parties agree to Settlement Procedure

No. 3 (Outside ADR/Non-Judicial). The Parties propose a settlement conference cutoff of May 7, 2013.

**o.** **Trial Estimate**

Plaintiff's trial estimate is 7 days. Plaintiff anticipates calling 10 witnesses. Defendants anticipate that the total trial time will require at least 15 days and anticipate calling 15 witnesses. The parties request trial by jury as to all claims for which a right to a jury trial exists. Consistent with the holdings of cases like *Dairy Queen v. Wood*, 369 U.S. 469 (1962), Defendants believe that the jury claims should be tried first.

**p.** **Trial Counsel:**

    **1.** *Plaintiff's Trial Counsel*

Mr. Nabil Majed Nachawati, II

FEARS | NACHAWATI LAW FIRM

*for Plaintiff Colette Von Kaenel*


Mr. Stuart A. Davidson

Mr. Cullin A. O'Brien

Mr. Mark Dearman

ROBBINS GELLER RUDMAN & DOWD LLP

*for Plaintiff Colette Von Kaenel*


Mr. R. Dean Gresham

GRESHAM PC – ATTORNEYS AT LAW

*for Plaintiff Colette Von Kaenel*


Mr. Daniel R. Tamez

GNAU & TAMEZ LAW GROUP, LLP

*for Plaintiff Colette Von Kaenel*

**2.** *Beam Defendants' Trial Counsel*

Mr. Donald I Strauber

Ms. Mary T. Yelenick

Mr. Robin D. Ball

CHADBOURNE & PARKE LLP

*for Beam Global Spirits & Wine LLC, and Jim Beam Brands Co.*

**3.** *Skinnygirl Defendants' Trial Counsel*

Mr. Rick L. Shackelford

Mr. Robert J. Herrington

Mr. Matthew R. Gershman

GREENBERG TRAURIG, LLP

*for Skinny Girl Cocktails, L.L.C. and SGC Global, L.L.C.*

q.  **Independent Expert or Master:**

At this time the parties do not believe that this is a case in which the Court should consider appointing a Master pursuant to Rule 53 or an independent scientific expert.

r.  **Timetable:**

Please see the "Schedule of Pretrial and Trial Dates" form attached hereto as Exhibit A.

s.  **Other Issues:**

There are no additional issues affecting the status or management of the case that the parties have identified at this time.

t.  **Patent Cases:**

Not applicable.

u.  **Do the parties wish to have a Magistrate Judge preside?**

At this time, the parties do not consent to a trial before the Magistrate Judge.

///

///

| | | |
|---|---|---|
| Dated: | January 20, 2012 | Respectfully submitted, |

/s/ Robin D. Ball
Robin D. Ball
CHADBOURNE & PARKE LLP

*Attorneys for Defendants Beam Global Spirits & Wine LLC, and Jim Beam Brands Co.*

Nabil Majed Nachawati, II
FEARS | NACHAWATI LAW FIRM

*Attorneys for Plaintiff Colette Von Kaenel*

Cullin A. O'Brien
Mark Dearman
Robbins Geller Rudman & Dowd LLP

*Attorneys for Plaintiff Colette Von Kaenel*

R. Dean Gresham
GRESHAM PC – ATTORNEYS AT LAW

*Attorneys for Plaintiff Colette Von Kaenel*

Daniel R. Tamez
GNAU & TAMEZ LAW GROUP, LLP

*Attorneys for Plaintiff Colette Von Kaenel*

Rick L. Shackelford
Robert J. Herrington
Matthew R. Gershman
GREENBERG TRAURIG, LLP

*Attorneys for Defendants Skinny Girl Cocktails, L.L.C. and SGC Global, L.L.C.*

- 11 -

JOINT RULE 26(F) REPORT

CPAM: 4443724.2

# EXHIBIT A

## SCHEDULE OF PRETRIAL AND TRIAL DATES

| Case No.: | LACV11-7305 JAK (PJW) | | | |
|---|---|---|---|---|
| Case Name: | Von Kaenel v. Skinny Girl Cocktails, L.L.C., et al. | | | |

| **Matter** | | **Plaintiff's Request** | **Defendants' Request** | **Court Order** |
|---|---|---|---|---|
| [X] Jury Trial [ ] Court Trial: (**Tuesday at 9:00am**) Duration Estimate: | | July 16, 2013 5-7 Days | July 16, 2013 15 day trial | |
| Status Conference re Exhibits: (**Friday at 3:00pm**) Friday before the trial date | | July 12, 2013 | July 12, 2013 | |
| Final Pretrial Conference: (**Monday at 3:00pm**) 2 weeks before the trial | | July 1, 2013 | July 1, 2013 | |
| Status Conference re Settlement: (**Monday at 1:30pm**) 30 days before the cut-off date | | April 8, 2013 | April 8, 2013 | |
| **Matter** | **Weeks Before Trial** | | | |
| Last Date to Amend Pleadings/Add Parties | | April 30, 2012 | April 30, 2012 | |
| Non-Expert Discovery Cut-Off | 24 | January 29, 2013 | January 29, 2013 | |
| Expert Disclosure (initial) | 23 | February 5, 2013 | February 5, 2013 | |
| Expert Disclosure (rebuttal) | 19 | March 5, 2013 | March 5, 2013 | |

JOINT RULE 26(F) REPORT

CPAM: 4443724.2

| | | | | |
|---|---|---|---|---|
| Last Date to Conduct Settlement Conference | 10 | May 7, 2013 | May 7, 2013 | |
| Expert Discovery Cut-Off | 16 | March 26, 2013 | March 26, 2013 | |
| Last Date to Hear Motions | 8 | May 21, 2013 | May 21, 2013 | |
| Last Date to File Motions | 12 | April 23, 2013 | April 23, 2013 | |
| Settlement Procedure Selection (ADR-01):<br>1. Magistrate Judge<br>2. Attorney Settlement Officer Panel<br>3. Outside ADR/Non-Judicial | | 3. Outside ADR/Non-Judicial | 3. Outside ADR/Non-Judicial | |

CHADBOURNE & PARKE LLP
350 South Grand Avenue, 32nd Floor
Los Angeles, CA 90071 (213) 892-1000