FEARS | NACHAWATI LAW FIRM
NABIL MAJED NACHAWATI, II
4925 Greenville Avenue, Suite 715
Dallas, TX 75206
Telephone: 214/890-0711
214/890-0712 (fax)
mn@fnlawfirm.com

ROBBINS GELLER RUDMAN & DOWD LLP
STUART A. DAVIDSON
CULLIN A. O'BRIEN
MARK DEARMAN
120 E. Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: 561/750-3000
561/750-3364 (fax)
pgeller@rgrdlaw.com
sdavidson@rgrdlaw.com
mdearman@rgrdlaw.com

Attorneys for Plaintiff and Proposed Interim Class Counsel

[Additional counsel appear on signature page.]

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLETTE VON KAENEL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SKINNY GIRL COCKTAILS, L.L.C., SGC GLOBAL, L.L.C., BEAM GLOBAL SPIRITS & WINE, INC., and JIM BEAM BRANDS CO.,<br><br>Defendants. | Case No. 2:11-cv-07305-JAK-PJW<br><br>PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS SKINNY GIRL COCKTAILS, L.L.C. AND SGC GLOBAL, L.L.C.'S MOTION TO DISMISS<br><br>DATE:   March 19, 2012<br>CTRM:   750<br>JUDGE:  Honorable John A. Kronstadt |

## I. INTRODUCTION

Plaintiff Colette Von Kaenel ("Plaintiff") submits this *Request for Judicial Notice* concurrently with and in support of her *Memorandum of Points and Authorities in Opposition to Defendants Skinny Girl Cocktails, L.L.C. and SGC Global, L.L.C.'s Motion to Dismiss*. As part of this Request, Plaintiff further submits the Declaration of Plaintiff's counsel, Dean Gresham, ("Gresham Decl.") attesting to the authenticity of the Exhibits below (collectively, "Exhibits").

Plaintiff's Original Class Action Complaint ("Complaint") alleges multiple common law and statutory claims against Skinny Girl and Defendants Beam Global Spirits & Wine ("Beam Global") and Jim Beam Brands Co. (together, "Beam") (all four entities, collectively, "Defendants") related to their production, marketing, advertising, labeling, and sale of "Skinnygirl Margarita," an alcoholic "ready-to-serve" beverage product. As specifically alleged in the Complaint, Plaintiff's causes of action chiefly arise out of Skinny Girl and Beam's misrepresentations that the Skinnygirl Margarita product is "All Natural" and contains "no preservatives," when in fact it contains a synthetic and unnatural preservative known as sodium benzoate.

Pursuant to Rule 201 of the Federal Rules of Evidence, and related authority below, Plaintiff respectfully requests the Court take judicial notice of the following Exhibits which are referenced in her Complaint and attached hereto:

> Exhibit A: Webpages from the Skinnygirl Margarita product website, http://skinnygirlcocktails.com/home.php and http://skinnygirlcocktails.com/about-skinnygirl-margarita.php, as they appeared on November 29, 2010, with the representations that the Skinnygirl Margarita product is "100% Natural," "all natural," and containing "no preservatives." The webpages were printed using the internet archival website, http://web.archive.org,[1] and last visited on February 8, 2012.

---

[1] The website http://web.archive.org is operated by a non-profit organization named Internet Archive based in San Francisco, California. The website enables users to see archived and past versions of web pages across various periods of time. As certain web pages are changed, altered, or updated, Internet Archive saves a copy of the previous version in its archives, which can later be accessed to view the web page as it appeared before changes were made.

| | | |
|---|---|---|
| Exhibit B: | Webpage of the Skinnygirl Margarita product website, http://skinnygirlcocktails.com/home.php, as it appeared on April 29, 2011, with the representation that the Skinnygirl Margarita product is "100% Natural." The webpage was printed using the internet archival website, http://web.archive.org, and last visited on January 16, 2012. | |
| Exhibit C: | Screenshot of Skinnygirl Margarita product website, http://skinnygirlcocktails.com/ the-cocktails/margarita, as it appeared on December 22, 2011, no longer containing the "all natural" and "no preservatives" misrepresentations in the product description, but still using a photograph of a Skinnygirl Margarita product labeled as "All Natural." | |
| Exhibit D: | March 23, 2011 press release from Beam Global's website announcing its acquisition of the Skinnygirl brand from Skinny Girl as found on Beam's website, http://www.beamglobal.com/news/press-releases/brand/skinnygirl, and last visited on February 8, 2012. | |

## II.  ANALYSIS

Generally, a court may not look beyond the four corners of the complaint in ruling on a Rule 12(b)(6) motion, with the notable exception of documents incorporated into a complaint by reference, and any relevant matters subject to judicial notice. *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). The doctrine of incorporation by reference permits the Court to consider, in the context of a Rule 12(b)(6) motion, "not only documents attached to the complaint, but also documents *whose contents are alleged in the complaint*, provided the complaint necessarily relies on the documents or contents thereof, the document's authenticity is uncontested, and the document's relevance is uncontested." *Fraley v. Facebook, Inc.*, 2011 U.S. Dist. LEXIS 145195, *15-16 (N.D. Cal. Dec. 16, 2011) (quoting *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010)) (internal quotations omitted). Moreover, under the Federal Rules of Evidence, the Court may take judicial notice of facts "not subject to reasonable dispute" where the material is either "(1) generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *Rivera v. Philip Morris, Inc.*, 395 F.3d 1142, 1151 (9th Cir. 2005).

The Court should take judicial notice of Plaintiff's Exhibits for two incontrovertible reasons: (1) the contents of the Exhibits are incorporated by reference into Plaintiff's Complaint and form the basis of Plaintiff's claims; and (2) as statements or admissions by the Defendants about the product in question and about the acquisition of the Skinnygirl brand, the authenticity and accuracy of the exhibits cannot reasonably be questioned.

### A. The Exhibits Should Be Judicially Noticed Because They Are Incorporated By Reference Into the Complaint and Form the Basis of Plaintiff's Claims

The Court should take judicial notice of the Exhibits because evidence of the publication of Defendant's misrepresentations to the public, as well as the sale of the Skinnygirl brand in 2011, are incorporated by reference in the Complaint and form the primary basis for Plaintiff's causes of action. As stated above, Plaintiff's claims against Defendants are almost entirely grounded on the alleged misrepresentations that the Skinnygirl Margarita product is "all natural" and contains "no preservatives." (Compl. at ¶¶ 1-3) Plaintiff alleges numerous times throughout the Complaint that Skinny Girl and Beam, separately and independently, made these exact same misrepresentations to the public, which fraudulently induced and mislead consumers to purchase the Skinnygirl Margarita product. Thus, the statements themselves, and the fact that they were made by or at the direction and knowledge of the Defendants, are relevant and important to Plaintiff's causes of action.

The Ninth Circuit Court of Appeals has held that courts may consider materials outside the complaint, including web pages, when the complaint necessarily relies upon them. *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (taking judicial notice of web pages incorporated by reference into the complaint); *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998); *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994)*, overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1127 (9th Cir. 2002). Numerous federal district courts in California have followed this line of reasoning and taken judicial notice of websites, images, videos, documents, and other materials incorporated by reference into a complaint. *See Baltazar v. Apple*, 2011 U.S. Dist. LEXIS

96140, *3-4 n.2 (N.D. Cal. Aug. 26, 2011) (taking judicial notice of copies of television commercial and web video referenced in plaintiff's complaint); *Fraley v. Facebook, Inc.*, 2011 U.S. Dist. LEXIS, at *16 (taking judicial notice of website's "Statement of Rights and Responsibilities" where plaintiff cited the material in the complaint); *In re Facebook PPC Adver. Litig.*, 2010 U.S. Dist. LEXIS 136505, *11-12 (N.D. Cal. Dec. 15, 2010) (taking judicial notice of "exemplary screen shot" of a web page where the complaint referenced the website and its authenticity was not challenged).

Here, Exhibits A, B, and C provide examples of Defendants' misrepresentations that the Skinnygirl Margarita product is "all natural" (or "100% natural") and contains "no preservatives." These very same claims are referenced extensively throughout the Complaint. (Compl. at ¶¶ 1-5, 21-24, 26-29, 33, 39-43, 45, 58, 63, 65, 77, 81)  Exhibit D, a press release announcing Beam Global's acquisition of the Skinnygirl brand from Skinny Girl in March 2011, is likewise incorporated by reference because the Complaint cites and refers to the sale of the Skinnygirl brand to Beam Global in 2011 and Jim Beam Brands, Co.'s ownership of the Skinnygirl trademark at least three separate times. (Compl. at ¶¶ 7, 9, 10) As statements and facts expressly cited and referenced by Plaintiff's Complaint, judicial notice of these materials is appropriate.

Further, Plaintiff's causes of action "necessarily rely" on the statements and facts found in these materials. *Knievel v. ESPN*, 393 F.3d at 1076.  The fact that the Defendants, separately and independently, made the statements that the Skinnygirl Margarita products are "all natural" and contain "no preservatives" is the foundation of their liability.  Indeed, "the primary evidence in a false advertising case is the advertising itself." *Brockey v. Moore*, 131 Cal. Rptr. 2d 746, 756 (Cal. Ct. App. 2003).  Thus, the advertisements containing the misrepresentations are essential evidence in this case and should be judicially noticed.

Exhibit D should be judicially noticed for the same reason.  The announcement of the sale of the Skinnygirl brand from Skinny Girl to Beam is a necessary fact because, under the heightened

pleading standard for fraud set forth in Rule 9(b), Plaintiff must allege, among other elements, "who" perpetrated the fraud. *Vess v. Ciba-Geigy Corp. USA*, 317 F. 3d 1097, 1106 (9th Cir. 2003). It follows that who owned the Skinnygirl brand at the time each misrepresentation was made is a fact necessary for Plaintiff to state a cause of action grounded in fraud.

### B. Judicial Notice Is Proper Because the Authenticity of the Exhibits, As the Defendants' Own Statements, Cannot Reasonably Be Disputed

In addition to incorporation by reference, and recognizing that one of the central tenets underlying judicial notice is the authenticity of the materials submitted to the court, judicial notice of the Exhibits is proper for two reasons. First, Plaintiff has provided the Court with the Declaration describing the methods by which the Exhibits were obtained. While information from the Internet does not necessarily bear an indicia of reliability, courts have held that information obtained from the Internet may be verified and authenticated by an affidavit of person with knowledge and consideration all of the circumstances surrounding the information. Fed. R. Evid. 901(b); *Victaulic Co. v. Tieman*, 499 F.3d 227, 236 (3d Cir. 2007).

Second, and more importantly, Defendants are uniquely suited to verify authenticity since the Exhibits are screenshots of their own respective websites and, thus, their own statements and admissions. This is especially true in the context of Skinny Girl's motion to dismiss and this early stage of the litigation where the parties have not yet had an opportunity to conduct discovery. Defendants should not be permitted to dispute the authenticity of the Exhibits without a good faith basis for doing so. Various federal courts have taken judicial notice of, and necessarily regarded as authentic, exhibits that contained the statements of a party to the action. *See In re Nuvelo, Inc.*, 668 F. Supp. 2d 1217, 1220 (N.D. Cal. 2009) (taking judicial notice of exhibits containing defendant's allegedly fraudulent statements and omissions for purposes of evaluating what information was available to the public); *Loran Group v. Peregrine Sys. (In re Peregrine Sys., Inc. Sec. Litig.)*, 310 Fed. Appx. 149, 151 (9th Cir. 2009) (taking judicial notice of press releases issued by the

defendants); *Velasquez v. Chase Home Fin. LLC*, 2011 U.S. Dist. LEXIS 4097, *11-12 n.5 (N.D. Cal. Jan. 10, 2011) (taking judicial notice of loan application as an admission by the plaintiff). *Cf. In re Wet Seal, Inc. Sec. Litig.*, F. Supp. 2d 1148, 1158 (C.D. Cal. 2007) (noting that in securities litigation "courts may take judicial notice of information that was publicly available to reasonable investors at the time the defendant made the allegedly false statements").

Further, it is insufficient for the Defendants to merely dispute the authenticity of the Exhibits with broad and unsubstantiated challenges. Indeed, any dispute over the authenticity of the Exhibits must be *reasonable*. Fed. R. Evid. 201(b); *Rivera*, 395 F.3d at 1151. Therefore, in light of the Declaration, the overall circumstances surrounding the Exhibits, and the fact that the Exhibits are simply portrayals of the Defendants' own statements (and thus are admissions by a party opponent), the only reasonable challenges to the authenticity of the Exhibits are (1) that *the Defendants did not make the statements*; or (1) that the exhibits *do not accurately portray the Defendants' statements*. Defendants cannot in good faith dispute the Exhibits on either of these grounds, and as such, the Court should take judicial notice of Exhibits A-D.

## III.  CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court take judicial notice of Exhibits A-D attached hereto in support of her *Memorandum of Points and Authorities in Opposition to Defendants Skinny Girl Cocktails, L.L.C. and SGC Global, L.L.C.'s Motion to Dismiss*.

| | | |
|---|---|---|
| 1 | | |
| 2 | DATED: February 27, 2012 | PAYNE MITCHELL LAW GROUP, LLP |
| 3 | | |
| 4 | | *s/ R. Dean Gresham* |
| 5 | | R. Dean Gresham |
| 6 | | R. Dean Gresham (admitted *pro hac vice*)<br>Texas Bar No. 24027215<br>PAYNE MITCHELL LAW GROUP, LLP |
| 7 | | 2911 Turtle Creek Blvd., Suite 1400<br>Dallas, TX 75219 |
| 8 | | Tel: (214) 252-1888<br>Fax: (214) 252-1889 |
| 9 | | dean@paynemitchell.com |
| 10 | | Nabil Majed Nachawati, II (admitted *pro hac vice*)<br>TEXAS BAR NO. 24038319 |
| 11 | | FEARS | NACHAWATI LAW FIRM<br>4925 Greenville Avenue, Suite 715 |
| 12 | | Dallas, TX 75206<br>Tel: (214) 890-0711 |
| 13 | | Fax: (214) 890-0712<br>mn@fnlawfirm.com |
| 14 | | |
| 15 | | Stuart A. Davidson (admitted *pro hac vice*)<br>Florida Bar No. 084824 |
| 16 | | Cullin A. O'brien (admitted *pro hac vice*)<br>Florida Bar No. 597341 |
| 17 | | Mark Dearman (admitted *pro hac vice*)<br>Florida Bar No. 0982407 |
| 18 | | ROBBINS GELLER RUDMAN & DOWD LLP<br>120 E. Palmetto Park Road, Suite 500 |
| 19 | | Boca Raton, FL  33432<br>Telephone:  561/750-3000 |
| 20 | | 561/750-3364 (fax)<br>sdavidson@rgrdlaw.com |
| 21 | | cobrien@rgrdlaw.com<br>mdearman@rgrdlaw.com |
| 22 | | |
| 23 | | Daniel R. Tamez, Esq. (Bar No. 216619)<br>GNAU & TAMEZ LAW GROUP, LLP |
| 24 | | 1010 Second Avenue, Suite 1750<br>San Diego, CA 92101 |
| 25 | | Tel: (619) 446-6736<br>Fax: (619) 793-5215 |
| 26 | | danieltamez@sdinjuryattorney.com |
| 27 | | Attorneys for Plaintiff and the Class |
| 28 | | |

PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE                                                                             PAGE 7

CERTIFICATE OF SERVICE

I, the undersigned counsel, hereby certify that on February 27, 2012, I filed a true and correct copy of the foregoing document with the Court via its CM/ECF system which will send electronic notice to the following counsel of record appearing in this matter:

Robin D. Ball (rball@chadbourne.com)
Susan M. St. Denis (sst.denis@chadbourne.com)
Chadbourne & Parke LLP
350 South Grand Avenue, 32nd Floor
Los Angeles, CA 90071
(213) 892-1000 - Telephone
(213) 892-2045 – Facsimile

*Attorneys for Defendants Beam Global Spirits & Wine LLC and Jim Beam Brands Co.*

Rick L. Shackelford (shackelfordr@gtlaw.com)
Robert J. Herrington (herringtonr@gtlaw.com)
Matthew R. Gershman (gershmanm@gtlaw.com)
Greenberg Traurig, LLP
2450 Colorado Avenue, Suite 400E
Santa Monica, CA 90505
(310) 586-7700 – Telephone
(310) 586-7800 - Facsimile

*Attorneys for Defendants Skinny Girl Cocktails, L.L.C And SGC Global, L.L.C*

                                /s/ R. Dean Gresham
                                R. DEAN GRESHAM