1   RICK L. SHACKELFORD (SBN 151262)
    *shackelfordr@gtlaw.com*
2   ROBERT J. HERRINGTON (SBN 234417)
    *herringtonr@gtlaw.com*
3   MATTHEW R. GERSHMAN (SBN 253031)
    *gershmanm@gtlaw.com*
4   **GREENBERG TAURIG, LLP**
    2450 Colorado Avenue, Suite 400E
5   Santa Monica, California  90404
    Telephone: (310) 586-7700
6   Facsimile: (310) 586-7800
7   *Attorneys for Defendants,*
    *Skinny Girl Cocktails, L.L.C. and*
8   *SGC Global, L.L.C.*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### Western Division

| | |
|---|---|
| COLETTE VON KAENEL, individually and on behalf of all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>SKINNY GIRL COCKTAILS, L.L.C., SGC GLOBAL, L.L.C., BEAM GLOBAL SPIRITS & WINE, INC., and JIM BEAM BRANDS CO.,<br><br>Defendants. | Case No. CV11-7305-JAK (PJWx)<br><br>**DEFENDANTS SKINNY GIRL COCKTAILS, L.L.C. AND SGC GLOBAL, L.L.C.'S REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT**<br><br>Date:  March 19, 2012<br>Time:  8:30 a.m.<br>Court Room:  750<br>Hon. John A. Kronstadt<br><br>Action Filed:  September 6, 2011 |

## TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................................................................. 1

II. ARGUMENT ......................................................................................................... 2

    A. The Opposition Confirms That Each Claim Fails Under Rule 9(b). ............ 2

        1. The Opposition Confirms That The Complaint Does Not Allege Specific Facts Establishing the "When." ............................... 2

        2. The Opposition Confirms That The Complaint Does Not Allege Specific Facts Establishing The "Who." ................................ 4

        3. The Opposition Confirms That Plaintiff Cannot Base A Claim On Representations She Never Relied On. ......................................... 5

    B. The Opposition Confirms The Breach Of Express Warranty Claim Fails. ................................................................................................................ 7

    C. The Opposition Confirms The "Unjust Enrichment" Claim Also Fails. ................................................................................................................ 7

III. CONCLUSION ...................................................................................................... 8

# TABLE OF AUTHORITIES

**Page**

**Federal Cases**

*Allen v. City of Beverly Hills*,
911 F.2d 367 (9th Cir. 1990) ............................................................................... 9

*Boyle v. Madigan*,
492 F.2d 1180 (9th Cir. 1974) ............................................................................. 4

*Destfino v. Reiswig*,
630 F.3d 952 (9th Cir. 2011) ............................................................................... 5

*Dvora v. General Mills, Inc.*,
2011 WL 1897349 (C.D. Cal. May 16, 2011) ............................................. 6, 8, 9

*Edmunson v. Procter & Gamble Co.*,
2011 WL 1897625 (S.D. Cal. May 17, 2011) ..................................................... 3

*Enreach Tech., Inc. v. Embedded Internet Solutions*,
403 F. Supp. 2d 968 (N.D. Cal. 2005) ................................................................. 8

*Germain v. J.C. Penney Co.*,
2009 WL 1971336 (C.D. Cal. Jul. 6, 2009) ......................................................... 6

*Johns v. Bayer Corp.*,
2010 WL 476688 (S.D. Cal. 2010) .................................................................. 3, 8

*Kearns v. Ford Motor Co.*,
567 F.3d 1120 (9th Cir. 2009) ..................................................................... 2, 5, 6

*Moore v. Kayport Package Exp., Inc.*,
885 F.2d 531 (9th Cir. 1989) ............................................................................... 5

*Pedersen v. Greenpoint Mortgage Funding, Inc.*,
2011 WL 3818560 (E.D. Cal. 2011 Aug. 29, 2011) ............................................ 5

*Ries v. Hornell Brewing Co., Inc.*,
2011 WL 1299286 (N.D. Cal. Apr. 4, 2011) ................................................... 1, 6

*Robinson v. HSBC Bank USA*,
732 F. Supp. 2d 976 (N.D. Cal. 2010) ................................................................. 4

*Sanford v. MemberWorks, Inc.*,
625 F.3d 550 (9th Cir. 2010) ........................................................................... 5, 6

*Swartz v. KPMG LLP*,
    476 F.3d 756 (9th Cir. 2007) ............................................................................................. 5

*Von Koenig v. Snapple Beverage Corp.*,
    2011 WL 43577 (E.D. Cal. Jan. 6, 2011) ........................................................................... 6

**State Cases**

*Cal. for Disability Rights v. Mervyn's, LLC*,
    39 Cal. 4th 223 (2006) ....................................................................................................... 4

*McBride v. Boughton*,
    123 Cal. App. 4th 379 (2004) ............................................................................................ 7

*Melchior v. New Line Prods., Inc.*,
    106 Cal. App. 4th 779 (2003) ............................................................................................ 8

*Schulz v. Neovi Data Corp.*,
    152 Cal. App. 4th 86 (2007) .............................................................................................. 3

**Other**

William L. Stern, <u>Bus. & Prof. C. § 17200 Practice</u> (The Rutter Group 2012) .................. 3

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

The Motion to Dismiss demonstrated that the Complaint should be dismissed because it fails to allege *when* Plaintiff purchased the Skinnygirl Margarita product, *who* made the alleged statements she relied on (whether it was Beam or the Skinny Girl Defendants), and what allegedly false representations were made to her *by the Skinny Girl Defendants*, whom Plaintiff concedes were not involved with the product after March 2011.  By failing to allege these facts, Plaintiff's Complaint fails to state any claim against the Skinny Girl Defendants, much less to do so with the particularity required to state the kind of fraud-based causes of action identified in her Complaint.  As a result, her purported claims against the Skinny Girl Defendants must be dismissed.

In response, Plaintiff acknowledges that Rule 9(b) required her to allege specific facts establishing the who, what, when, where and why of the alleged fraud. (Opp., 5:15-6:4.)  Plaintiff also acknowledges that the Skinny Girl Defendants sold the business in March 2011 and had no involvement with the product after that point.  (Opp., 6:20-7:6.)  But even on pain of dismissal, Plaintiff cannot point to where the Complaint alleges facts to show when she bought the product.  She cannot, because those facts are simply not there.  So, instead, Plaintiff plays coy, asserting that she bought the product sometime in "2011" and that the Skinny Girl Defendants are responsible for what took place before the sale of the business to the Beam Defendants in March 2011 and Beam is responsible for everything that occurred after that date.  (*Id.*)

The response begs the primary question raised by the Motion:  *when did Plaintiff purchase the product and whose statements did she reply upon in making the purchase?*  Under Plaintiff's construct, there are only three possibilities:  (i) she bought the product before March 2011, when the Skinny Girl Defendants were responsible; (ii) she bought the product after the sale when the Beam Defendants were responsible; or (iii) she bought before and after the sale.  Which is it?  Unless Plaintiff can specifically allege that she bought a product distributed by the Skinny Girl Defendants based on a misstatement

1

made by the Skinny Girl Defendants, she has no claim against them and her Complaint must be dismissed.

The question of when Plaintiff bought the product and whose statements she relied on are facts only she could know. During the meet and confer process, the Skinny Girl Defendants brought this issue to Plaintiff's attention and it is the centerpiece of the Motion to Dismiss filed back in October 2011. One might have expected that, if Plaintiff *could* address this deficiency, she *would have done so* by now by simply amending her Complaint to make the necessary averments. She has not done so. Having failed to allege when she bought the product and whose statements she supposedly saw and relied upon, Plaintiff's claims cannot possibly satisfy Rule 9(b)'s heightened pleading standard, and the Skinny Girl Defendants' Motion to Dismiss should be granted.

## II. ARGUMENT

### A. The Opposition Confirms That Each Claim Fails Under Rule 9(b).

As established in the Motion (Mtn., 5:3-6:4), the Complaint is grounded in fraud and therefore must include specific facts establishing the "who, what, when, where, and how." *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009). Plaintiff concedes that her Complaint must meet this standard. (Opp., 5:15-6:4.) Her Opposition establishes that her Complaint has not done so.

#### 1. The Opposition Confirms That The Complaint Does Not Allege Specific Facts Establishing the "When."

The Motion to Dismiss established, and the Opposition concedes (Opp., 5:15-6:4), that Plaintiff must specifically allege "when" she supposedly saw the false representations that caused her to buy the product. This requirement must be addressed now at the pleading stage. *See, e.g., Kearns*, 567 F.3d at 1126 (granting motion to dismiss, in part, because of failure to allege "when" he was "exposed to" the marketing materials); *Edmunson v. Procter & Gamble Co.*, 2011 WL 1897625, at *5 (S.D. Cal. May 17, 2011) (granting motion to dismiss because of the plaintiff's failure to allege "when during the class period" he was exposed to the advertising).

2
REPLY I/S/O MOTION TO DISMISS COMPLAINT
DEN 97,755,646_4

In response, Plaintiff asserts she satisfied this standard by alleging that she purchased the product sometime in "2011." (Opp., 14:11-15:2.) She argues that "[s]ince this lawsuit was filed on September 6, 2011, Plaintiff's purchases of the product, alleged to have begun in 2011, could have only been undertaken during a nine month period of time that necessarily overlaps with both Skinny Girl's and Beam's ownership of the brand." (Opp., 14:19-22.) This is pure legerdemain. Either she bought the product prior to March 2011 or she did not. The Skinny Girl Defendants should not be put to the burden and expense of taking her deposition to find out this basic fact. If she never bought the product before Beam acquired the brand, then she has no claim against the Skinny Girl Defendants.

Since California voters passed Proposition 64, courts in California have routinely dismissed cases at the pleading stage where, as in this case, the plaintiff has not alleged sufficient facts to show a transactional nexus with the specific defendants she is suing. *See, e.g., Schulz v. Neovi Data Corp.*, 152 Cal. App. 4th 86 (2007); *see also Johns v. Bayer Corp.*, 2010 WL 476688, at *5 (S.D. Cal. 2010) (dismissing UCL and CLRA claims for lack of standing where plaintiff's claims "include[d] a product he did not purchase or advertisements relating to a product that he did not rely upon"); William L. Stern, <u>Bus. & Prof. C. § 17200 Practice</u> ¶ 7:12 (The Rutter Group 2012) ("As a result of Proposition 64, 'transactional nexus' is now required.").

For example, in *Schulz v. Neovi Data Corporation*, the plaintiff accused several co-defendants of aiding and abetting a website operator's alleged violation of the UCL. 152 Cal. App. 4th at 88-90. The co-defendants were different payment processors through which a consumer had the option of making on-line payment to the website operator. *Id.* The *Schulz* plaintiff made his payment through just *one* out of the many co-defendants, and thus, "had no standing to pursue [his] action" against the other co-defendants whom he did not use to make the on-line payment. *Id.* at 92. The same result is required here where Plaintiff, like the plaintiff in *Schulz,* has failed to allege that she

bought something made by the Skinny Girl Defendants.  The Complaint should be dismissed for this reason alone.[1]

### 2. The Opposition Confirms That The Complaint Does Not Allege Specific Facts Establishing The "Who."

The Motion to Dismiss also established that Rule 9(b) requires Plaintiff to allege specific facts establishing who was involved in the alleged fraud and what their specific roles were. (Mtn., 8:17-9:15 [citing *Destfino v. Reiswig*, 630 F.3d 952, 958 (9th Cir. 2011); *Swartz v. KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir. 2007); *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 541 (9th Cir. 1989); *Pedersen v. Greenpoint Mortgage Funding, Inc.*, 2011 WL 3818560, at *9 (E.D. Cal. 2011 Aug. 29, 2011); *Kearns*, 567 F.3d at 1126].)  Plaintiff does not dispute she must comply with Rule 9(b) by specifically alleging the "who."

Plaintiff argues that she satisfied this requirement because the Skinny Girl Defendants supposedly were "responsible for the[] misrepresentations until it sold the brand to Beam in 2011." (Opp. 6:23-7:1.)  This argument cannot save the Complaint from dismissal.  The real issue is whether Plaintiff ever bought the product while the

---

[1] Allegations that putative class members **other than the Plaintiff** may have bought product made by the Skinny Girl Defendants cannot save the Complaint from dismissal. Plaintiff has no standing to assert claims of other persons against the Skinny Girl Defendants and thus cannot represent a class of persons who might have such a claim if she does not possess that claim as well. *See Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 560 (9th Cir. 2010) ("When a named plaintiff has no cognizable claim for relief, 'she cannot represent others who may have such a claim, and her bid to serve as a class representative must fail.'"); *Boyle v. Madigan*, 492 F.2d 1180, 1182 (9th Cir. 1974) (proceeding directly to dismissal without considering class issues is "the proper course to follow where the named plaintiffs have failed to state a claim"); *Cal. for Disability Rights v. Mervyn's, LLC*, 39 Cal. 4th 223, 232 (2006) ("Proposition 64 does prevent *uninjured* private persons from suing for restitution on behalf of others."); *Robinson v. HSBC Bank USA*, 732 F. Supp. 2d 976, 989 n.8 (N.D. Cal. 2010) ("Proposition 64 took away the ability of non-injured plaintiffs to sue on behalf of the general public under the UCL.").

Skinny Girl Defendants were distributing it. Plaintiff has not alleged that she did, and her claims should be dismissed.

Requiring Plaintiff to allege which Defendants made false representations *to her* is not much to ask. For example, in *Sanford v. MemberWorks, Inc.*, the Ninth Circuit affirmed the district court's decision rejecting a fraudulent sales practices claims based on the plaintiffs' failure to specifically identify who was involved in making and receiving the allegedly fraudulent representation. 625 F.3d 550, 558 (9th Cir. 2010). The plaintiffs in *Sanford* accused the defendant of making fraudulent statements on certain phone calls, but they could not identify which of the plaintiffs were on any particular call. *Id.* Because "it [was] not unreasonable to expect the [plaintiffs] who placed the phone calls to have personal knowledge of the relevant facts," the *Sanford* Court concluded the plaintiffs "cannot satisfy Rule 9(b)'s particularity requirement" as to the "identities of the parties to the misrepresentation." *Id.* Likewise, in this case, Plaintiff is the only one with "personal knowledge" regarding the "when" and the "who," and her failure to specifically allege such facts means she "cannot satisfy Rule 9(b)'s particularity requirement." *See id.*[2]

### 3. The Opposition Confirms That Plaintiff Cannot Base A Claim On Representations She Never Relied On.

In addition to failing to allege the "when" and the "who," the Complaint fails to properly allege the "what" and the "how." The Motion established that Plaintiff does not have standing to assert claims on ads or marketing materials she never relied on. (Mtn.,

---

[2] Plaintiff's reliance on *Germain v. J.C. Penney Co.*, 2009 WL 1971336 (C.D. Cal. Jul. 6, 2009), for the proposition that "'it would be unreasonable for the Court to require plaintiffs to plead the specific involvement of each defendant in the scheme prior to discovery'" is misplaced (Opp., 8:1-5 [citing *Germain*].) Plaintiff concedes the sale of the business in March 2011. Thus, the defendants' respective "roles" have no bearing whatsoever upon the dates of Plaintiff's purchases. Unlike in *Germain*, Plaintiff in this case is *the only person* with knowledge of the facts she needs to allege, i.e., when she bought the product and whose statements she supposedly relied upon. No discovery from any defendants will help her with that issue.

10:2-23 [citing *Dvora v. General Mills, Inc.*, 2011 WL 1897349, at *8 (C.D. Cal. May 16, 2011); *Kearns*, 567 F.3d at 1126; *Ries v. Hornell Brewing Co., Inc.*, 2011 WL 1299286, at *4 (N.D. Cal. Apr. 4, 2011); *Von Koenig v. Snapple Beverage Corp.*, 2011 WL 43577, at * 3 (E.D. Cal. Jan. 6, 2011)].) The Opposition concedes the rule: "Of course, broader, unspecified alleged misrepresentations in a complaint that were ***not relied upon by the plaintiff*** or the class members may be dismissed." (Opp., 11:15-16 [emphasis added].)

Plaintiff nonetheless asserts that the Complaint contains "no such broad and unspecified allegations." (Opp., 11:18.) She is wrong:

- The Complaint references the website located at www.skinnygirlcockails.com, statements about the product having "no preservatives," as well as other unspecified "online" advertisements. (Compl., ¶¶ 2, 4, 22, 23, 27, 81.) Plaintiff, however, never claims to have relied on the website, any materials stating the product has "no preservatives," or any online advertising in making her purchase.[3]

- The Complaint references statements allegedly made about Skinnygirl Margarita by Bethenny Frankel at unspecified times, and in unspecified media. (Compl., ¶ 7.) But again, Plaintiff never claims to have viewed, heard, or relied upon such statements.

- The Complaint references "other media like print, online and in-store advertisements," "advertising materials," "advertising and marketing statements," and "statements contained … via other media outlets." (Compl.,

---

[3] Further illustrating the point, Plaintiff requests judicial notice of alleged website "screenshots." Besides the fact that Plaintiff's request for judicial notice is improper (the documents are unauthenticated, and most of them post-date the sale of the business to Beam and therefore are irrelevant and hearsay as to the Skinny Girl Defendants), Plaintiff never alleges that *she* viewed and relied upon such webpages. To the contrary, in support of the request for judicial notice, Plaintiff submits a declaration from *her attorney* that *he* — not Plaintiff — visited the skinnygirlcocktails.com website prior to filing this action (and, to boot, after the sale of the business to Beam).

¶¶ 2, 22, 27, 48, 81.)  Again, Plaintiff never alleges that she viewed and relied upon such broad and unspecified representations.

These allegations are exactly the type of "broader, unspecified" allegations that the Opposition concedes must be dismissed. (Opp., 11:15-16); *see also Dvora*, 2011 WL 1897349, at *8 ("[t]o the extent that Plaintiff appears to argue that he might have standing with respect to claims based on statements he did not rely on, Plaintiff is wrong."); *see also Johns v. Bayer Corp.*, 2010 WL 476688, at *5 (S.D. Cal. 2010) ("[Plaintiff] cannot expand the scope of his claims to include … advertisements relating to a product that he did not rely upon.").

B. **The Opposition Confirms The Breach Of Express Warranty Claim Fails.**

The Motion established that, "To plead an action for breach of express warranty under California law, a plaintiff must allege:  (1) the exact terms of the warranty; (2) reasonable reliance thereon; and (3) a breach of warranty which proximately caused plaintiff's injury."  (Mtn., 11:27-12:3 [quoting *Dvora*, 2011 WL 1897349, at *9].) Plaintiff concedes this is the standard.  (Opp., 15:4-7.)  Plaintiff then spends pages arguing that "defendants" made statements about the product being "all natural" and containing "no preservatives," which Plaintiff argues create express warranties.  (Opp., 15:4-6.)  However, Plaintiff's argument ignores the central point of the Motion to Dismiss:  there are no allegations that the Skinny Girl Defendants made any representation or warranty to her.  Plaintiff has not alleged when she bought the product or whose statements she supposedly relied upon. (*See supra* Section II.A.)  If she does not plead facts that she bought a product distributed by the Skinny Girl Defendants, then she cannot possibly claim any breach of warranty by those parties.

C. **The Opposition Confirms The "Unjust Enrichment" Claim Also Fails.**

As explained in the Motion, a claim for "unjust enrichment" is not a stand alone cause of action in California.[4]  Although Plaintiff quibbles with this rule and whether it is

---

[4] (Mtn., 12:12-20 [citing *McBride v. Boughton*, 123 Cal. App. 4th 379, 387 (2004) ("[U]njust enrichment is not a cause of action or even a remedy, but rather 'a general

7

REPLY I/S/O MOTION TO DISMISS COMPLAINT
DEN 97,755,646_4

consistently applied in the federal Courts (Opp., 20:18-22:21), the Opposition fails to explain how she can assert a supposed "alternative basis of recovery on restitution and quasi-contract grounds" when Plaintiff has not alleged when she bought the product or whose product she supposedly bought. (*See supra* Section II.A.) Absent such facts, Plaintiff has failed to allege any relationship with the Skinny Girl Defendants, let alone a relationship that could implicate "restitutionary" or "quasi-contract" principles, regardless whether viewed as standalone claims, or as remedies available if other standalone claims are established.

### III. CONCLUSION

For all the foregoing reasons, the Court should grant the Skinny Girl Defendants' Motion to Dismiss. The Court would also be well within its discretion in denying leave to amend, as Plaintiff has not even attempted to suggest any manner in which she could amend to state a claim against the Skinny Girl Defendants.[5]

DATED: March 5, 2012                    GREENBERG TRAURIG, LLP


                                        By: */S/: Rick L. Shackelford*
                                            RICK L. SHACKELFORD
                                            Attorneys for Defendants,
                                            Skinny Girl Cocktails, L.L.C. and
                                            SGC Global, L.L.C.

---

principle underlying various legal doctrines and remedies.'"); *Melchior v. New Line Prods., Inc.*, 106 Cal. App. 4th 779, 793 (2003) ("[T]here is no cause of action in California for unjust enrichment."); *Enreach Tech., Inc. v. Embedded Internet Solutions*, 403 F. Supp. 2d 968, 976 (N.D. Cal. 2005) ("unjust enrichment is not a valid cause of action in California" (citing *McBride*, 123 Cal. App. 4th at 387)]).

[5] *See, e.g., Allen v. City of Beverly Hills*, 911 F.2d 367, 374 (9th Cir. 1990) ("[A] district court does not 'abuse its discretion in denying a motion to amend a complaint ... when the movant presented no new facts but only 'new theories' and 'provided no satisfactory explanation for his failure to fully develop his contentions originally.'"

8

REPLY I/S/O MOTION TO DISMISS COMPLAINT

DEN 97,755,646_4