RICK L. SHACKELFORD (SBN 151262)
shackelfordr@gtlaw.com
ROBERT J. HERRINGTON (SBN 234417)
herringtonr@gtlaw.com
MATTHEW R. GERSHMAN (SBN 253031)
gershmanm@gtlaw.com
**GREENBERG TRAURIG, LLP**
2450 Colorado Avenue, Suite 400E
Santa Monica, California 90404
Telephone: (310) 586-7700
Facsimile: (310) 586-7800
*Attorneys for Defendants,*
*Skinny Girl Cocktails, L.L.C. and*
*SGC Global, L.L.C.*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### Western Division

| | |
|---|---|
| COLETTE VON KAENEL, individually and on behalf of all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>SKINNY GIRL COCKTAILS, L.L.C., SGC GLOBAL, L.L.C., BEAM GLOBAL SPIRITS & WINE, INC., and JIM BEAM BRANDS CO.,<br><br>Defendants. | Case No. CV11-7305-JAK (PJWx)<br><br>**DEFENDANTS SKINNY GIRL COCKTAILS, L.L.C. AND SGC GLOBAL, L.L.C.'S OBJECTIONS TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE SUBMITTED BY PLAINTIFF IN SUPPORT OF HER OPPOSITION TO MOTION TO DISMISS COMPLAINT**<br><br>Date: March 19, 2012<br>Time: 8:30 a.m.<br>Court Room: 750<br>Hon. John A. Kronstadt<br><br>Action Filed: September 6, 2011 |

Defendants Skinny Girl Cocktails, L.L.C. and SGC Global, L.L.C. (together, the "Skinny Girl Defendants") hereby submit the following objections to the Request for Judicial Notice submitted by Plaintiff in support of her Opposition to the Skinny Girl Defendants' Motion to Dismiss the Complaint:

| Material Objected to: | Grounds for Objection: |
|---|---|
| **(A) Exhibit A:** purported webpage archive of a website from November 29, 2010. | **(1) Irrelevant.** Plaintiff never alleges in the Complaint that she reviewed and relied upon any webpage, and therefore, the statements contained in a webpage are irrelevant. *See, e.g., Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1126 (9th Cir. 2009) (affirming dismissal where plaintiff failed to "specify which sales materials" he relied upon); *Dvora v. General Mills, Inc.*, 2011 WL 1897349, at *8 (C.D. Cal. May 16, 2011) ("[t]o the extent that Plaintiff appears to argue that he might have standing with respect to claims based on statements he did not rely on, Plaintiff is wrong."); *Johns v. Bayer Corp.*, 2010 WL 476688, at *5 (S.D. Cal. 2010) ("[Plaintiff] cannot expand the scope of his claims to include … advertisements relating to a product that he did not rely upon."); Fed. R. Evid. 401. |
| | **(2) Inadmissible Hearsay.** Exhibit A is not a webpage published by the Skinny Girl Defendants; rather it purports to be a *third party's* archive of the webpage. As such, Exhibit A is inadmissible hearsay. Fed. R. Evid. 801, 802. |

1
OBJECTIONS TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE
DEN 97,759,233_2

| | | |
|---|---|---|
| | | **(3) Lacks Personal Knowledge.** The declaring witness is Plaintiff's attorney, who claims that Exhibit A is a true and correct copy of a third-party's webpage archive (from the Internet Archive Wayback Machine, http://web.archive.org), but the witness offers no testimony to lay a foundation of personal knowledge as to the reliability or workings of the "Wayback Machine." Fed. R. Evid. 602. |
| | | **(4) Lacks Authentication.** The declaring witness is Plaintiff's attorney, who claims that Exhibit A is a true and correct copy of a third-party's webpage archive (from the Internet Archive Wayback Machine, http://web.archive.org). Thus, although the document may be authenticated as a copy of a third-party's archive, the document is not authenticated as the underlying Skinnygirl webpage itself. Fed. R. Evid. 901. |
| | **(B) Exhibit B:** purported webpage archive of a website from April 29, 2011. | **(1) Irrelevant.** See (A)(1) above. |
| | | **(2) Inadmissible Layered Hearsay.** Exhibit B is not a webpage published by the Skinny Girl Defendants; rather it purports to be a *third party's* archive of a webpage from *after the sale of the Skinnygirl business to the Beam Defendants*. As such, Exhibit B is inadmissible layered hearsay (the first layer being the Beam Defendants' website, and the second layer being the third-party archives website). Fed. R. Evid. 801, 802, 805. |
| | | **(3) Lacks Personal Knowledge.** See (A)(3) above. |

| | |
|---|---|
| | (4) **Lacks Authentication.** See (A)(4) above. |
| **(C) Exhibit C:** purported webpage archive of a website from December 22, 2011. | (1) **Irrelevant.** See (A)(1) above. |
| | (2) **Inadmissible Layered Hearsay.** See (B)(2) above. |
| | (3) **Lacks Personal Knowledge.** See (A)(3) above. |
| | (4) **Lacks Authentication.** See (A)(4) above. |
| **(D) Exhibit D:** purported webpage from Beam Global's website. | (1) **Irrelevant.** Although the Skinny Girl Defendants do not dispute that the Beam Defendants purchased the Skinnygirl business from the Skinny Girl Defendants in March 2011, Exhibit D is not necessary, given that Plaintiff's Complaint and Opposition already concede this point. (Compl., ¶¶ 7, 9; Opp., 14:4-5.) Fed. R. Evid. 401. |
| | (2) **Inadmissible Hearsay.** The Beam Defendants' statements are hearsay as to the Skinny Girl Defendants. Fed. R. Evid. 801, 802. |
| **(E) Gresham Declaration, ¶ 4, in its entirety:** "I personally visited the Internet website located at http://skinnygirlcocktails.com prior to the filing of the above-captioned lawsuit on September 6, 2011 and reviewed the description of the Skinnygirl Margarita product, which stated: At | (1) **Irrelevant.** Whether Plaintiff's attorney reviewed any website or other marketing materials is not relevant to whether *Plaintiff* reviewed and relied upon those materials as a basis for her claims. *See, e.g., Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1126 (9th Cir. 2009) (affirming dismissal where plaintiff failed to "specify which sales materials" he relied upon); *Dvora v. General Mills, Inc.*, 2011 WL 1897349, at *8 (C.D. Cal. May 16, 2011) ("[t]o the extent that Plaintiff appears to argue that he might have standing with respect to claims based on statements he did not rely |

3

| | |
|---|---|
| only 100 calories for a full 4 oz serving, natural flavors, lightly sweetened with agave nectar and made with premium Blue Agave clear Tequilla [sic], Skinnygirl is the name you can trust." | on, Plaintiff is wrong."); *Johns v. Bayer Corp.*, 2010 WL 476688, at *5 (S.D. Cal. 2010) ("[Plaintiff] cannot expand the scope of his claims to include … advertisements relating to a product that he did not rely upon."); Fed. R. Evid. 401. |
| | **(2) Improper Subject Of Judicial Notice.** Plaintiff apparently requests the Court take judicial notice of the fact that her attorney visited a website, which is not a fact that is either generally known within the trial court's territorial jurisdiction or that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. As such, it is not a proper subject of judicial notice. Fed. R. Evid. 201. |
| | **(3) Inadmissible Hearsay.** The declarant does not state facts indicating whether the website quoted from was viewed before or after the sale of the Skinnygirl business to the Beam Defendants. If it was after, then the Beam Defendants' alleged statements would be inadmissible hearsay as to the Skinny Girl Defendants. Fed. R. Evid. 801, 802. |

DATED: March 5, 2012

GREENBERG TRAURIG, LLP


By: */s/ Rick L. Shackelford*
    Rick L. Shackelford
    Attorneys for Defendants,
    Skinny Girl Cocktails, L.L.C. and SGC Global, L.L.C.

4

OBJECTIONS TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE

DEN 97,759,233_2