FEARS | NACHAWATI LAW FIRM
NABIL MAJED NACHAWATI, II
4925 Greenville Avenue, Suite 715
Dallas, TX 75206
Telephone: 214/890-0711
214/890-0712 (fax)
mn@fnlawfirm.com

ROBBINS GELLER RUDMAN & DOWD LLP
STUART A. DAVIDSON
CULLIN A. O'BRIEN
MARK DEARMAN
120 E. Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone:561/750-3000
561/750-3364 (fax)
pgeller@rgrdlaw.com
sdavidson@rgrdlaw.com
mdearman@rgrdlaw.com

Attorneys for Plaintiff and Proposed Interim Class Counsel

[Additional counsel appear on signature page.]

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| COLETTE VON KAENEL, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>SKINNY GIRL COCKTAILS, L.L.C., SGC GLOBAL, L.L.C., BEAM GLOBAL SPIRITS & WINE, INC., and JIM BEAM BRANDS CO.,<br><br>    Defendants. | Case No. 2:11-cv-07305-JAK-PJW<br><br>PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS SKINNY GIRL COCKTAILS, L.L.C. AND SGC GLOBAL, L.L.C.'S OBJECTIONS TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE SUBMITTED IN SUPPORT OF HER OPPOSITION TO MOTION TO DISMISS COMPLAINT<br><br>DATE: March 19, 2012<br>CTRM: 750<br>JUDGE: Honorable John A. Kronstadt |

Plaintiff hereby files this Response in Opposition to Defendants Skinny Girl Cocktails, L.L.C. and SGC Global, L.L.C.'s ("Skinny Girl Defendants") Objections to Plaintiff's Request for Judicial Notice Submitted in Support of Her Opposition to Motion to Dismiss Complaint, and respectfully show the Court as follows:

## I.     RELEVANCY OBJECTIONS

The Skinny Girl Defendants object to Exhibits 1-A, 1-B, 1-C, and the Gresham Declaration as irrelevant.   Yet they have not – and cannot – argue that Exhibits 1-A, 1-B, and 1C are irrelevant because they are inaccurate web captures of their online marketing materials.  Nor have they or can they argue that the exhibits are irrelevant because they do not contain examples of the Skinny Girl Defendants making the *specific statements* that give rise to Plaintiff's claims. Of course, the offered exhibits clearly show that the Skinny Girl Defendants did indeed hold out and market their Skinnygirl Margarita product to the public as "all natural" and without preservatives, despite the Skinny Girl Defendants' suggestion that they never did.  (*See, e.g.*, Defendants Skinny Girl Cocktails, L.L.C. and SGC Global, L.L.C.'s Memorandum of Points and Authorities in Support of Motion to Dismiss Complaint ("Motion to Dismiss") ("[t]he Skinny Girl Defendants are not specifically alleged to have done anything"). (ECF No. 104, at 8)

Instead, the sole basis for the Skinny Girl Defendants' relevancy objections is that the Complaint does not specify that the class representative relied on these specific web pages.  The law, however, requires no such exposure or pleading.  To the contrary, where the plaintiff, as here, alleges exposure to an "extensive and long-term advertising campaign," the plaintiff is not required to plead and prove individualized reliance on specific misrepresentations or false statements.  *See In re Tobacco II Cases*, 46 Cal. 4th 298, 328 (2009); *Morgan v. AT&T Wireless Services, Inc*., 177 Cal. App. 4th 1235, 1262 (2009) (reversing dismissal of fraud claim, holding

"Plaintiffs were not required, as AT&T asserts, to plead the specific advertisements or representations they relied upon in making their decision to purchase."); *see also Degelmann v. Advanced Med. Optics, Inc.*, 659 F.3d 835, 839 (9th Cir. 2011) (applying California law on standing under the UCL to Article III standing in federal class action). Regardless, these statements clearly relate to the "what" element required under Federal Rule of Civil Procedure 9(b). *Vess v. Ciba-Geigy Corp. USA*, 317 F. 3d 1097, 1106 (9th Cir. 2003). The exhibits clearly demonstrate, as averred in Plaintiff's complaint, the consistent and long-term nature of the Defendants' marketing of the Skinnygirl Margarita product as "all natural" and without preservatives.

Separately and additionally, the Skinny Girl Defendants' relevancy objection to Exhibit 1-D is wholly without merit. Exhibit 1-D is not only evidence of the timing of the transfer of brand ownership, but it also demonstrates the continued agency relationship between the Skinny Girl Defendants and the Beam Defendants, such that the Skinny Girl Defendants' statements after the transfer of ownership in March 2011 – on its website and otherwise – were conducted in furtherance of a combined marketing effort by, and for the benefit of, all Defendants. (*E.g.*, Ex. 1-D to Plaintiffs' Request for Judicial Notice ("'Beam Global is the right organization to partner with at the right time to take Skinnygirl to the next level . . .,' said Betheny Frankel, Founder and Chief Creative Officer of Skinnygirl who will continue to serve as the committed brand collaborator, developer and marketer.")).

Accordingly, the Skinny Girl Defendants' relevancy objections should be overruled.

**II.   HEARSAY**

The Skinny Girl Defendants also object to Exhibits 1-A, 1-B, and 1-C on the basis that they are hearsay. To constitute hearsay, a statement must be "offered in evidence to prove the

truth of the matter asserted." FED. R. EVID. 801(c). These exhibits, however, are offered ***only*** to show that past fraudulent statements were made by the Skinny Girl Defendants, and thus their admission is proper. *Anderson v. United States*, 417 U.S. 211, 221 n.8 (1974) ("Of course, evidence is not hearsay when it is used only to prove that a prior statement was made and not to prove the truth of the statement."). Hearsay is not a valid objection when, as here, "testimony [has] been used to prove merely that [a] statement has been made. The hearsay rule does not prevent a witness from testifying as to what he has heard; it is rather a restriction on the proof of fact through extrajudicial statements." *Dutton v. Evans*, 400 U.S. 74, 88 (1970).

As the Ninth Circuit articulated in *United States v. Wellington*, 754 F.2d 1457 (9th Cir. 1985), "the alleged hearsay statements are false representations that were made to potential investors. These representations are not hearsay because their probative value is independent of their truth." *Id*. at 1464; *see also United States v. Gillespie*, No. 99-50171, 2000 U.S. App. LEXIS 12304, at *7 (9th Cir. June 1, 2000) ("This 'proof of falsity' theory for the admissibility of evidence is clearly supported by case law."); *United States v. Fried*, 576 F.2d 787, 792-93 (9th Cir. 1978) ("In this case, it is clear from the record that the post-arrest statements of DiRodio and Guglielmini were offered not for their truth, but because the government believed they were obviously false. The statements were therefore not within the definition of hearsay at all.").

The assertion that Exhibit 1-D is hearsay and the Gresham Declaration contains hearsay statements is also without merit. Exhibit 1-D is offered, in part, to show that the Skinny Girl Defendants continued to market the brand ***after the transfer*** of ownership in March 2011. (*E.g.*, Ex. 1-D to Plaintiffs' Request for Judicial Notice ("'Beam Global is the right organization to partner with at the right time to take Skinnygirl to the next level . . .,' said Betheny Frankel, Founder and Chief Creative Officer of Skinnygirl who will continue to serve as the committed

brand collaborator, developer and marketer."). As the statements contained in Exhibit 1-D were made by representatives of the Skinny Girl Defendants, they are admissible as non-hearsay admissions by a party opponent. FED. R. EVID. 801(d)(2)(D). As for the statements from Exhibits 1-B and 1-C contained in the Gresham Declaration, those web pages clearly contain admissible statements *by the Skinny Girl Defendants* rather than "layered hearsay" from "the Beam Defendants' website." (*See* Ex. 1-B, p. 2 ([copyright] 2011 Skinny Girl Cocktails LLC); Ex. 1C, p. 2 ([copyright] 2011 Skinnygirl Cocktails, 510 Lake Cook Road Deerfield, IL 60015 [and] [copyright] 2011 Skinnygirl Cocktails, Port Washington, NY[1])). Moreover, as explained *supra*, these are offered not to prove the truth or falsity of the fraudulent statements therein, but instead are offered as evidence that those statements were in fact made by the Skinny Girl Defendants.

The statements of the Beam Defendants contained in Exhibit 1-D are also admissible against the Skinny Girl Defendants as adoptive admissions. FED. R. EVID. 801(d)(2)(B) (a statement is not hearsay where "the party has manifested an adoption or belief in its truth"); *United States v. Junadu*, 98 F.3d 239, 244 (6th Cir. 1996) (adoption may be "manifested by any appropriate means, such as language, conduct or silence."). Here, the Court need look no further than the statements of the Skinny Girl Defendants' own representative contained in Exhibit 1-D as an adoption of the surrounding Beam statements in Exhibit 1D. And the Skinny Girl Defendants in fact continued to market the brand after the transfer of ownership as illustrated in Exhibits 1-B and 1-C. (*See* Ex. 1-B, p. 2 ([copyright] 2011 Skinny Girl Cocktails LLC); Ex. 1-

---

[1] Port Washington, New York, is the principal place of business of the Skinny Girl Defendants, while Deerfield, Illinois is the principal place of business of the Beam Defendants.

C, p. 2 ([copyright] 2011 Skinnygirl Cocktails, 510 Lake Cook Road Deerfield, IL 60015 . . . [and] [copyright] 2011 Skinnygirl Cocktails, Port Washington, NY[2])).

Finally, the Skinny Girl Defendants argue that Exhibits 1-A, 1-B, and 1-C are inadmissible hearsay as a "copy of a third-party's archive of the webpage." In *Telewizja Polska USA, Inc., v. Echostar Satellite Corp.*, No. 02 C 3293, 2004 U.S. Dist. LEXIS 20845, at *16 (N.D. Ill., Oct. 14, 2004), however, the defendant sought to introduce into evidence various internet archive captures of what the plaintiff's website looked like on various dates. The plaintiff sought, unsuccessfully, to exclude the archive captures of the website by arguing that the website archive captures were double hearsay. The court held that "[t]o the extent these images and text are being introduced to show the images and text found on the websites, they are not statements at all — and thus fall outside the ambit of the hearsay rule." *Id.* at *5 (quoting *Perfect 10, Inc. v. Cybernet Ventures, Inc.,* 213 F. Supp. 2d 1146, 1155 (C.D. Cal. 2002) (noting that the printouts of the website are admissible pursuant to the best evidence rule.)). Importantly, the Skinny Girl Defendants do not allege in their objections that the marketing material contained on its website is inaccurately captured at Exhibits 1-A, 1-B, or 1-C.

### III. AUTHENTICITY

The Skinny Girl Defendants also object to Exhibits 1-A, 1-B, and 1-C as lacking authentication. Evidence will be admissible if "sufficient proof has been introduced so that a reasonable juror could find in favor of authenticity of identification." *United States v. Tank*, 200 F.3d 627, 630 (9th Cir. 2000). Under this standard, courts have concluded that print-offs of websites are authenticated under the Federal Rule of Evidence where supported by affidavit. *Ciampi v. City of Palo Alto*, 790 F. Supp. 2d 1077, 1091 (N.D. Cal. 2011). As the *Ciampi* court

---

[2] *See* n. 1, *supra*.

reasoned, "courts have considered the 'distinctive characteristics' of the website in determining whether a document is sufficiently authenticated. In this case, most of the articles submitted by Plaintiff contain sufficient indicia of authenticity, including distinctive newspaper and website designs, dates of publication, page numbers, and web addresses." The Exhibits offered here each have these indicia of authenticity. *See also Perfect 10, Inc. v. Cybernet Ventures, Inc.*, 213 F. Supp. 2d 1146, 1154 (C.D. Cal. 2002) ("declarations, particularly in combination with the circumstantial indicia of authenticity (such as the dates and web addresses), would support a reasonable juror in the belief that the documents are what [Plaintiff] says they are."); *Premier Nutrition, Inc. v. Organic Food Bar, Inc.*, 06-0827, 2008 U.S. Dist. LEXIS 78353 (C.D. Cal. Mar. 27, 2008), at *16-*17. The Exhibits here clearly meet this standard. Also weighing strongly in favor of their admission is that the State of California recognizes the archivist of these web pages – the largest data archive in the world – as one of its public libraries, permitting it to participate in numerous federal grant programs. *See* Deborah R. Eltgroth, *Best Evidence and the Wayback Machine*, 78 Ford. L. Rev. 181, 185 (2009).

By objecting to Exhibits 1-A, 1-B, and 1-C, the Skinny Girl Defendants are asking this Court to dismiss Plaintiff's claims ***before*** any discovery commences into the myriad instances of their fraudulent conduct, contending that Plaintiff failed to plead each and every one of those instances at the front-end. Confronted with such instances in Plaintiff's *Response*, the Skinny Girl Defendants are now forced to argue that archived images of their own website cannot be ***authenticated*** – without questioning in any way whether they are indeed ***authentic***. Such baseless objections should be overruled.[3] These exhibits are undoubtedly the best evidence

---

[3] Such attempts bring to mind the observations of Lawrence Lessig: "This is the scariest feature of the Internet, the part George Orwell would have understood best: The sense in which Net has no real history. A page can be changed without anybody noticing. It gets updated but no marks

available at this stage of the litigation and thus, should be admitted pursuant to Federal Rules of Evidence 104(a) and 1003. *Id*. at 214 ("[A]ny distinction between archived and contemporaneous sites proves largely artificial.").

## IV.   PERSONAL KNOWLEDGE

The Skinny Girl Defendants also object to Exhibits 1-A, 1-B, and 1-C on the basis that the declaring witness lacks personal knowledge. Rule 602 states that "a witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." FED. R. EVID. 602. Nevertheless, the Skinny Girl Defendants object to the admissibility Exhibits 1-A, 1-B, and 1-C because of a purported lack of personal knowledge pursuant to Rule 602. To be sure, Gresham does have knowledge of when, where, and how he obtained the exhibits attached to his Declaration. Yet, the Skinny Girl Defendants object to this without submitting a single declaration refuting the Gresham Declaration or demonstrating that these exhibits are not authentic. The Gresham Declaration is proper, based upon his personal knowledge, and attaches exhibits that the Skinny Girl Defendants have not and cannot refute. Accordingly, these objections should be overruled.

## V.   JUDICIAL NOTICE

Finally, Plaintiffs argue, in summary fashion, that Plaintiff's Request for Judicial Notice should be denied because "Plaintiff apparently requests the Court to take judicial notice of the fact that her attorney visited a website." Not so. Chiefly, Plaintiff requests that judicial notice be taken of certain past marketing statements of the Skinny Girl Defendants, a history that directly

---

are left . . . Remember the editors in 1984 constantly rewriting the past? Those editors are the Internet. For at any moment, we have no way of knowing what went before." Lawrence Lessig, Innovating Copyright, 20 Cardoza Arts & Ent. L.J., 611, 615 (2002).

undermines the arguments made in their Motion to Dismiss, while the Gresham Declaration merely authenticates the documents under Federal Rule 901.

## VI.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court overrule each of the Skinny Girl Defendants' objections and take judicial notice of the Exhibits referenced in her *Request for Judicial Notice Submitted in Support of Her Opposition to Motion to Dismiss Complaint*, and for all other relief to which she may be entitled.

DATED:  March 16, 2012

PAYNE MITCHELL LAW GROUP, LLP

*/s/ R. Dean Gresham*
R. Dean Gresham

R. Dean Gresham (admitted *pro hac vice*)
Texas Bar No. 24027215
2911 Turtle Creek Blvd., Suite 1400
Dallas, TX 75219
Tel: (214) 252-1888
Fax: (214) 252-1889
dean@paynemitchell.com

Nabil Majed Nachawati, II (admitted *pro hac vice*)
TEXAS BAR NO. 24038319
FEARS | NACHAWATI LAW FIRM
4925 Greenville Avenue, Suite 715
Dallas, TX 75206
Tel: (214) 890-0711
Fax: (214) 890-0712
mn@fnlawfirm.com

Stuart A. Davidson (admitted *pro hac vice*)
Florida Bar No. 084824
Cullin A. O'Brien (admitted *pro hac vice*)
Florida Bar No. 597341
Mark Dearman (admitted *pro hac vice*)
Florida Bar No. 0982407
ROBBINS GELLER RUDMAN & DOWD LLP
120 E. Palmetto Park Road, Suite 500
Boca Raton, FL  33432
Telephone:  561/750-3000
561/750-3364 (fax)
sdavidson@rgrdlaw.com
cobrien@rgrdlaw.com
mdearman@rgrdlaw.com

Daniel R. Tamez, Esq. (Bar No. 216619)
GNAU & TAMEZ LAW GROUP, LLP
1010 Second Avenue, Suite 1750
San Diego, CA 92101
Tel: (619) 446-6736
Fax: (619) 793-5215
danieltamez@sdinjuryattorney.com

Attorneys for Plaintiff and the Class