FEARS | NACHAWATI LAW FIRM
NABIL MAJED NACHAWATI, II
4925 Greenville Avenue, Suite 715
Dallas, TX 75206
Telephone: 214/890-0711
214/890-0712 (fax)
mn@fnlawfirm.com

ROBBINS GELLER RUDMAN & DOWD LLP
STUART A. DAVIDSON
CULLIN A. O'BRIEN
MARK DEARMAN
120 E. Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone:  561/750-3000
561/750-3364 (fax)
sdavidson@rgrdlaw.com
cobrien@rgrdlaw.com
mdearman@rgrdlaw.com

Attorneys for Plaintiff and Proposed Interim Class Counsel

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLETTE VON KAENEL, individually and on behalf of all others similarly situated, | Case No.  2:11-cv-07305-JAK-PJW |
| Plaintiff, | MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR APPOINTMENT AS INTERIM CLASS COUNSEL |
| v. | |
| SKINNY GIRL COCKTAILS, L.L.C., SGC GLOBAL, L.L.C., BEAM GLOBAL SPIRITS & WINE, INC., and JIM BEAM BRANDS CO., | DATE:     May 21, 2012 8:30 a.m. CTRM:     750 JUDGE:   Honorable John A. Kronstadt |
| Defendants. | |

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ……………………………………...…………… 1

II.   FACTUAL AND PROCEDURAL BACKGROUND ……..…………… 2

III.  LEGAL ARGUMENT ……………………………………………… 3

     A. Proposed Interim Class Counsel Have Performed Substantial
        Work to Identify and Investigate Plaintiffs' Claims ……...……….. 3

         1. Proposed Interim Class Counsel Have Successfully
            Handled Similar Complex Class Actions ……………………… 4

             a.  Robbins Geller Rudman & Dowd LLP ……………… 4

             b.  Fears | Nachawati ……………………………………... 8

         2. Proposed Interim Class Counsel Have Proven Knowledge
            of the Applicable Law in This Type of Litigation ………….. 10

         3. Proposed Interim Class Counsel  Are Well-Capitalized
            and Able to Commit the Resources and Effort Necessary
            to Advance this Litigation in a Timely Manner …………… 11

IV.  NOTICE TO COUNSEL ……………………………………….. 12

V.   CONCLUSION ……………………………………………….. 12

# TABLE OF AUTHORITIES

CASES                                                                        Page(s)

*Bonar v. Beam Global Spirits & Wine, Inc.*,
    No. 3:11-cv-02058-W-NLS (S.D. Cal. Sept. 6, 2011) …………………….. 2

*Chenier, et al. v. Oreck Corporation*,
    No. 2:11-cv-05321-CAS-JEM (C.D. Cal.) ……………………………….. 10

*Fitzpatrick v. General Mills*,
    09-60412, [Dkt. No. 181] (S.D. Fla. Dec. 2, 2011) ………………………... 8

*Freeman, et al. v. Apple, Inc.*,
    No. 5:2010-cv-05881 (N.D. Cal) …………………………………………….. 9

*Goldstein v. Tongxin Int'l, et al.*,
    Case 2:11-cv-00348-VBF-PJW (C.D. Cal.) ……………………………… 10

*Greene v. Skinny Girl Cocktails, LLC*,
    No. 0:11-cv-61965 (S.D. Fla. Sept. 2, 2011) ..…………………………….. 2

*Guido, et al. v. L'Oreal USA, Inc.*,
    No. 2:11-cv-01067 (C.D. Cal.) ……………………………………… 9, 11

*In re Apple iPhone 4 Prods. Liability Litig.*,
    No. 5:10-md-02188-RMW, MDL Dkt. No. 2188 (N.D. Cal.) …………….. 7

*In re: Avandia Marketing, Sales Practices and Products Liability Litigation*,
    MDL No. 1871 (E.D. Penn.) ………………………………………….... 10

*In re Enron Corp. Sec., Derivative & "ERISA" Litig.*
    529 F. Supp. 2d 644 (S.D. Tex. 2006) …………………………….. 5, 6

*In re Enron Corp. Sec. Litig.*,
    206 F.R.D. 427, 454 (S.D. Tex. 2002) ……………………………… 12

*In re Groupon Mktg. & Sales Practices Litig.*,
    No. 3:11-md-02238-DMS-RBB (S.D. Cal.) ……………………………… 7

# TABLE OF AUTHORITIES
## (continued)

**Page (s)**

*In re Kinder Morgan, Inc. S'holders Litig.*,
      Consol. Case No. 06 C 801 (Dist. Ct. of Shawnee Cnty., Kan.
      Nov. 19, 2010) ……………………………………………………... 7

*In re Mattel, Inc. Toy Lead Paint Products Liability Litigation*,
      No. 2:07-ml-01897-DSF-AJW (C.D. Cal.) …………………………... 5

*In re Pet Food Prods. Liability Litig.*,
      345 Fed. Appx. 857 (3d Cir. 2009) …………………………………... 5

*In re Skinnygirl Margarita Beverage Mktg. & Sales Practices Litig.*,
      MDL No. 2306 (J.P.M.L. 2011) ……………………………………… 1, 3

*In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*,
      No.  3:11-md-2258 (S.D. Cal.) ………………………………………... 7

*In re UnitedHealth Grp. Inc. PSLRA Litig.*,
      No. 06-CV-1691 (D. Minn. Sept. 23, 2009) ………………………… 7

*In re: Vioxx Products Liability*,
      MDL-1657 (E.D. LA) ………………………………………………… 10

*In re: Yasmin and YAZ (Drospirenone) Products Liability Litigation*,
      MDL No. 2100 (S.D. Ill.) ……………………………………………… 10

*Jaffe v. Household Int'l, Inc.*,
      No. 02-C-05893 (N.D. Ill. May 7, 2009) …………………………….. 6

*Jernigan v. Beam Global Spirits & Wine, Inc.*,
      No. 3:11-cv-00842-DRH-PMF (S.D. Ill. Sept. 16, 2011) ……………… 2

*Johnson v. General Mills*,
      275 F.R.D. 282 (C.D. Cal. 2011) …………………………………… 8

# TABLE OF AUTHORITIES
## (continued)

**Page (s)**

*Kaminske v. JP Morgan Chase Bank N.A.*,
    Nos. SACV 09-00918 JVS (RNBx), CV 09-6352-JVS(RNBx),
    2011 WL 521338 (C.D. Cal. Jan. 3, 2011) ………………………………… 3

*Kehoe v. Fid. Fed. Bank & Trust*,
    421 F.3d 1209 (11th Cir. 2005) ………………………………………… 5

*Langendorf v. Skinnygirl Cocktails, LLC*,
    No. 1:11-cv-07060 (N.D. Ill. Oct. 6, 2011) ……………………………….. 2

*Rapcinsky v. Skinnygirl Cocktails, L.L.C.*,
    No. 1:11-cv-06546-JPO (S.D.N.Y. Sept. 20, 2011) ……………………….. 2

*Roth v. Beam Global Spirits & Wine, Inc.*,
    No. 1:11-cv-01023 (D.N.M. Nov. 18, 2011) ……………………………… 2

*Rutledge-Muhs, et al. v. Dreyer's Grand Ice Cream, Inc.*,
    No. 4:11-cv-03164-DMR (N.D. Cal.) ………………………………... 10, 11

*Sims v. Beam Global Spirtis & Wine, Inc.*,
    No. 1:11-cv-06403 (N.D. Ill. Sept. 14, 2011) ……………………………... 2

*Stewart v. Beam Global Spirits & Wine, Inc.*,
    No. 1:11-cv-05149-NHL-KMW (D.N.J. Sept. 6, 2011) …………………... 2

**RULES**

Fed. R. Civ. P. 23(g) ………………………………………………………….. 12

Fed. R. Civ. P. 23(g)(1)(A) …………………………………………………… 3

Fed. R. Civ. P. 23(g)(1)(B) …………………………………………………… 3

1    Plaintiff Colette Von Kaenel ("Plaintiff") respectfully moves for appointment of Fears |

2  Nachawati Law Firm ("Fears | Nachawati") and Robbins Geller Rudman & Dowd LLP ("Robbins

3  Geller") (collectively the "proposed firms" ) as Interim Class Counsel pursuant to Federal Rule of

4  Civil Procedure 23(g), and states as follows:

5  **I.     INTRODUCTION**

6    Plaintiff respectfully requests that the Court appoint Fears | Nachawati and Robbins Geller as

7  interim class counsel in this action concerning the Defendants' false advertising of their signature

8  alcoholic beverage, Skinnygirl Margarita ("Skinnygirl Margarita" or "Margarita") as "All Natural."

9  Since the Defendants established the brand name "Skinnygirl," they have engaged in a national

10  marketing campaign with the ultimate goal of associating their brand name and their products,

11  including Skinnygirl Margarita, as containing All Natural ingredients.  Yet, the Defendants have

12  known that Skinnygirl Margaritas are not All Natural while profiting from their deception.  Indeed,

13  Defendants' own lawyers recently admitted that Skinnygirl Margarita was not "All Natural."  *See In*

14  *re Skinnygirl Margarita Beverage Mktg. & Sales Practices Litig.*, MDL No. 2306, Order Denying

15  Transfer at 1 (J.P.M.L. Dec. 14, 2011) ("These putative nationwide class actions may share some

16  factual questions regarding the defendants' marketing practices, but the central allegation that

17  Skinnygirl Margarita beverage was marketed as being all natural *despite some level of sodium*

18  *benzoate appears to be undisputed*. . . .""), attached as **Attachment 1** to **Exhibit A**, the Declaration

19  of Stuart A. Davidson ("Davidson Decl.").[1]  Plaintiff believes that summary judgment in her favor is

20  warranted, and intends to move for such promptly.

21    As detailed herein, the proposed firms have proven track records of experience, knowledge,

22  and success in leading the prosecution of consumer class actions.  The lawyers within these firms,

23  have decades of experience in litigating some of the nation's largest class actions and complex

24  litigation matters.

25

26  _____

27  [1]    Emphasis is added and citations are omitted unless otherwise noted.

28

Of particular relevance here, the proposed firms have served in leadership positions and obtained extraordinary results in a number of consumer false advertising class actions.   This experience and knowledge of applicable law relating to consumer false advertising litigation, as evidenced in the results these counsel have obtained previously, will prove an invaluable resource in advancing this matter in an efficient and prudent manner.

The proposed firms  are also equipped and willing to spend the necessary time and resources to effectively and efficiently litigate this matter, and have already invested significant time and resources in identifying and investigating not only the potential claims relating to Defendants' false advertising, but also in consulting with experts in various fields of expertise.

For these reasons and as detailed further herein, Plaintiff respectfully requests that this Court appoint as interim class counsel the law firms of Fears | Nachawati and Robbins Geller.

## II.      FACTUAL AND PROCEDURAL BACKGROUND

The first case on record was investigated and filed by Robbins Geller and is styled *Greene v. Skinny Girl Cocktails, LLC*, No. No. 0:11-cv-61965 (S.D. Fla. Sept. 2, 2011) ("the *Greene* Action"), pending in the United States District Court for the Southern District of Florida.  Plaintiff here filed the next representative suit and thereafter, numerous complaints were filed in courts throughout the country, alleging various state claims due to Defendants' actions.[2]  On September 22, 2011, Plaintiff sought transfer and consolidation of this case and all other related actions to a single district, pursuant to 28 U.S.C. §1407.   On December 1, 2011, a hearing before the Judicial Panel on Multidistrict Litigation (the "Panel") was held in Savannah, Georgia, during which Robbins Geller attorneys, on behalf of Plaintiff and six other plaintiffs in related actions, requested that the Panel transfer all nine pending "Skinnygirl" cases to this Court for coordinated pretrial proceedings.  On

---

[2]      These other actions include: *Bonar v. Beam Global Spirits & Wine, Inc.*, No. 3:11-cv-02058-W-NLS (S.D. Cal. Sept. 6, 2011); *Stewart v. Beam Global Spirits & Wine, Inc.*, No. 1:11-cv-05149-NHL-KMW (D.N.J. Sept. 6, 2011); *Jernigan v. Beam Global Spirits & Wine, Inc. *, No. 3:11-cv-00842-DRH-PMF (S.D. Ill. Sept. 16, 2011; *Sims v. Beam Global Spirtis & Wine, Inc.*, No. 1:11-cv-06403 (N.D. Ill. Sept. 14, 2011); *Rapcinsky v. Skinnygirl Cocktails, L.LC.*, No. 1:11-cv-06546-JPO (S.D.N.Y. Sept. 20, 2011); and *Langendorf v. Skinnygirl Cocktails, LLC*, No. 1:11-cv-07060 (N.D. Ill. Oct. 6, 2011); *Roth v. Beam Global Spirits & Wine, Inc.*, No. 1:11-cv-01023 (D.N.M. Nov. 18, 2011).

December 14, 2011, due, in part, to Defendants' surprising opposition to MDL treatment of these cases and Defendants' concessions at the Panel hearing that Skinnygirl was not, in fact, "All Natural,"[3] the Panel entered an Order denying transfer and consolidation.

## III.    LEGAL ARGUMENT

Rule 23(g) of the Federal Rules of Civil Procedure dictates that in appointing interim class counsel, the Court must consider: "(1) the work counsel has done in identifying or investigating potential claims in the action; (2) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources that counsel will commit to representing the class." Fed. R. Civ. P 23(g)(1)(A); *see also Kaminske v. JP Morgan Chase Bank N.A.*Nos. SACV 09-00918 JVS (RNBx), CV 09-6352-JVS(RNBx), 2011 WL 521338, at *2 (C.D. Cal. Jan. 3, 2011).

The Court may also "consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P 23(g)(1)(B).

As set forth below, Fears | Nachawati and Robbins Geller not only satisfy, but exceed, the qualifications set forth in Rule 23(g).

### A.    Proposed Interim Class Counsel Have Performed Substantial Work to Identify and Investigate Plaintiffs' Claims

The proposed firms have expended substantial time and effort investigating the legal claims that may be raised against Defendants in this litigation.  Among other things, this investigation included the gathering and review of numerous relevant documents from available public sources (including public filings, newspaper articles, and other materials); identifying, interviewing and retaining potential experts.  Due to their investigation and identification of claims against Defendants, the proposed firms were the first two firms to file lawsuits against Defendants for their

---

[3]    *See* Transcript of Hearing at 14:5-7, *In re Skinnygirl Margarita Beverage Mktg. & Sales Practices Litig.*, MDL No. 2306 (J.P.M.L. Dec. 1, 2011) ("the product indeed contains sodium benzoate. It contains it in an infinitesimally tiny amount but, yes, it is definitely in there.  We don't contest that."), attached as **Attachment 2** to the Davidson Declaration.

false advertising of Skinnygirl Margarita.  The proposed firms continue to expend considerable resources to identify and investigate pertinent factual and legal issues relating to Plaintiff's claims.

In sum, the work members of the proposed firms have already performed demonstrates leadership, commitment, and the application of unparalleled experience and knowledge in this very type of litigation, and has positioned this litigation to secure maximum recovery and protections for the Class.

### 1.   Proposed Interim Cla ss Counsel Have Successfully Handled Similar Complex Class Actions

Fears | Nachawati and Robbins Geller are among the most experienced and successful firms in the nation in litigating class actions, and have extensive experience in the prosecution of the type of claims asserted in this litigation.[4]  Each of the proposed firms specialize in the nationwide prosecution of complex class actions including but not limited to those related to consumer, securities, privacy, insurance, healthcare, and antitrust claims.  Further, all of the firms have taken a leading role in many of the largest federal and state consumer fraud class actions throughout the United States.

### a.   Robbins Geller Rudman & Dowd LLP

Robbins Geller, headquartered in San Diego, is a 180 lawyer national firm with numerous lawyers who are leaders within the class action bar.  Its lawyers are nationally recognized for their efforts on behalf of plaintiffs in consumer class actions, as well as for their work on behalf of individual and institutional shareholders in such landmark class action cases. Robbins Geller has successfully prosecuted thousands of class action lawsuits.[5]  Indeed, Robbins Geller attorneys have litigated some of the most significant class action cases in the United States, both in terms of

---

[4]      *See* Firm Resumes, attached to the Davidson and Nachawati Declarations as **Attachment 3** and **Attachment 1**, respectively.

[5]      For example, Robbins Geller was ranked by RiskMetrics Group at the very top of the list of the top 50 plaintiffs' law firms in the nation for the total dollar amount of final securities class action settlements in 2009.  *See* http://blog.riskmetrics.com/slw/2010/04/the-scas-50-for-2009.html.

landmark legal decisions and in terms of the recoveries obtained for hundreds of millions of consumers, shareholders, and policyholders.  The lawyers at Robbins Geller have decades of experience litigating some of the largest class actions and complex litigation on behalf of plaintiffs in the United States and have recovered more than $45 billion collectively for millions of class members.  *See* Firm Resume of Robbins Geller, attached as **Attachment 3** to the Davidson Declaration.

The firm has been appointed both interim lead and lead class counsel hundreds of times, with unrivaled success.  Their involvement as lead counsel in class actions *generally* includes serving as lead counsel in the following nationwide cases:

- ***Enron Litig ation***.  Robbins Geller obtained the largest recovery ever obtained in a shareholder class action (over $7 billion), in the *Enron* litigation.  *In re Enron*, 529 F. Supp. 2d 644.

- ***Hazardous Toys.***  In 2006-2007, toy manufacturing giant, Mattel and its subsidiary Fisher-Price, announced the recall of over 14 million toys made in China due to the presence of hazardous lead and dangerous magnets in the toys.  Robbins Geller attorneys represented millions of parents and other consumers who purchased or received toys for children that were marketed as safe but were later recalled because they were dangerous.  *In re Mattel, Inc. Toy Lead Paint Produ cts Liability Litigation*, No. 2:07-ml-01897-DSF-AJW (C.D. Cal.).  The firm's attorneys, along with Whatley Drake, reached a landmark settlement for millions of dollars in full cash refunds and lead testing reimbursements, as well as important quality assurance measures going forward to ensure that Mattel's toys are safe for consumers in the future.

- ***Pet Food Products Liability Litigation.***  Robbins Geller attorney Stuart A. Davidson served as co-lead class counsel in this massive products liability MDL before District of New Jersey Judge Noel Hillman, concerning the death and injury to thousands of the nation's cats and dogs due to tainted pet food.  The case settled for $24 million, and resulted in a seminal decision by the Third Circuit Court of Appeals in *In re Pet Food Prods. Liability Litig.*, 345 Fed. Appx. 857 (3d Cir. 2009).

- ***Drivers' Privacy Protection Act.***  In this cutting-edge consumer privacy case, Robbins Geller attorneys Paul J. Geller and Stuart A. Davidson represented a class of half-a-million Florida drivers against a national bank for purchasing the drivers' private information from the state department of motor vehicles for marketing purposes.  After hard-fought litigation that included appeals all the way up to the United States Supreme Court, the firm's attorneys successfully negotiated a $50 million settlement.  The published decision in *Kehoe v. Fid. Fed. Bank & Trust*, 421 F.3d 1209 (11th Cir. 2005), was one of the first opinions construing the Federal Drivers Privacy Protection Act.

- ***Trans Union Privacy Litiga tion.***   Robbins Geller served as class counsel in MDL proceedings brought against one of the nation's largest credit reporting agencies under the Fair Credit Reporting Act and various state laws for Trans Union's sale of personal and financial consumer credit-related information to third parties for target marketing purposes. A class-wide settlement providing for a $75 million settlement fund and credit monitoring services was approved in September 2008.

- ***Visa and MasterCard Fees.***   The firm's attorneys represented California consumers in an action against Visa and MasterCard for intentionally imposing, and concealing, an improper fee from cardholders. After vigorously-contested litigation and a six-month trial, Robbins Geller attorneys won one of the largest consumer-protection verdicts ever in the United States. The court ordered Visa and MasterCard to return $800 million in cardholder charges, which represented 100% of the amount illegally taken, plus 2% interest. In addition, the court ordered full disclosure of the hidden fees.

- ***HMO Emergency Services Compensation Litigation.***   Robbins Geller attorneys Paul J. Geller and Stuart A. Davidson have been at the forefront of one of the most important cases concerning the amount of payments made by HMOs to Florida physicians. The firm represented non-contracting Florida health care providers alleged that four of the largest HMOs operating in the State repeatedly reduced the amount of payments made to these providers in violation of Florida law. The settlements of several of these cases have resulted in tens of millions of dollars in both past damages and future reimbursement rates for the classes.

- ***Tenet Healthcare Cases.***   Robbins Geller attorneys served as co-lead counsel in this class action, representing uninsured patients who were victims of a fraudulent scheme by Tenet hospitals to gouge the uninsured. The case was settled with Tenet changing its practices and making refunds to patients.

Further, Robbins Geller served as sole lead counsel in the massive securities fraud class action *In re Enron Corp. Sec., Derivative & "ERISA" Litig.* where Robbins Geller attorneys secured the largest recovery ever obtained in a shareholder class action (over $7 billion). Notably, the court in *Enron* stated of the firm's attorneys:

> The firm is comprised of probably the most prominent securities class action attorneys in the country. It is not surprising that Defendants have not argued that counsel is not adequate. Counsel's conduct in zealously and efficiently prosecuting this litigation with commitment of substantial resources to that goal evidences those qualities is evident throughout this suit.

529 F. Supp. 2d 644, 675 (S.D. Tex. 2006).

Robbins Geller's class action trial experience is likewise noteworthy. Indeed, the firm achieved the highest ***jury verdict*** ever returned in favor of a shareholder class following a six-week jury trial in *Jaffe v. Household Int'l, Inc.*, No. 02-C-05893 (N.D. Ill. May 7, 2009). In addition to

securing the largest class action settlement in history and the largest jury verdict in a securities class

action, Robbins Geller has also achieved the largest settlement ever in the context of a corporate

takeover class case (*In re Kinder Morgan, Inc. S'holders Litig,* Consol. Case No. 06 C 801 (Dist. Ct.

of Shawnee Cnty., Kan. Nov. 19, 2010) – $200 million), and the largest stock options backdating

class settlement ever (*In re UnitedHealth Grp. Inc. PSLRA Litig.*, No. 06-CV-1691 (D. Minn. Sept.

23, 2009) – $925 million).

Robbins Geller was also recently appointed by Judge Battaglia to serve as a member of the

lead Plaintiffs' Steering Committee in *In re Sony Gaming Networks & Customer Data Sec. Breach

Litig.*, No. 3:11-md-2258 (S.D. Cal.).  Likewise, Judge Sabraw appointed Robbins Geller to serve as

sole lead class counsel in the MDL proceedings, *In re Groupon Mktg. & Sales Practices Litig*, No.

3:11-md-02238-DMS-RBB (S.D. Cal.), and by Judge Whyte to serve as co-lead counsel in the MDL

proceedings, *In re Apple iPhone 4 Prods. Liability Litig.*, Case No. 5:10-md-02188-RMW, MDL

Dkt. No. 2188 (N.D. Cal.).

Perhaps of most significance are the cases where Robbins Geller served as lead counsel in

paving the way for defrauded consumers in nationwide false advertising cases, including:

- ***Dannon Activia®.*** In this case, Robbins Geller attorneys secured the largest ever settlement for a false advertising case involving a food product.  The action alleged that Dannon's advertising for its Activia® and DanActive® branded yogurt products, including the purported benefits of consuming "probiotic" bacteria, were overstated. As part of the nationwide settlement, Dannon agreed to modify its advertising and established a fund of up to $45 million to compensate consumers for their purchases of Activia® and DanActive®.

- ***Wrigley Eclipse Gum & Mint Litigation*** .  In this false advertising case, Robbins Geller attorneys represented a class of consumers involving their purchase of Wrigley's Eclipse gum and mint products which were falsely advertised as containing germ-killing properties. The case resolved with Wrigley creating a fund of $6 million plus up to an additional $1 million if needed to satisfy claims to reimburse eligible consumers up to $10 for qualified purchases of Eclipse chewing gum and mint products with a "natural germ killing" message.

- ***Gillete M3 Razor Marketing Litigation.*** In this false advertising MDL class action lawsuit, Robbins Geller challenged the accuracy of Gillette's advertisements for the M3 Power Razor, specifically its claims that the razor "raises or stimulates hair up and away from the skin."  In mid-2005, Gillette deleted those claims from its ads, which the class action claims were false and misleading and violated consumer-related laws in the United States and Canada.  The proposed Settlement provides

$7,500,000 to benefit Settlement Class Members who obtained an M3 in the USA between May 1, 2004 and September 30, 2005 and in Canada.

Moreover, besides the unparalleled results obtained in false advertising cases, Robbins Geller has obtained class certification victories in several other false advertising cases. *See, e.g., Fitzpatrick v. General Mills*, 09-60412, [Dkt. No. 181] (S.D. Fla. Dec. 2, 2011) (certifying class of "all persons who purchased Yo-Plus in the State of Florida until the date notice is first provided to the class"); *accord Johnson v. General Mills*, 275 F.R.D. 282 (C.D. Cal. 2011) (certifying a class of "all persons who purchased YoPlus in the State of California from the date YoPlus was first sold in California to the date notice is first provided to the Class").

There is no better choice to lead this case on behalf of the Class than Robbins Geller. Robbins Geller has secured some of the largest victories in the history of class action jurisprudence, including following class trials. Because Defendants are represented by some of the most able, experienced and well-resourced defense firms in the field of nationwide class actions, it is imperative that the class members likewise must be represented by the most able and experienced lead counsel in this field.

### b.   Fears | Nachawati

Fears | Nachawati Law Firm, headquartered in Dallas, Texas, specializes in complex class action litigation. *See* **Exhibit B**, the Declaration of Nabil Majed Nachawati, II ("Nachawati Decl."). The firm represents a broad spectrum of clients in the field of complex consumer class action litigation, including false advertising and labeling cases, consumer fraud, privacy rights' violations and deceptive marketing and sale of various pharmaceutical products. Majed Nachawati of Fears | Nachawati Law Firm has dedicated his career to representing consumers and plaintiffs in complex litigation in federal and state courts throughout the nation. Prior to entering private practice, Mr. Nachawati served as a judicial law clerk for the Honorable Linda R. Yanez of the Thirteenth Court of Appeals for two-and-a-half years where he researched, edited and drafted initial opinions for consideration by Justice Yanez in numerous cases. Following his tenure with the court, Mr.

1  Nachawati has been involved in multiple class action, mass tort and MDL proceedings and has

2  recovered millions of dollars on behalf of plaintiffs throughout the nation.  Mr. Nachawati has been

3  nominated and selected as a Rising Star for three years in a row—a distinction provided to less than

4  5% of lawyers throughout the nation.  Mr. Nachawati has also been recognized and quoted by

5  multiple news media sources concerning consumer class actions he has filed, including but not

6  limited to, the ABA Journal and The Washington Post.

7       Mr. Nachawati has extensive experience in litigating consumer class action claims in this

8  District and other federal and state courts throughout the nation.  Mr. Nachawati's law firm filed

9  *Freeman, et al. v. Apple, Inc*, Case No. 5:2010-cv-05881 (N.D. Cal), one of the first consumer class

10  action cases in the nation for privacy violations arising from tracking of consumers on their mobile

11  smart phones, known as "iPhones."  Therein, plaintiffs alleged that defendants utilized methods to

12  collect and store their personally identifiable information ("PII") without their knowledge or consent.

13       Recently, Mr. Nachawati filed the first consumer class action against L'Oreal, a manufacturer

14  of consumer products, seeking recovery on behalf of a nationwide class due to an inadequate label

15  on one of L'Oreal' hair care products.  In the case of *Guido, et al. v. L'Oreal USA, Inc.*, Case No.

16  2:11-cv-01067 (C.D. Cal.), plaintiffs allege that defendant failed to properly label their product as

17  flammable despite evidence that the defendant was aware of this fact.  Plaintiffs argue that they were

18  misled into paying a higher price for the product due to defendant's deceptive and inaccurate

19  labeling practices.  In a recent hearing before the United States District Court for the Central District

20  of California, Mr. Nachawati argued against Defendant L'Oreal's Motion to Dismiss and Motion to

21  Strike Class Allegations.  The court denied Defendant L'Oreal's motion.  In *Guido*, the parties have

22  conducted discovery and are currently taking depositions of fact witnesses.

23       The firm has been appointed both interim lead and lead class counsel in numerous class

24  action cases throughout the nation.  Their involvement as class actions includes the following

25  nationwide cases:

26  • ***L'Oreal Hair Serum Litigation***.  The matter of *Jill Guido, et al. v. L'Oreal USA, Inc*, Case
27    No. 2:11-cv-01067 (C.D. Cal.), is one of the first known consumer class action cases filed
      against L'Oreal arising from L'Oreal's failure to warn consumers about the flammability of a
28    particular hair care product.  In that matter, Majed Nachawati of Fears | Nachawati Law Firm

successfully argued against Defendant L'Oreal's Motion to Dismiss and Motion to Strike Class Allegations in a hearing before the United States District Court for the Central District of California.  Currently, the parties are engaged in discovery and are taking depositions of fact witnesses.

- ***Dreyer's Ice Cream All Natural IngredientsLitigation***.  In the matter of *Pamela Rutledge-Muhs, et al. v. Dreyer's Grand Ice Cream, Inc*, Case No. 4:11-cv-03164-DMR (N.D. Cal.), Mr. Nachawati has been appointed as Interim Co-lead Class Counsel on behalf of a class of consumers who contend that Dreyer's deceptively labeled various ice cream products as "All Natural," when they in fact contained alkalized cocoa processed with potassium carbonate.

- ***Vioxx and Avandia Prescription Drug Litigation***.  In the matters of *In re: Vioxx Products Liability*, MDL-1657 (E.D. LA), *In re: Avandia Marketing, Sales Practices and Products Liability Litigation*, MDL No. 1871 (E.D. Penn.) and *In re: Yasmin and YAZ (Drospirenone) Products Liability Litigation*, MDL No. 2100 (S.D. Ill.), Fears | Nachawati Law Firm represented hundreds of consumers seriously injured in connection with their use of the prescription drugs Vioxx, Avandia and Yaz.

- ***Oreck Vacuum and Air PurifierHealth Benefits Litigation***  In the matter of *Gina Chenier, et al.  v. Oreck Corporation*, Case No. 2:11-cv-05321-CAS-JEM (C.D. Cal.) Fears | Nachawati Law Firm represents a class of consumers who contend that Oreck deceptively labeled various vacuum cleaner and air purifier products as "Flu Fighters" capable of killing harmful germs and bacteria, when they in fact there is no evidence that these products possess such characteristics.

Accordingly, the proposed firms are highly experienced in leading complex, nationwide class litigation, including consumer false advertising class actions, and are well-suited to serve as interim class counsel.

### 2.    Proposed Interim Class Counsel Have Proven Knowledge of the Applicable Law in This Type of Litigation

The proposed firms have extensive knowledge of the applicable federal and state law involved in this action, as their success in past class actions involving false advertising claims and general complex consumer class action litigation demonstrates.  Indeed, these firms have litigated numerous consumer class actions in state and federal courts across the country, including numerous cases in California Federal Court.  Robbins Geller currently serves as court-appointed lead counsel in *Goldstein v. Tongxin Int'l, et al*, Case 2:11-cv-00348-VBF-PJW (C.D. Cal.), pending before this Court.  As such, these firms have the requisite knowledge to lead this matter.

1  As discussed above, Robbins Geller, as lead or co-lead class counsel, has obtained significant

2  recoveries on behalf of tens of millions of consumers in false advertising cases, including against

3  Dannon, Wrigley, General Mills, Gillette, and others.

4  Similarly, Fears│Nachawati Law Firm has extensive experience as class counsel litigating

5  class action cases filed in federal courts throughout the nation.  Among these matters are *Jill Guido,*

6  *et al. v. L'Oreal USA, Inc*, Case No. 2:11-cv-01067 (C.D. Cal.) and *Pamela Rutledge-Muhs, et al. v.*

7  *Dreyer's Grand Ice Cream, Inc*., Case No. 4:11-cv-03164-DMR (N.D. Cal.), described above.

8  As demonstrated above, and as further detailed in each firm's respective resume, members of

9  the proposed firms have vast experience and knowledge of the legal issues applicable to the claims

10  asserted in these proceedings.

11  **3.    Proposed Interim Class Counsel  Are Well-Capitalized and Able
        to Commit the Resources and Effort Necessary to Advance this
12        Litigation in a Timely Manner**

13  The proposed firms are prepared to devote significant human and financial resources to

14  representing the interests of the proposed Class in this action.  They have already committed a

15  number of lawyers, investigators and paraprofessionals to the effort collectively, and will devote

16  whatever further resources are necessary to litigate this case through pre-trial, trial, and any appeals

17  that may be necessary.  *See* Davidson and Nachawati Declarations.  In addition, the firms have the

18  financial wherewithal to fund this litigation – and absorb whatever expenses may be required,

19  including expert expenses – through the entire length of the case, even if this case were to take

20  several years or more to resolve.  The proposed firms have demonstrated their willingness to

21  successfully fund – and try – these types of cases in the past, and will do so here as well.   With that

22  capacity to go forward, any settlement possibility is enhanced.  In fact, that result, a settlement that is

23  fair, reasonable and adequate, has been reached on multiple occasions by members of this

24  recommended litigation group, all inuring to the benefit consumers and the judicial system.

25  The importance of selecting the most experienced group of law firms to represent the Class is

26  even more pressing when considering the resources and representation of the litigants on the other

27  side of the bar.  Defendants are well-capitalized corporate litigants with vast resources and are

28  represented by well-qualified counsel.  To ensure that the Class is best represented against the

1    impressive collection of defense counsel, Class members here need an aggressive, well-funded and

2    experienced advocate willing to litigate this case effectively to its conclusion, up to and including

3    trial, if necessary.  As evidenced by their past successes, the proposed firms are more than capable of

4    filling that role, as they possess the means and talent to aggressively represent Plaintiffs and the

5    Class in these proceedings.  History should be the guide of what resources class counsel will bring to

6    bear on a new case.[6]  *See* Firm Resumes, attached to the Davidson and Nachawati Declarations as

7    **Attachment 3** and **Attachment 1**, respectively.

8         Fears | Nachawati and Robbins Geller have proven track records and possess the

9    qualifications, resources, and ability to fulfill the important role of interim lead counsel in this

10   proceeding.

11   **IV.    NOTICE TO COUNSEL**

12        Undersigned counsel have notified plaintiffs' counsel in the related "Skinnygirl" actions

13   pending in other districts of the filing of the instant Motion in order to give any interested plaintiff's

14   law firm the opportunity to communicate their positions on the Motion.  Undersigned counsel have

15   no objection to the entry of an order directing that any plaintiff's law firm who also desires to be

16   appointed interim class counsel pursuant to Rule 23(g) submit their own memoranda by a date

17   certain.

18   **V.     CONCLUSION**

19        In sum, Fears | Nachawati and Robbins Geller are leading plaintiffs' class action firms, not

20   simply because of size and resources, but because of the expertise and talent in prosecuting complex

21   class actions.  Once committed to a case, Fears | Nachawati and Robbins Geller will see it to the end

22   and expend all the time and resources necessary to successfully prosecute the case on behalf of the

23   Class, including trial and appeal, if necessary.  Ultimately, Fears | Nachawati and Robbins Geller

24

25

---

26   [6]    Notably, in *Enron*, District Judge Harmon appointed Robbins Geller as sole lead counsel,
27   commenting that Robbins Geller is a "law firm with exceptional resources and capability to
     prosecute this action."  *In re Enron Corp. Sec. Litig.*, 206 F.R.D. 427, 454 (S.D. Tex. 2002).

28

will ensure the efficient and orderly prosecution of these proceedings and secure the very best possible representation and outcome for the Class.

For these reasons, as well as others which are further elaborated herein, Fears | Nachawati and Robbins Geller respectfully request that the Court appoint them to serve as Interim Class Counsel.

DATED:  March 19, 2012                    PAYNEMITCHELL LAW GROUP


                                          _____
                                                *s/ R. Dean Gresham,*
                                              R. DEAN GRESHAM

                                          Nabil Majed Nachawati, II
                                          Texas Bar No. 24038319
                                          FEARS | NACHAWATI LAW FIRM
                                          4925 Greenville Avenue, Suite 715
                                          Dallas, TX 75206
                                          Tel: (214) 890-0711
                                          Fax: (214) 890-0712
                                          mn@fnlawfirm.com

                                          Stuart A. Davidson
                                          Florida Bar No. 084824
                                          Cullin A. O'Brien
                                          Florida Bar No. 597341
                                          Mark Dearman
                                          Florida Bar No. 0982407
                                          ROBBINS GELLER RUDMAN & DOWD LLP
                                          120 E. Palmetto Park Road, Suite 500
                                          Boca Raton, FL  33432
                                          Telephone:  561/750-3000
                                          561/750-3364 (fax)
                                          sdavidson@rgrdlaw.com
                                          cobrien@rgrdlaw.com
                                          mdearman@rgrdlaw.com

                                          Daniel R. Tamez, Esq. (Bar No. 216619)
                                          GNAU & TAMEZ LAW GROUP, LLP
                                          1010 Second Avenue, Suite 1750
                                          San Diego, CA 92101
                                          Tel: (619) 446-6736
                                          Fax: (619) 793-5215
                                          danieltamez@sdinjuryattorney.com

1
2      R. Dean Gresham
       PAYNE MITCHELL LAW GROUP, LLP
3      *Of Counsel*
       2911 Turtle Creek Blvd, Suite 1400
4      Dallas, Texas 75219
       6714 Glendora Ave.
5      Dallas, Texas 75230
       Tel: (214) 252-1888
6      Fax: (214) 252-1889
       dean@paynemitchell.com
7
       Attorneys for Plaintiff and the Class
8
9
10
                    **CERTIFICATE OF SERVICE**
11
           I hereby certify that on this 19th day of March, 2012 the foregoing document was filed using
12     the Court's CM/ECF system which will send electronic notice to all counsel of record who have
       appeared and who have registered for electronic notice.
13
14                   PAYNEMITCHELL LAW GROUP
15
16                       *s/ R. Dean Gresham*
                         R. DEAN GRESHAM
17
18
19
20
21
22
23
24
25
26
27
28