# EXHIBIT A

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

Case No. 2:11-cv-07305-JAK-PJW

COLETTE VON KAENEL, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

vs.

SKINNY GIRL COCKTAILS, L.L.C., SGC GLOBAL, L.L.C., BEAM GLOBAL SPIRITS & WINE, INC., and JIM BEAM BRANDS CO.,

Defendants.

**DECLARATION OF STUART A. DAVIDSON IN SUPPORT OF PLAINTIFF'S MOTION FOR APPOINTMENT AS INTERIM CLASS COUNSEL**

Pursuant to 28 U.S.C. § 1746, I, Stuart A. Davidson, have personal knowledge of the facts stated below and, under penalty of perjury, hereby declare:

1. I am a member of the bar of the State of Florida, and I am a partner at the law firm of Robbins Geller Rudman & Dowd LLP, co-counsel for Colette Von Kaenel ("Plaintiff") in the above-captioned action.

2. I submit this declaration in support of Plaintiff's Motion for Appointment as Interim Class Counsel.

3. I make this declaration of personal knowledge and if called as a witness I could and would testify competently to the facts stated herein.

**Investigating and Identifying Claims**

4. Following my firm's filing of an action styled *Greene v. Skinny Girl Cocktails, LLC*, No. No. 0:11-cv-61965 (S.D. Fla. Sept. 2, 2011), the first-filed action involving the false labeling and advertising of Skinnygirl Margarita, my co-counsel at Fears | Nachawati, Gresham PC and Gnau & Tamez Law Group, LLP filed the instant action on behalf of Ms. Colette Von Kaenel on September 6, 2011, asserting claims under Cal. Bus. & Prof. Code §17500, *et seq.*, Cal. Bus. & Prof. Code §17200, *et seq.*, Cal. Civil Code § 1750, *et seq.*, as well as for common law fraud, breach of express warranty and quasi-contract/unjust enrichment.  These claims are based upon Skinnygirl Cocktails, L.L.C., SGC Global, L.L.C., Beam Global Spirits & Wine, Inc. and Jim Beam Brands Co. (collectively, "Skinnygirl Defendants") labeling misrepresentations that their Skinnygirl™ Margarita beverage is "All Natural" and contains "no preservatives", even though the beverage product contains synthetic sodium benzoate.  *See* Doc. 1, Original Class Action Complaint ("Von Kaenel Complaint").

5. Prior to filing the Complaint in the instant action and the *Greene* complaint, my co-counsel and I, along with our staff (collectively, the "Team"), undertook extensive research into the legal, factual and scientific bases for the claims at issue in this case.  First, we carefully studied the product information provided to my law firm by our clients to ascertain the nature of the alleged misrepresentation.  Next, we performed field research with respect to the products at issue, including pricing comparisons at several different retailers.  We spoke with several consultants and conducted research regarding the chemical composition and characteristics of sodium benzoate.  We performed legal research related to FDA regulations, the use of the phrase "all natural" with respect to marketing and labeling, and researched federal preemption issues. We further researched applicable statutory and common law, as well as venue and jurisdiction.

6. We have also continued our investigation subsequent to the filing of this action, and have identified other potential labeling violations, although these have not yet been added in any Amended Complaint. In addition, we have conducted extensive investigation into the potential damages recoverable in this case, including research of professional literature for the price premium obtained through "all natural " claims, research into potential experts on that issue, interview of potential experts and engagement of an expert to conduct a study and produce a report.

**Experience With False Advertising and False Labeling and Advertising Claims**

7. Robbins Geller served as lead counsel in paving the way for defrauded consumers in nationwide false advertising cases, including:

*Dannon Activia®.* In this case, Robbins Geller attorneys secured the largest ever settlement for a false advertising case involving a food product. The action alleged that Dannon's advertising for its Activia® and DanActive® branded yogurt products, including the purported benefits of consuming "probiotic" bacteria, were overstated. As part of the nationwide settlement, Dannon agreed to modify its advertising and established a fund of up to $45 million to compensate consumers for their purchases of Activia® and DanActive®.

*Wrigley Eclipse Gum & Mint Litigation*. In this false advertising case, Robbins Geller attorneys represented a class of consumers involving their purchase of Wrigley's Eclipse gum and mint products which were falsely advertised as containing germ-killing properties. The case resolved with Wrigley creating a fund of $6 million plus up to an additional $1 million if needed to satisfy claims to reimburse eligible consumers up to $10 for qualified purchases of Eclipse chewing gum and mint products with a "natural germ killing" message.

*Gillete M3 Razor Marketing Litigation.* In this false advertising MDL class action lawsuit, Robbins Geller challenged the accuracy of Gillette's advertisements for the M3 Power Razor, specifically its claims that the razor "raises or stimulates hair up and away from the skin." In mid-2005, Gillette deleted those claims from its ads, which the class action claims were false and misleading and violated consumer-related laws in the United States and Canada. The proposed Settlement provides $7,500,000 to benefit Settlement Class Members who obtained an M3 in the USA between May 1, 2004 and September 30, 2005 and in Canada.

8. Additionally, Robbins Geller has obtained class certification victories in several other false advertising cases. *See*, *e.g.*, *Fitzpatrick v. General Mills*, 09-60412, [Dkt. No. 181]

Declaration of Stuart A. Davidson
3

(S.D. Fla. Dec. 2, 2011) (certifying class of "all persons who purchased Yo-Plus in the State of Florida until the date notice is first provided to the class"); *accord Johnson v. General Mills*, 275 F.R.D. 282 (C.D. Cal. 2011) (certifying a class of "all persons who purchased YoPlus in the State of California from the date YoPlus was first sold in California to the date notice is first provided to the Class").

### Experience with Class Actions and Other Complex Litigation

9.      Robbins Geller has been appointed both interim lead and lead class counsel hundreds of times, with unrivaled success. Their involvement as lead counsel in class actions generally includes serving as lead counsel in the following nationwide cases:

> ***Enron Litigation***.  Robbins Geller obtained the largest recovery ever obtained in a shareholder class action (over $7 billion), in the *Enron* litigation. *In re Enron*, 529 F. Supp. 2d 644.
>
> ***Hazardous Toys.***  In 2006-2007, toy manufacturing giant, Mattel and its subsidiary Fisher-Price, announced the recall of over 14 million toys made in China due to the presence of hazardous lead and dangerous magnets in the toys. Robbins Geller attorneys represented millions of parents and other consumers who purchased or received toys for children that were marketed as safe but were later recalled because they were dangerous. *In re Mattel, Inc. Toy Lead Paint Products Liability Litigation*, No. 2:07-ml-01897-DSF-AJW (C.D. Cal.). The firm's attorneys, along with Whatley Drake, reached a landmark settlement for millions of dollars in full cash refunds and lead testing reimbursements, as well as important quality assurance measures going forward to ensure that Mattel's toys are safe for consumers in the future.
>
> ***Pet Food Products Liability Litigation.***  Robbins Geller attorney Stuart A. Davidson served as co-lead class counsel in this massive products liability MDL before District of New Jersey Judge Noel Hillman, concerning the death and injury to thousands of the nation's cats and dogs due to tainted pet food. The case settled for $24 million, and resulted in a seminal decision by the Third Circuit Court of Appeals in *In re Pet Food Prods. Liability Litig.*, 345 Fed. Appx. 857 (3d Cir. 2009).
>
> ***Drivers' Privacy Protection Act.***  In this cutting-edge consumer privacy case, Robbins Geller attorneys Paul J. Geller and Stuart A. Davidson represented a class of half-a-million Florida drivers against a national bank for purchasing the drivers' private information from the state department of motor vehicles for marketing purposes. After hard-fought litigation that included appeals all the way up to the United States Supreme Court, the firm's attorneys successfully negotiated a $50 million settlement. The published decision in *Kehoe v. Fid. Fed. Bank & Trust*, 421 F.3d 1209 (11th Cir. 2005), was one of the first opinions construing the Federal Drivers Privacy Protection Act.

***Trans Union Privacy Litigation.*** Robbins Geller served as class counsel in MDL proceedings brought against one of the nation's largest credit reporting agencies under the Fair Credit Reporting Act and various state laws for Trans Union's sale of personal and financial consumer credit-related information to third parties for target marketing purposes. A class-wide settlement providing for a $75 million settlement fund and credit monitoring services was approved in September 2008.

***Visa and MasterCard Fees.*** The firm's attorneys represented California consumers in an action against Visa and MasterCard for intentionally imposing, and concealing, an improper fee from cardholders. After vigorously-contested litigation and a six-month trial, Robbins Geller attorneys won one of the largest consumer-protection verdicts ever in the United States. The court ordered Visa and MasterCard to return $800 million in cardholder charges, which represented 100% of the amount illegally taken, plus 2% interest. In addition, the court ordered full disclosure of the hidden fees.

***HMO Emergency Services Compensation Litigation.*** Robbins Geller attorneys Paul J. Geller and Stuart A. Davidson have been at the forefront of one of the most important cases concerning the amount of payments made by HMOs to Florida physicians. The firm represented non-contracting Florida health care providers alleged that four of the largest HMOs operating in the State repeatedly reduced the amount of payments made to these providers in violation of Florida law. The settlements of several of these cases have resulted in tens of millions of dollars in both past damages and future reimbursement rates for the classes.

***Tenet Healthcare Cases.*** Robbins Geller attorneys served as co-lead counsel in this class action, representing uninsured patients who were victims of a fraudulent scheme by Tenet hospitals to gouge the uninsured. The case was settled with Tenet changing its practices and making refunds to patients.

10.   Robbins Geller served as sole lead counsel in the massive securities fraud class action *In re Enron Corp. Sec., Derivative & "ERISA" Litig.*, where Robbins Geller attorneys secured the largest recovery ever obtained in a shareholder class action (over $7 billion). Notably, the court in Enron stated of the firm's attorneys:

> The firm is comprised of probably the most prominent securities class action attorneys in the country. It is not surprising that Defendants have not argued that counsel is not adequate. Counsel's conduct in zealously and efficiently prosecuting this litigation with commitment of substantial resources to that goal evidences those qualities is evident throughout this suit.

529 F. Supp. 2d 644, 675 (S.D. Tex. 2006).

11. Robbins Geller's class action trial experience is likewise noteworthy. Indeed, the firm achieved the highest *jury verdict* ever returned in favor of a shareholder class following a six-week jury trial in *Jaffe v. Household Int'l, Inc.*, No. 02-C-05893 (N.D. Ill. May 7, 2009). In addition to securing the largest class action settlement in history and the largest jury verdict in a securities class action, Robbins Geller has also achieved the largest settlement ever in the context of a corporate takeover class case (*In re Kinder Morgan, Inc. S'holders Litig.*, Consol. Case No. 06 C 801 (Dist. Ct. of Shawnee Cnty., Kan. Nov. 19, 2010) – $200 million), and the largest stock options backdating class settlement ever (*In re UnitedHealth Grp. Inc. PSLRA Litig.*, No. 06-CV-1691 (D. Minn. Sept. 23, 2009) – $925 million).

12. Robbins Geller was also recently appointed by Judge Battaglia to serve as a member of the lead Plaintiffs' Steering Committee in *In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*, No. 3:11-md-2258 (S.D. Cal.). Likewise, Judge Sabraw appointed Robbins Geller to serve as sole lead class counsel in the MDL proceedings, *In re Groupon Mktg. & Sales Practices Litig.*, No. 3:11-md-02238-DMS-RBB (S.D. Cal.), and by Judge Whyte to serve as co-lead counsel in the MDL proceedings, *In re Apple iPhone 4 Prods. Liability Litig.*, Case No. 5:10-md-02188-RMW, MDL Dkt. No. 2188 (N.D. Cal.).

**Firm Resources**

13. My law firm has committed and will continue to commit substantial financial and human resources to representing Colette Von Kaenel and the class. My firm is prepared to devote significant human and financial resources to representing the interests of the proposed Class in this action. We have already committed a number of lawyers, investigators and paraprofessionals to the effort collectively, and will devote whatever further resources are necessary to litigate this case through pre-trial, trial, and any appeals that may be necessary. In addition, my firm has the financial wherewithal to fund this litigation – and absorb whatever expenses may be required, including expert expenses – through the entire length of the case, even if this case were to take several years or more to resolve.

**Attachments**

14. Attached hereto are the following:

- **ATTACHMENT 1** -- *In re Skinnygirl Margarita Beverage Mktg. & Sales Practices Litig.*, MDL No. 2306, Order Denying Transfer (J.P.M.L. Dec. 14, 2011);

- **ATTACHMENT 2** -- Transcript of Hearing, *In re Skinnygirl Margarita Beverage Mktg. & Sales Practices Litig.*, MDL No. 2306 (J.P.M.L. Dec. 1, 2011);

- **ATTACHMENT 3** – Firm Resume of Robbins Geller Rudman & Dowd LLP.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: March 19, 2012.

                                                    /s/ *Stuart A. Davidson*
                                                      **Stuart A. Davidson**