# EXHIBIT

# B

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

Case No. 2:11-cv-07305-JAK-PJW

COLETTE VON KAENEL, Individually and
on Behalf of All Others Similarly Situated,

Plaintiff,

vs.

SKINNY GIRL COCKTAILS, L.L.C., SGC
GLOBAL, L.L.C., BEAM GLOBAL SPIRITS
& WINE, INC., and JIM BEAM BRANDS
CO.,

Defendants.

_____

**DECLARATION OF NABIL MAJED NACHAWATI, II IN SUPPORT OF PLAINTIFF'S
MOTION FOR APPOINTMENT AS INTERIM CLASS COUNSEL**

Pursuant to 28 U.S.C. § 1746, I, Nabil Majed Nachawati, II, have personal knowledge of the facts stated below and, under penalty of perjury, hereby declare:

1.      I am a member of the State Bar of Texas, and I am a partner at the Fears Nachawati Law Firm, counsel for Colette Von Kaenel ("Plaintiff") in the above-captioned action.

2.      I submit this declaration in support of Plaintiff's Motion for Appointment as Interim Class Counsel.

3.      I make this declaration of personal knowledge and if called as a witness I could and would testify competently to the facts stated herein.

**Investigating and Identifying Claims**

4.      I, along with my co-counsel, filed the instant action on behalf of Ms. Colette Von Kaenel on September 6, 2011, asserting claims under Cal. Bus. & Prof. Code §17500, *et seq.*, Cal. Bus. & Prof. Code §17200, *et seq.*, Cal. Civil Code § 1750, *et seq.*, as well as for common law fraud, breach of express warranty and quasi-contract/unjust enrichment.  These claims are based upon Skinnygirl Cocktails, L.L.C., SGC Global, L.L.C., Beam Global Spirits & Wine, Inc. and Jim Beam Brands Co. (collectively, "Skinnygirl Defendants") labeling misrepresentations that their Skinnygirl™ Margarita beverage is "All Natural" and contains "no preservatives", even though the beverage product contains synthetic sodium benzoate.  *See* Doc. 1, Original Class Action Complaint ("Von Kaenel Complaint").

5.      Prior to filing the Complaint, my co-counsel and I, along with our staff (collectively, the "Team"), undertook extensive research into the legal, factual and scientific bases for the claims at issue in this case.  First, we carefully studied the product information provided to my law firm by our clients to ascertain the nature of the alleged misrepresentation. Next, we performed field research with respect to the products at issue, including pricing comparisons at several different retailers.  We spoke with several consultants and conducted research regarding the chemical composition and characteristics of sodium benzoate.  We performed legal research related to FDA regulations, the use of the phrase "all natural" with respect to marketing and labeling, and researched federal preemption issues.  We further researched California law regarding Cal. Bus. & Prof. Code §17500, *et seq.*, Cal. Bus. & Prof. Code §17200, *et seq.*, Cal. Civil Code § 1750, *et seq.*, common law fraud, breach of express warranty and quasi-contract/unjust enrichment, as well as venue and jurisdiction.

6.      We have also continued our investigation subsequent to the filing of this action, and have identified other potential labeling violations, although these have not yet been added in any Amended Complaint.   In addition, we have conducted extensive investigation into the potential damages recoverable in this case, including research of professional literature for the price premium obtained through "all natural " claims, research into potential experts on that issue, interview of potential experts and engagement of an expert to conduct a study and produce a report.

### Experience With Labeling Claims, Class Actions and Other Complex Litigation

7.      I have nearly a decade of legal experience and remain dedicated to representing consumers in class action and complex litigation, practicing in the fields of consumer class action and mass tort litigation.   Currently, I am involved in numerous class actions involving allegations of consumer fraud, privacy rights' violations and false advertising.

8.      Prior to founding my law practice, I served as a judicial law clerk for The Honorable Justice Linda Yanez of The Thirteenth Court of Appeals of Texas–Corpus Christi.   I have been selected as a Rising Star for three years in a row, a distinction given to less than 5% of lawyers in the nation.   As indicated infra, a copy of my curriculum vitae is attached hereto as Attachment 1.

9.      I, along with my co-counsel, maintain a respected track record in consumer class actions.   Recently, I filed a consumer class action against Defendant L'Oreal on the basis of false advertising concerning a product label.   *Guido, et al. v. L'Oreal USA, Inc.*, Case No. 2:11-cv-01067 (C.D. Cal.).

10.      More specifically, on February 3, 2011, I filed the first lawsuit against L'Oreal asserting claims, inter alia, under the UCL, CLRA, UCC and FAL.   On May 2, 2011, Defendant filed a motion to dismiss and motion to strike class allegations.   Following a June 27, 2011 hearing on Defendant's motion, Judge Snyder denied the motion to dismiss and motion to strike class allegations in their entirety.   Judge Snyder entered a scheduling conference and the parties recently held a Rule 26 conference and are currently engaged in the discovery process.

---

Declaration of Nabil Majed Nachawati, II

3

11. I filed one of the first class actions against Apple on behalf of a nationwide class of individuals in this district based on violations of federal and state privacy laws. *See Freeman, et. al. v. Apple, Inc.*, Case No. 5:2010-cv-05881 (N.D. Cal) (concerning the intentional interception of Plaintiffs' personally identifiable information ("PII")). The case has received coverage from multiple national news media outlets and has been the subject of intense debate. http://www.washingtonpost.com/wpdyn/content/article/2010/12/28/AR2010122803648.html;http ://www.abajournal.com/news/article/lawsuit_says_unique_apple_iphone_and_ipad_ids_let_adve rtisers_track/. The case has been consolidated and is currently pending before Judge Lucy H. Koh in this District. *See Freeman, et al. v. Apple, Inc.*, Case No. 5:2010-cv-05881 (N.D. Cal).

12. In the matters of *In re: Vioxx Products Liability*, MDL-1657 (E.D. LA), *In re: Avandia Marketing, Sales Practices and Products Liability Litigation*, MDL No. 1871 (E.D. Penn.) and *In re: Yasmin and YAZ (Drospirenone) Products Liability Litigation*, MDL No. 2100 (S.D. Ill.), I represented hundreds of consumers seriously injured in connection with their use of prescription drugs Vioxx, Avandia and Yaz.

13. My firm has been involved in a leadership role in numerous class action cases throughout the nation. My involvement in class actions and complex multi-district litigationincludes the following nationwide cases:

> ***L'Oreal Hair Serum Litigation***. The matter of *Jill Guido, et al. v. L'Oreal USA, Inc.*, Case No. 2:11-cv-01067 (C.D. Cal.), is one of the first known consumer class action cases filed against L'Oreal arising from L'Oreal's failure to warn consumers about the flammability of a particular hair care product. In that matter, Majed Nachawati of Fears Nachawati Law Firm successfully argued against Defendant L'Oreal's Motion to Dismiss and Motion to Strike Class Allegations in a hearing before the United States District Court for the Central District of California. Currently, the parties are engaged in discovery and are taking depositions of fact witnesses.

> ***Dreyer's Ice Cream All Natural Ingredients Litigation***. In the matter of *Pamela Rutledge-Muhs, et al. v. Dreyer's Grand Ice Cream, Inc.*, Case No. 4:11-cv-03164-DMR (N.D. Cal.), Mr. Nachawati has been appointed as Interim Co-lead Class Counsel on behalf of a class of consumers who contend that Dreyer's deceptively labeled various ice cream products as "All Natural," when they in fact contained alkalized cocoa processed with potassium carbonate.

***Vioxx and Avandia Prescription Drug Litigation***.   In the matters of *In re: Vioxx Products Liability*, MDL-1657 (E.D. LA), *In re: Avandia Marketing, Sales Practices and Products Liability Litigation*, MDL No. 1871 (E.D. Penn.) and *In re: Yasmin and YAZ (Drospirenone) Products Liability Litigation*, MDL No. 2100 (S.D. Ill.), Fears | Nachawati Law Firm represented hundreds of consumers seriously injured in connection with their use of the prescription drugs Vioxx, Avandia and Yaz.

***Oreck Vacuum and Air Purifier Health Benefits Litigation***.   In the matter of *Gina Chenier, et al. v. Oreck Corporation*, Case No. 2:11-cv-05321-CAS-JEM (C.D. Cal.) Fears | Nachawati Law Firm represents a class of consumers who contend that Oreck deceptively labeled various vacuum cleaner and air purifier products as "Flu Fighters" capable of killing harmful germs and bacteria, when they in fact there is no evidence that these products possess such characteristics.

**Firm Resources**

14.     My law firm has committed and will continue to commit substantial financial and human resources to representing Colette Von Kaenel and the class.  My firm is prepared to devote significant human and financial resources to representing the interests of the proposed Class in this action.  We have already committed a number of lawyers, investigators and paraprofessionals to the effort collectively, and will devote whatever further resources are necessary to litigate this case through pre-trial, trial, and any appeals that may be necessary. In addition, my firm has the financial wherewithal to fund this litigation – and absorb whatever expenses may be required, including expert expenses – through the entire length of the case, even if this case were to take several years or more to resolve.

**Attachments**

15.    Attached hereto are the following:

- **ATTACHMENT 1** -- CV for Fears │ Nachawati Law Firm.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: March 19, 2012.

_/s/ Nabil Majed Nachawati, II_____

**Nabil Majed Nachawati, II**
