ROBIN D. BALL (State Bar No. 159698)
rball@chadbourne.com
SUSAN M. ST. DENIS (State Bar No. 149636)
sst.denis@chadbourne.com
CHADBOURNE & PARKE LLP
350 South Grand Avenue, 32nd Floor
Los Angeles, CA  90071
Telephone:  (213) 892-1000
Facsimile:  (213) 892-2045

Attorneys for Defendants
BEAM GLOBAL SPIRITS & WINE, INC. and
JIM BEAM BRANDS CO.

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| COLETTE VON KAENEL, individually and on behalf of all others similarly situated,<br><br>            Plaintiff,<br><br>v.<br><br>SKINNY GIRL COCKTAILS, L.L.C., SGC GLOBAL, L.L.C., BEAM GLOBAL SPIRITS & WINE, INC. and JIM BEAM BRANDS CO.,<br><br>            Defendants. | Case No.  LACV11-7305 JAK (PJW)<br><br>**BEAM DEFENDANTS' OPPOSITION TO MOTION FOR APPOINTMENT OF PLAINTIFF'S COUNSEL AS INTERIM CLASS COUNSEL**<br><br>DATE:   May 21, 2012<br>TIME:   8:30 a.m.<br>CTRM:  750<br>JUDGE: Honorable John A. Kronstadt |

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ...................................................................................... 1

II. BACKGROUND ........................................................................................ 2

    A. Skinnygirl Margarita and The Defendants ..................................... 2

    B. The Pending Putative Class Actions ............................................... 2

    C. Denial Of Plaintiff's MDL Motion .................................................. 4

    D. Prior Proceedings Here ................................................................... 4

    E. Plaintiff's Counsel's Motion And Proposed Order ......................... 5

    F. Status Of Actions Pending In Other Districts ................................. 5

III. ARGUMENT .............................................................................................. 6

    A. The Motion Must Be Denied Because Appointment Of Interim Class Counsel Under Rule 23(g) Is Proper Only Where Multiple Actions Are Pending In A Single District And Appointment Is Shown To Be "*Necessary* To Protect The Interests Of The Putative Class" ................................................................................... 6

    B. Plaintiff's Counsel Failed To Comply With Local Rule 7-3 ........ 10

IV. CONCLUSION ........................................................................................ 11

**CHADBOURNE & PARKE LLP**
350 South Grand Avenue, 32nd Floor
Los Angeles, CA 90071 (213) 892-1000

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

Amador v. Logistics Express, Inc.,
  2010 U.S. Dist. LEXIS 97999 (C.D. Cal. Aug. 27, 2010) .................................. 7

Burns v. Navistar, Inc.,
  2011 U.S. Dist. LEXIS 18147 (S.D. Cal. Feb. 24, 2011) ........................... 7, 8, 9

Donaldson v. Pharmacia Pension Plan,
  2006 WL 1308582 (S.D. Ill. May 10, 2006) ....................................................... 7

Ehler v. Ipex, Inc.,
  2009 WL 1392075 (D. Colo. May 15, 2009) ...................................................... 8

In re Air Cargo Shipping Servs. Antitrust Litig.,
  240 F.R.D. 56 (E.D.N.Y. 2006) ........................................................................... 7

In re Skinnygirl Margarita Beverage Mktg. and Sales Practices Litig.,
  2011 U.S. Dist. LEXIS 144913 (J.P.M.L. Dec. 14, 2011) ............................ 4, 10

Jenkins v. Hyundai Motor Fin. Co.,
  2008 WL 781862 (S.D. Ohio Mar. 24, 2008) ..................................................... 6

Nutz for Candy v. Ganz, Inc.,
  2008 U.S. Dist. LEXIS 79340 (N.D. Cal. Sept. 19, 2008) .............................. 8, 9

Park v. The Thomson Corp.,
  05-CV-2931 (S.D.N.Y. Dec. 18, 2006) ............................................................... 8

Parrish v. National Football League Players Inc.,
  2007 WL 1624601 (N.D. Cal. Jun. 4, 2007) ....................................................... 8

Sajfr v. BBG Commc'ns, Inc.,
  2011 WL 765884 (S.D. Cal. Feb. 25, 2011) ....................................................... 7

SEC v. Richie,
  2006 U.S. Dist. LEXIS 57258 (C.D. Cal. Aug. 14, 2006) ................................ 11

Singer v. Live Nation Worldwide, Inc.,
  2012 U.S. Dist. LEXIS 5196 (C.D. Cal. Jan. 13, 2012) .................................... 11

Watson v. Schwarzenegger,
    347 F. App'x 282 (9th Cir. 2009) ................................................................. 5

White v. TransUnion, LLC,
    239 F.R.D. 681 (C.D. Cal. 2006) ................................................................. 7

**STATUTES**

28 U.S.C. § 1407 ............................................................................................... 4

28 U.S.C. § 1407(a) .......................................................................................... 9

28 U.S.C. § 1407(b) .......................................................................................... 9

Fed R. Civ. P. 23(g) ................................................................................. passim

Fed. R. Civ. P. 23(g)(3) ........................................................................... passim

Fed. R. Civ. P. 42 ............................................................................................. 7

C.D. Cal. Local R. 7-3 ............................................................................ 1, 5, 11

C.D. Cal. Local R. 23-3 .................................................................................... 5

**OTHER AUTHORITIES**

5 Moore's Federal Practice, § 23.121 ............................................................... 7

Manual for Complex Litigation, § 21.11 (4th ed. 2004) ............................... 7, 9

## I. INTRODUCTION

The motion by Plaintiff's Texas attorneys from Fears Nachawati and Florida attorneys from Robbins Geller to be appointed interim class counsel (the "Motion") is an improper attempt to circumvent the denial of Plaintiff's prior application to the Judicial Panel on Multidistrict Litigation ("Multidistrict Panel") for transfer and consolidation of Skinnygirl Margarita litigation pending in eight District Courts to a single District.  The Motion is substantively meritless and procedurally defective (counsel did not attempt to confer as Local Rule 7-3 requires).

Plaintiff's Brief and proposed order (titled a "Proposed Pretrial Order") are not entirely explicit about whether counsel really contemplate an order from this Court granting them authority and control over actions pending in other Districts and counsel there.  The Proposed Pretrial Order – imperfectly converted, it seems, from a form contemplated for use in an MDL – would appoint four of Plaintiff's counsel as "interim co-lead class counsel" in "The Actions and all other related actions *pending or hereafter filed in or transferred to this Court."*  Proposed Pretrial Order, ¶ I.A; [1] *id., ¶* I.B.  "The Actions" is not defined; the quoted text seems to limit the term to actions pending in this Court.  Plaintiff's Brief does not directly address the issue, but does state that Plaintiff's counsel intends to give notice to counsel in actions "pending in other districts."  Plaintiff's Brief at 12. Beam Defendants received a copy of correspondence to such counsel inviting "other lead counsels to attend the hearing and apply for a leadership role in connection with the litigation."  Ball Decl. ¶ 3 & Exh. A.  Thus, it appears that Plaintiff's counsel intend the appointment to encompass cases in other Districts.

Plaintiff's Brief likewise does not discuss (much less justify) the authority counsel contemplate they will be granted over counsel and cases in other Districts. The Proposed Pretrial Order, however, states that their "responsibilities and duties"

---

[1]  Emphases in all quotations are added unless noted otherwise.

BEAM DEFENDANTS' OPPOSITION TO MOTION FOR APPOINTMENT OF PLAINTIFF'S COUNSEL
AS INTERIM CLASS COUNSEL

CPAM: 4616506.8

in all cases will include, *inter alia*, briefing and arguing all motions, including class certification; discovery; pretrial conferences; settlement negotiations; control of trial preparation and trial; control over all filings; and oversight of other counsel's time expended and expenses. Proposed Pretrial Order, ¶¶ I.B, I.C, and I.E.

Plaintiff's counsel ignore the requirements of Fed. R. Civ. P. Rule 23(g)(3). Appointing interim class counsel under Rule 23(g)(3) is appropriate only where multiple cases are pending in a single district, either as a result of filing or transfer (as in an MDL). That situation is not present here: Plaintiff's action is the *only* Skinnygirl Margarita action pending in this District. Further, appointing interim class counsel is proper only where it is "*necessary* to protect the interest of the putative class." Fed R. Civ. P. 23(g), 2003 advisory committee notes. The Motion, however, is *not* aimed at protecting putative class members, but at promoting the interests of these Texas and Florida counsel over those of counsel in the other pending actions. Tellingly, nowhere do these counsel even attempt to show that appointing interim class counsel is necessary to protect the putative class's interests.

Thus, there is no basis for appointment of interim class counsel, or for Plaintiff's counsel's attempt to gain control of actions pending in other Districts.

## II. BACKGROUND

### A. Skinnygirl Margarita and The Defendants

"Skinnygirl Margarita" is a pre-mixed, low-calorie alcoholic beverage. Defendant Jim Beam Brands Co. ("Jim Beam"), a wholly owned subsidiary of Defendant Beam Global Spirits & Wine LLC (f/k/a Beam Global Spirits and Wine, Inc.) (collectively with Jim Beam, the "Beam Defendants"), purchased the "Skinnygirl Margarita" trademark and certain related assets in a March 17, 2011, asset-purchase agreement with Defendant Skinny Girl Cocktails LLC and others.

### B. The Pending Putative Class Actions

There are presently pending nine putative class-action complaints concerning Skinnygirl Margarita, of which only the present action, *Von Kaenel*, is pending in

this District. The Complaint in *Greene v. Skinny Girl Cocktails, LLC, et al.,* Case No. 0:11-cv-61965-KMW (S.D. Fla.) was filed by Robbins Geller on September 2, 2011. Four days later, on September 6, 2011, three additional actions were filed, including the present case, *Bonar v. Beam Global Spirits & Wine, Inc.*, Case No. 3:11-CV-02058-CAB (WMc) (S.D. Cal.), and *Stewart v. Beam Global Sprits & Wine, Inc.*, Case No. 1:11-cv-05149 (NLH/KMW) (D.N.J.). Over the next few weeks, actions were filed in four other Districts.[2]

Each of these nine actions alleges that Skinnygirl Margarita was deceptively sold as "all natural," and is not "all natural" because it contains sodium benzoate.[3] Based on this allegation, the cases purport to assert statutory and/or common law claims under the laws of the state where the action was filed (Florida, California, New Jersey, New York, Illinois and New Mexico).[4] An individual who is not a

---

[2] The additional actions are: *Sims v. Beam Global Spirits & Wine, Inc.,* Case No. 1:11-cv-06403 (N.D. Ill.) (filed 9/14/11); *Jernigan v. Beam Global Spirits & Wine, Inc.,* Case No. 3:11-cv-00842-DRH-PMF (S.D. Ill.) (filed 9/16/11); *Rapcinsky v. Skinnygirl Cocktails, L.L.C., Case No.* 11-CIV-6546 (S.D.N.Y.) (filed 9/20/11); *Langendorf v. Skinnygirl Cocktails, LLC,* Case No. 11-cv-07060 (N.D. Ill.) (filed 10/6/11); and *Roth v. Beam Global Spirits & Wine, Inc.* Case No. 1:11-CV-01023-ACT-RHS (D.N.M.) (filed 11/18/11).

[3] The assertion in Plaintiff's Brief at pp. 1 and 3 that defendants have conceded that Skinnygirl Margarita is not "All Natural" is false. Beam Defendants' counsel acknowledged in the MDL hearing that Beam understands that the product contains "an infinitesimally tiny amount" of sodium benzoate. Davidson Decl. Att. 2 at 14:5-7 (MDL Hearing Transcript). But, as Plaintiff's counsel are well aware, Beam Defendants dispute that the presence of sodium benzoate – a naturally occurring substance that is produced by the human body when a variety of ordinary foods are consumed – renders the product labeling inaccurate. On the contrary, the Skinnygirl Margarita label (a) is fully consistent with the regulations governing alcoholic beverage labeling (including use of the term "natural") adopted by the Alcohol and Tobacco Tax and Trade Bureau ("TTB"), the federal agency that regulates alcoholic beverage labeling, and (b) was consequently approved by the TTB after submission of an application disclosing the product's contents.

[4] Two actions (*Rapcinsky* and *Langendorf*) also allege that Skinnygirl Margarita was deceptively marketed as containing "100% blue agave tequila," asserting

CHADBOURNE & PARKE LLP
350 South Grand Avenue, 32nd Floor
Los Angeles, CA  90071 (213) 892-1000

party to the present action, New York resident Bethenny Frankel, is named as a defendant in *Stewart* (NJ) and *Langendorf* (IL).

**C.   Denial Of Plaintiff's MDL Motion**

On September 22, 2011, Plaintiff's counsel here filed a motion for transfer pursuant to 28 U.S.C. § 1407 with the Multidistrict Panel, seeking to transfer and consolidate and/or coordinate her action with the other putative Skinnygirl class actions, either here or in the District of New Jersey. Defendants opposed the motion; plaintiffs in *Rapcinsky, Langendorf,* and *Stewart* opposed transfer to California; and certain other plaintiffs were amenable to coordination/consolidation in New Jersey or Florida. *See* In re Skinnygirl Margarita Beverage Mktg. and Sales Practices Litig., 2011 U.S. Dist. LEXIS 144913, at *1 (J.P.M.L. Dec. 14, 2011). On December 15, 2011, the Multidistrict Panel denied the motion, agreeing with defendants that the common factual issues were not sufficiently numerous or complex to justify an MDL. *Id*. at 1-2.[5]

**D.   Prior Proceedings Here**

This action was filed by Daniel Tamez of Gnau & Tamez Law Group, LLP, located in San Diego, Nabil Majed Nachawati, II of the Fears Nachawati Law Firm, located in Dallas, Texas, and Dallas-based Gresham P.C. lawyers R. Dean Gresham (who later moved to Payne Mitchell in Dallas) and Jennifer Johnson (who later withdrew). (Complaint, Dkt No. 1.) Messrs. Nachawati and Gresham and Ms. Johnson applied for and were granted admission *pro hac vice*. (Dkt Nos. 8-9, 14,

---

additional state statutory and common-law claims.

[5] The Multidistrict Panel observed that the fact that the actions were brought under the laws of varying states obviated any concern about conflicting or multiple rulings. *See* In re Skinnygirl Margarita, 2011 U.S. Dist. LEXIS 144913, at *2; Davidson Decl.*,* Att. 2 at 9:19-23 (MDL Hearing Transcript) ("JUDGE VRATIL: So why is it important that there be consistent rulings if it is all decided by state law, and why wouldn't it make sense for the judges who are in those respective jurisdictions to decide the cases under the law that they are familiar with?").

- 4 -

CHADBOURNE & PARKE LLP
350 South Grand Avenue, 32nd Floor
Los Angeles, CA  90071 (213) 892-1000

16-17, 22.) On December 27-28, 2011, Stuart Davidson, Cullin O'Brien, and Mark Dearman of the Boca Raton, Florida, office of Robbins Geller Rudman & Dowd entered notices of appearance; they, too, applied for and were granted admission *pro hac vice*. (Dkt Nos. 41-51.) To date, the only California lawyer who has appeared for Plaintiff is Mr. Tamez.

The Rule 16 Conference, which the Court initially deferred pending resolution of the MDL motion, was held January 30, 2012. At the Conference, while Defendants' counsel noted that Plaintiff had not timely moved for class certification in accordance with Local Rule 23-3 or sought an extension of that ninety-day deadline,[6] the Court exercised its discretion to relax that requirement and, *inter alia*, set the following schedule: Last day to move for class certification – 5/4/12; Opposition due – 6/18/12; Reply due – 7/6/12; Hearing – 8/6/12.

### E. Plaintiff's Counsel's Motion And Proposed Order

Plaintiff's counsel initially attempted to file this Motion (having failed to confer with defense counsel beforehand, Ball Decl. ¶ 4) on March 15, 2012. (Dkt No. 61.) While Plaintiff's papers referenced a hearing date, counsel had not complied with the Court's procedures for obtaining hearing dates, and the pleadings were otherwise defective. The Court ordered the motion stricken. (Dkt No. 62.)

Plaintiff's counsel then re-filed the Motion on March 19, 2012, apparently after properly obtaining a May 21, 2012 hearing date. However, Plaintiff still failed to comply with Local Rule 7-3's meet-and-confer requirement. Ball Decl. ¶ 5.

### F. Status Of Actions Pending In Other Districts

Counsel and courts in the cases described in Part II.B., *supra*, have been far from idle since the Panel denied Plaintiff's MDL motion in December 2011. In *Langendorf*, counsel filed a motion for class certification on April 4, 2012. Ball

---

[6] *See* Watson v. Schwarzenegger, 347 F. App'x 282 (9th Cir. 2009) (upholding district court decision under Local Rule 23-3 striking class allegations for failure to timely move for class certification or request an extension).

- 5 -

1  Decl. ¶ 6.  Class certification motions are due before the hearing on this Motion in
2  *Greene, Stewart,* and *Rapcinsky.  Id.*  The early meeting of counsel, initial
3  disclosures, and Rule 16 conference have occurred in those cases and in *Jernigan*,
4  and discovery is ongoing.  *Id.*  In *Bonar*, the parties participated in an Early Neutral
5  Evaluation to discuss settlement with a Magistrate Judge pursuant to the local rules
6  on April 9, 2012; a discovery plan is due by May 16, and the Rule 16 Conference is
7  scheduled for May 23, 2012.  *Id.*  In *Roth,* an Article III judge has recently been
8  appointed to replace the presiding Magistrate Judge.  *Id.*

### III.  ARGUMENT

**A.  The Motion Must Be Denied Because Appointment Of Interim Class Counsel Under Rule 23(g) Is Proper Only Where Multiple Actions Are Pending In A Single District And Appointment Is Shown To Be "*Necessary* To Protect The Interests Of The Putative Class"**

"Although [Rule 23(g)(3)] does not provide a standard for determining whether interim counsel should be appointed, courts that have construed it have relied on the Advisory Committee Notes accompanying the rule which limit its use to circumstances when interim counsel is *necessary* to protect the interests of the putative class."  Jenkins v. Hyundai Motor Fin. Co., 2008 WL 781862, at *3 (S.D. Ohio Mar. 24, 2008) (citations omitted).  *See* Fed R. Civ. P. 23(g), 2003 advisory committee notes (rule "authorizes the court to designate interim counsel during the pre-certification period *if necessary to protect the interests of the putative class"*).

Under "normal circumstances," interim class counsel is unnecessary because "[a]ny attorney who acts on behalf of the class prior to certification, including the attorney who filed the action, must act in the best interests of the class as a whole." 5 Moore's Federal Practice, § 23.121; Fed R. Civ. P. 23(g), 2003 advisory committee notes.  The need to appoint interim counsel generally arises where there are multiple class cases pending in the same District; in such cases "there may be rivalry or uncertainty that makes formal designation of interim counsel appropriate."  Fed R. Civ. P. 23(g), 2003 advisory committee notes.  *See, e.g.,*

- 6 -

White v. TransUnion, LLC, 239 F.R.D. 681, 683 (C.D. Cal. 2006) ("[T]hose cases in which interim counsel is appointed are typically those in which a large number of putative class actions have been consolidated or are otherwise pending *before a single court*").[7] *Accord* 5 Moore's Federal Practice, § 23.121 (discussing "unusual" circumstances where appointing interim class counsel is appropriate to eliminate "duplicative and unproductive posturing by the competing attorneys" seeking appointment); Manual for Complex Litigation, § 21.11 (4th ed. 2004) (if "there are a number of overlapping, duplicative, or competing suits pending in other courts, and *some or all of those suits may be consolidated,*" designating interim class counsel may be proper because "a number of lawyers may compete for class counsel appointment").[8]

In contrast, where there is a single case pending before a court (even if other cases are pending in other Districts), or there is only one counsel seeking appointment as class counsel, courts have found it unnecessary to appoint interim class counsel. *See* Burns v. Navistar, Inc., 2011 U.S. Dist. LEXIS 18147, at *7-*8 (S.D. Cal. Feb. 24, 2011) (finding "no compelling reason" to appoint interim class counsel despite pendency of a similar action in another district because "[t]here is

---

[7] *See also* Amador v. Logistics Express, Inc., 2010 U.S. Dist. LEXIS 97999, at *4-6 (C.D. Cal. Aug. 27, 2010) (considering appointment *after* Fed. R. Civ. P. 42 consolidation); In re Air Cargo Shipping Servs. Antitrust Litig., 240 F.R.D. 56, 57 (E.D.N.Y. Nov. 15, 2006) ("In cases such as this, where multiple overlapping and duplicative class actions have been transferred to *a single district* for the coordination of pretrial proceedings, designation of interim class counsel is encouraged"); Donaldson v. Pharmacia Pension Plan, 2006 WL 1308582, at *1 (S.D. Ill. May 10, 2006) ("[T]he Court's research indicates that the kind of matter in which interim counsel is appointed is one where a large number of putative class actions have been consolidated or otherwise are pending *in a single court*").

[8] Even if more than one action is pending in a District, interim class counsel is still unwarranted absent a showing that it is necessary to protect the putative class. *See* Sajfr v. BBG Commc'ns, Inc., 2011 WL 765884, at *2-3 (S.D. Cal. Feb. 25, 2011) (denying appointment where three actions were pending in the District).

- 7 -

but one case now before the Court, and there is little confusion that it is the responsibility of [movant's counsel] to protect the interests of the putative class"); Nutz for Candy v. Ganz, Inc., 2008 U.S. Dist. LEXIS 79340, at *2 (N.D. Cal. Sept. 19, 2008) (rejecting motion for appointment of interim counsel where the court had "a single action and a single firm seeking to be appointed interim lead counsel," despite pendency of similar cases in other Districts that had not been consolidated before the court); Parrish v. National Football League Players Inc., 2007 WL 1624601, at *9 (N.D. Cal. Jun. 4, 2007) (appointment unnecessary because "there is a single action and a single law firm who has moved to be appointed," "[t]here are not multiple complaints, nor is there a gaggle of law firms jockeying to be appointed" and "[n]o consolidation with other actions is on the horizon").  As Burns observed, the only cases involving appointment of interim class counsel where there were cases pending in different districts did so pursuant to a stipulation of the parties and were "uncontroversial." 2011 U.S. Dist. LEXIS 18147, at *6-7.[9] Consequently, the case law "overwhelmingly supports" the view that interim class counsel is limited to circumstances where multiple cases are pending in a single court. *Id.* at *8-9.

Appointing interim class counsel would be improper here because only one Skinnygirl action is pending in this District.  There is no confusion about whose responsibility it is to protect the putative class.  Mr. Nachawati and the Robbins Geller lawyers do not assert that some dispute has arisen with the other lawyers who are counsel in *Von Kaenel*.  None of the counsel in the other Skinnygirl actions

---

[9] In Park v. The Thomson Corp., 05-CV-2931 (S.D.N.Y. Dec. 18, 2006), the defendant stipulated to entry of an order appointing interim counsel for a putative national class.  And in Ehler v. Ipex, Inc., 2009 WL 1392075, at *1, *3 (D. Colo. May 15, 2009), defense counsel likewise did not oppose the motion, which notably did not purport to give interim class counsel authority over actions pending elsewhere, but instead required only that interim counsel "plan and coordinate, to the extent practicable, with the related actions filed" in other District Courts.

- 8 -

have attempted what Plaintiff's counsel seeks here – to wrest control of the other actions from the indiviuals who filed them and their chosen counsel. Given the denial of Plaintiff's MDL motion, this is not a case where suits pending in other Districts "may be consolidated" here. *See* Manual for Complex Litigation, § 21.11.

Tellingly, Plaintiff does not even attempt to show that appointing interim class counsel is *necessary* to protect the putative class's interests. *See* Plaintiff's Brief at 3-12.[10] Instead, Plaintiff's Brief skips past this obstacle, devoting its entire argument to the qualifications of Fears Nachawati and Robbins Geller. *Id.*[11]

Plaintiff's counsel seeks to have the Court act as though their MDL motion had been granted, and this Court had been designated by the Multidistrict Panel as the transferee court. The MDL process, not Rule 23(g)(3), is the process designed by Congress and the Courts for determining whether actions in multiple Districts should be coordinated by a single court. The MDL transferee court can exercise authority over the parties and counsel in transferred actions under 28 U.S.C. §§ 1407(a) and (b). But there is no comparable grant of authority in Rule 23(g)(3) (or any other Federal Rule) authorizing a District Court to appoint class counsel with authority over counsel and parties with cases pending elsewhere. It is at best doubtful that a Court in one District can appoint class counsel (who may not even be admitted to practice in the other courts where other actions are pending) with

---

[10] The mere fact that other putative class actions are pending in other Districts (invoking other states' laws) does not mean that appointing interim class counsel is necessary to protect the interests of the putative class. *See* Burns, 2011 U.S. Dist. LEXIS 18147, at *8 ("Plaintiff's vague assertions notwithstanding, it is unclear precisely how the [action pending in another district] places the interest of the putative class in jeopardy"); Nutz for Candy, 2008 U.S. Dist. LEXIS 79340, at *2.

[11] Because Beam Defendants do not believe that it is appropriate to appoint interim class counsel, we do not attempt to address here Plaintiff's counsel's qualifications.

- 9 -

CHADBOURNE & PARKE LLP
350 South Grand Avenue, 32nd Floor
Los Angeles, CA 90071 (213) 892-1000

1  authority over other parties and counsel over whom the District Court arguably has
2  no jurisdiction, interfering with the procedures and rulings of other District Courts.

3        Plaintiff's arguments for an MDL were measured and found wanting by the
4  Multidistrict Panel, which instead made clear there should be separate proceedings
5  in the various District Courts where the actions were filed, administered by judges
6  familiar with the governing state law.  In re Skinnygirl Margarita, 2011 U.S. Dist.
7  LEXIS 144913, at *2; Davidson Decl. Att. 2 at 9:19-23 (MDL Hearing Transcript)
8  (comments of Judge Vratil).[12]  Plaintiff's counsel should not be permitted to obtain
9  the same relief through the "back door" by invoking Rule 23(g)(3), a Rule not
10 designed for multidistrict application and not applied in that fashion by the courts.

11       Moreover, given that discovery and class certification proceedings have
12 moved forward in other cases, the relief Plaintiff's counsel seek – an order granting
13 them control over discovery, class certification, and other proceedings in those
14 cases – will already be, at least in part, moot by the time this motion is heard.  If,
15 following the denial of their MDL motion in mid-December 2011, Plaintiff's
16 counsel truly thought appointment of interim class counsel was appropriate under
17 Rule 23(g) and necessary to protect the putative class, they should have made their
18 motion long before now.  Instead, it is readily apparent that the real reason this
19 Motion was made is not to protect the putative class, but to help Plaintiff's Texas
20 and Florida lawyers stake a claim on the actions filed by other lawyers elsewhere.

21       Thus, the showing required by Rule 23(g) has not been and cannot be made.

22 **B.**  **Plaintiff's Counsel Failed To Comply With Local Rule 7-3**

23       Plaintiff's counsel did not comply with Local Rule 7-3's requirement that,
24 before filing a motion (with exceptions not pertinent here), counsel "shall first
25 contact opposing counsel to discuss thoroughly, preferably in person, the substance

---

[12] Even had an MDL been approved, it is not clear that the cases would have been transferred to this District, rather than another jurisdiction proposed by the parties.

- 10 -

BEAM DEFENDANTS' OPPOSITION TO MOTION FOR APPOINTMENT OF PLAINTIFF'S COUNSEL
AS INTERIM CLASS COUNSEL

CPAM: 4616506.8

CHADBOURNE & PARKE LLP
350 South Grand Avenue, 32nd Floor
Los Angeles, CA  90071 (213) 892-1000

1 of the contemplated motion and any potential resolution." Ball Decl., ¶¶ 4-5. Thus,
2 Plaintiff's notice of motion does not state, as Rule 7-3 requires, that "This motion is
3 made following the conference of counsel pursuant to L.R. 7-3 which took place on
4 (date)." (*See* Dkt No. 64.) The Motion should be denied for this reason as well.[13]

## IV. CONCLUSION

For the foregoing reasons, the Motion must be denied.

Dated: April 30, 2012                    CHADBOURNE & PARKE LLP


By       /s/ Robin D. Ball
         ROBIN D. BALL
    Attorneys for Defendants BEAM
       GLOBAL SPIRITS & WINE, INC.
       and JIM BEAM BRANDS CO.

---

[13] *See* Singer v. Live Nation Worldwide, Inc., 2012 U.S. Dist. LEXIS 5196, at *3-4 (C.D. Cal. Jan. 13, 2012) (compliance with Local Rule 7-3 is mandatory, even where movant believes the process would be futile); SEC v. Richie, 2006 U.S. Dist. LEXIS 57258 at *5 (C.D. Cal. Aug. 14, 2006) ("That defense counsel believed a conference of counsel would be futile is not a sufficient justification for non-compliance with Rule 7-3").