ROBIN D. BALL (State Bar No. 159698)
rball@chadbourne.com
SUSAN M. ST. DENIS (State Bar No. 149636)
sst.denis@chadbourne.com
CHADBOURNE & PARKE LLP
350 South Grand Avenue, 32nd Floor
Los Angeles, CA 90071
Telephone: (213) 892-1000
Facsimile: (213) 892-2045

DONALD I STRAUBER (Adm. Pro Hac Vice)
dstrauber@chadbourne.com
MARY T. YELENICK (Adm. Pro Hac Vice)
myelenick@chadbourne.com
CHADBOURNE & PARKE LLP
30 Rockefeller Plaza
New York, NY 10112
Telephone: (212) 408-5100
Facsimile: (212) 541-5369

Attorneys for Defendants
BEAM GLOBAL SPIRITS & WINE, INC. and
JIM BEAM BRANDS CO.

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| COLETTE VON KAENEL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SKINNY GIRL COCKTAILS, L.L.C., SGC GLOBAL, L.L.C., BEAM GLOBAL SPIRITS & WINE, INC. and JIM BEAM BRANDS CO.,<br><br>Defendants. | Case No. LA CV11-7305 JAK (PJW)<br><br>**DECLARATION OF MARIA MARTIN IN SUPPORT OF STIPULATION RE [PROPOSED] CONSENT PROTECTIVE ORDER**<br><br>[(1) Stipulation Re [Proposed] Consent Protective Order of Confidentiality and (2) [Proposed] Consent Protective Order of Confidentiality Filed Concurrently Herewith]<br><br>Initial Complaint Filed: Sept. 6, 2011 |

I, MARIA MARTIN, declare as follows:

1.  I am over 21 years of age and am competent in all respects to give the testimony contained herein.

2.  I make this declaration in support of the parties' Stipulation Re [Proposed] Consent Protective Order of Confidentiality. This declaration is based on my personal knowledge of the policies and practices at Beam Global Spirits & Wine LLC ("Beam Global"), and its wholly owned subsidiary, Jim Beam Brands Co. ("Jim Beam"), as augmented by information confirmed by colleagues at Jim Beam and Beam Global.

3.  I am currently Director, Intellectual Property, at Jim Beam, and work in the legal department. I was employed by Beam Inc. (formerly Fortune Brands Inc.) from 2000 – 2005 and have been employed by Jim Beam since 2005. I have overseen Jim Beam's intellectual property portfolio since 2000. In my job, I am responsible for the management of the companies' intellectual property portfolio both in the United States and abroad. I strategically manage our existing intellectual property assets. Our goal is to take a global approach to intellectual property management, ensuring key intellectual property assets support business growth plans, are adequately protected in key markets and expenditures are consistent with business initiatives. Intellectual property assets include trademarks, trade dress (look and feel and shape of a product), licensing, copyrights, patents, etc.

4.  I am also familiar with the internal practices employed by Beam Global and Jim Beam to protect their confidential and highly confidential documents.

5.  I am familiar with Jim Beam's purchase of the "Skinnygirl Margarita" trademark and certain related rights in a March 17, 2011, asset-purchase agreement with Skinny Girl Cocktails LLC and others.

6.  I am familiar with the development, manufacturing, bottling, and

- 1 -
DECLARATION OF MARIA MARTIN IN SUPPORT OF STIPULATION RE [PROPOSED] CONSENT PROTECTIVE ORDER

CPAM: 4691822.1

1  marketing procedures of Beam Global and Jim Beam, including as they relate to
2  "Skinnygirl Margarita."
3       7.    I am familiar with the claims involved in "Skinnygirl Margarita"-
4  related product liability lawsuits, which concern, among other things, allegations
5  regarding the presence of sodium benzoate in "Skinnygirl Margarita."
6       8.    I submit this declaration to describe why certain documents are so
7  proprietary or competitively sensitive that their disclosure to the competitors of
8  Beam Global and Jim Beam could cause irreparable competitive injury to both
9  companies.

## I.   Measures Taken To Protect Confidential And Highly Confidential Documents Related To "Skinnygirl Margarita"

12      9.    Jim Beam, like other beverage alcohol companies, spends substantial
13 financial resources each year researching, developing and marketing beverage
14 alcohol products. Those efforts are at the heart of the company. Information
15 regarding product research, development, and marketing efforts are trade secrets,
16 and protection of that information is vital to the company's survival. For that
17 reason, Jim Beam carefully guards confidential information.
18      10.   Jim Beam's marketing plans and reports for "Skinnygirl Margarita"
19 and its product ingredients, formulas, specifications, and recipes, as well as its
20 bottling and manufacturing processes, are not generally made available to persons
21 outside Jim Beam absent execution of a confidentiality agreement. In other words,
22 Jim Beam does not publish or voluntarily disclose such information, research, or
23 manufacturing specifications.
24      11.   In particular, Jim Beam's marketing plans and reports for its products,
25 including "Skinnygirl Margarita," are maintained as confidential.
26      12.   Jim Beam's efforts to maintain the secrecy of its trade secrets and
27 other confidential, proprietary information are ongoing.

### A. Employees Are Specifically Required To Protect Such Materials

13. All employees at Jim Beam, regardless of their position or physical location, are subject to certain company-wide policies that limit dissemination of proprietary and confidential information. As is common in the industry, all Jim Beam employees sign a confidentiality agreement as a condition of their employment, pursuant to which they agree not to disclose or make use of confidential information learned at Jim Beam even after their employment with Jim Beam has ended. Jim Beam employees also must sign a confidentiality agreement at the conclusion of their employment with the company that reminds the employee about their obligation to keep confidential and proprietary information confidential and to avoid any unauthorized use or disclosure to any party.

### B. Security Measures Are In Use At Both On-Site And Off-Site Facilities Where Such Materials Are Stored

14. Jim Beam also employs additional specific security measures not only at its own facilities, but also at its off-site facilities.

15. As a further safeguard to protect against public dissemination of confidential documents, Jim Beam has taken specific steps to limit access to those documents within its own facilities. Non-Jim Beam persons are not permitted access to record storage areas or work stations where confidential records, such as product formulas and marketing plans, may be located.

16. Jim Beam also takes steps to protect the secrecy of materials stored by Jim Beam in its off-site record retention center. For example, Jim Beam stores some files and documents in a secure, off-site location maintained by an outside vendor that specializes in the maintenance of confidential materials. Access to any materials stored there is permitted only by request from an authorized representative at Jim Beam.

17. In short, through its company-wide policies and on-site and off-site procedures, Jim Beam takes measures to ensure the secrecy of its proprietary and

- 3 -

confidential information, regardless of where that information is located.

## II. Beam Would Suffer Harm If Confidential And Highly Confidential Documents Were Disclosed To Competitors

### A. Documents Containing Marketing Plans

18. Jim Beam's marketing plans and reports reflect marketing strategies based upon experience, market research, and know-how gained over many years and at great expense by Jim Beam and which cannot be gained by other means. Such marketing plans describe Jim Beam's overall strategy for marketing "Skinnygirl Margarita" and may detail, for example, Jim Beam's marketing and advertising strategies, list of objectives, targeted audiences, and analyses of competitors' products.

19. Disclosure of these strategies and other marketing information to competitors would incalculably harm Jim Beam. With this information, a competitor would obtain an invaluable and otherwise unobtainable insight into Jim Beam's marketing strategy, and be able to allocate its own marketing resources accordingly. The result would be to diminish the overall effectiveness of Jim Beam's marketing efforts, and immeasurably damage Jim Beam.

### B. Documents Containing Research And Development

20. Jim Beam's research and development documents, including but not limited to its product formulas, specifications, recipes and manufacturing processes, are of critical value to the company. The value of these investments would be largely lost if disclosed to Jim Beam's competitors. Further, disclosure of Jim Beam's highly confidential product formulas, specifications, etc. could assist a competitor in developing a product that would compete directly with "Skinnygirl Margarita." Such a situation would result in irreparable competitive injury to Jim Beam. For example, some of the documents that Jim Beam will produce to Plaintiff in response to her discovery requests may include the ingredient lists for "Skinnygirl Margarita." The ingredient lists are part of a submission that beverage

alcohol companies, like Jim Beam, must make to the U.S. Alcohol and Tobacco Tax and Trade Bureau in order to sell a particular product in the United States. Although submitted to a federal agency, these submissions are not available to the public, even under the Freedom of Information Act.

21. If its confidential documents were disclosed to its competitors, the harm to Jim Beam would be enormous. Jim Beam has made a substantial investment of human resources, capital, facilities, and equipment in developing each of these documents and the issues they discuss.

22. If these documents were disclosed to a competitor, that competitor could easily use the information contained in these materials unfairly to gain a competitive advantage over Jim Beam.

23. If an outside party were to obtain these documents, it could develop products to compete with Jim Beam's products, including "Skinnygirl Margarita," or develop strategies to compete with Jim Beam in the marketplace. Either scenario would ultimately cause irreparable competitive injury to Jim Beam.

24. If research and development were disclosed to Jim Beam's competitors, then a scientist working to develop a product to compete with "Skinnygirl Margarita" at a competing beverage alcohol company could have direct access to Jim Beam's most sensitive research on the same topic. Using this information, a competitor could unfairly profit from Jim Beam's research. Simply put, a competitor could use this information to bring to market a competing product identical to "Skinnygirl Margarita" in taste.

25. To date, Jim Beam has spent substantial financial resources in its efforts to purchase, refine, and market "Skinnygirl Margarita." Thus, the potential harm to Jim Beam, both in terms of copycat design and lost revenue, would be incalculable.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

- 5 -

DECLARATION OF MARIA MARTIN IN SUPPORT OF STIPULATION RE [PROPOSED] CONSENT PROTECTIVE ORDER

CPAM: 4691822.1

1     Executed this <u>11</u>th day of May, 2012 at <u>Deerfield</u>, <u>Illinois</u>.

 

                                                  */s/ Maria Martin*
                                                MARIA MARTIN

CHADBOURNE & PARKE LLP
350 South Grand Avenue, 32nd Floor
Los Angeles, CA 90071 (213) 892-1000