1   ROBIN D. BALL (State Bar No. 159698)
    rball@chadbourne.com
2   SUSAN M. ST. DENIS (State Bar No. 149636)
    sst.denis@chadbourne.com
3   CHADBOURNE & PARKE LLP
    350 South Grand Avenue, 32nd Floor
4   Los Angeles, CA 90071
    Telephone: (213) 892-1000
5   Facsimile: (213) 892-2045

6   DONALD I STRAUBER (Adm. Pro Hac Vice)
    dstrauber@chadbourne.com
7   MARY T. YELENICK (Adm. Pro Hac Vice)
    myelenick@chadbourne.com
8   CHADBOURNE & PARKE LLP
    30 Rockefeller Plaza
9   New York, NY 10112
    Telephone: (212) 408-5100
10  Facsimile: (212) 541-5369

11  Attorneys for Defendants
    BEAM GLOBAL SPIRITS & WINE, INC. and
12  JIM BEAM BRANDS CO.

13

14          IN THE UNITED STATES DISTRICT COURT

15          FOR THE CENTRAL DISTRICT OF CALIFORNIA

16                  LOS ANGELES DIVISION

17

18  COLETTE VON KAENEL,                  Case No. LA CV11-7305 JAK (PJW)
    individually and on behalf of all others
19  similarly situated,                  STIPULATION RE [PROPOSED]
                                         CONSENT PROTECTIVE ORDER
20              Plaintiff,               OF CONFIDENTIALITY

21      v.
                                         [Declaration of Maria Martin In Support
22  SKINNY GIRL COCKTAILS, L.L.C.,       and [Proposed] Consent Protective
    SGC GLOBAL, L.L.C., BEAM             Order of Confidentiality Filed
23  GLOBAL SPIRITS & WINE, INC. and      Concurrently Herewith]
    JIM BEAM BRANDS CO.,
24
                Defendants.
25                                       Initial Complaint Filed: Sept. 6, 2011

26

27

28  (Counsel for additional parties listed on following page)

CHADBOURNE & PARKE LLP
350 South Grand Avenue, 32nd Floor
Los Angeles, CA 90071 (213) 892-1000

1 | NABIL M. NACHAWATI, II (Adm. Pro Hac Vice)
mn@fnlawfirm.com
2 | FEARS NACHAWATI LAW FIRM PLLC
4925 Greenville Avenue, Suite 715
3 | Dallas, TX 75206
Telephone: (214) 890-0711
4 | Facsimile: (214) 890-0712

5 | CULLIN A. O'BRIEN (Adm. Pro Hac Vice)
cobrien@rgrdlaw.com
6 | MARK J. DEARMAN (Adm. Pro Hac Vice)
mdearman@rgrdlaw.com
7 | STUART A. DAVIDSON (Adm. Pro Hac Vice)
sdavidson@rgrdlaw.com
8 | ROBBINS GELLER RUDMAN & DOWD LLP
120 East Palmetto Park Road, Suite 500
9 | Boca Raton, FL 33432
Telephone: (561) 750-3000
10 | Facsimile: (561) 750-3364

11 | R. DEAN GRESHAM (Adm. Pro Hac Vice)
dean@paynemitchell.com
12 | PAYNE MITCHELL LAW GROUP, LLP
2911 Turtle Creek Blvd., Suite 1400
13 | Dallas, Texas, 75219
Telephone: (214) 252-1888
14 | Facsimile: (214) 525-1889

15 | DANIEL ROMAN TAMEZ
danieltamez@sdinjuryattorney.com
16 | GNAU & TAMEZ LAW GROUP LLP
1010 Second Avenue, Suite 1750
17 | San Diego, CA 92101
Telephone: (619) 446-6736
18 | Facsimile: (619) 793-5215

19 | Attorneys for Plaintiff COLETTE VON KAENEL

20 |

21 | RICKY L. SHACKELFORD
shackelfordr@gtlaw.com
22 | ROBERT J. HERRINGTON
herringtonr@gtlaw.com
23 | MATTHEW R. GERSHMAN
gershmanm@gtlaw.com
24 | GREENBERG TRAURIG LLP
2450 Colorado Avenue, Suite 400 East
25 | Santa Monica, CA 90404
Telephone: (310) 586-7700
26 | Facsimile: (310) 586-7800

27 | Attorneys for Defendants
SKINNY GIRL COCKTAILS, L.L.C. and SGC GLOBAL, L.L.C.

28 |

CHADBOURNE & PARKE LLP
350 South Grand Avenue, 32nd Floor
Los Angeles, CA 90071 (213) 892-1000

- 2 -

## RECITALS

WHEREAS, Plaintiff Colette Von Kaenel individually and on behalf of all others similarly situated, ("Plaintiff"), and Defendants Skinny Girl Cocktails, LLC, SGC Global, LLC, and Beam Global Spirits & Wine LLC, formerly known as Beam Global Spirits & Wine, Inc., (collectively "Defendants") are conducting discovery in connection with Civil Action Number 2:11-cv-07305 (the "Litigation");

WHEREAS, Plaintiff and Defendants desire, by entering into this stipulation, to preserve the confidentiality of certain information provided in connection with this action;

WHEREAS, Defendants submit concurrently herewith the Declaration of Maria Martin in Support of Stipulation and [Proposed] Consent Protective Order of Confidentiality ("Martin Declaration"); and

WHEREAS, Plaintiff does not concede or admit any statements in the Martin Declaration, but consents to entry of this Stipulation and of the [Proposed] Consent Protective Order of Confidentiality;

/ / /

/ / /

/ / /

CHADBOURNE & PARKE LLP
350 South Grand Avenue, 32nd Floor
Los Angeles, CA 90071 (213) 892-1000

STIPULATION RE [PROPOSED] CONSENT PROTECTIVE ORDER

CPAM: 4681938.3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**STIPULATION**

THEREFORE, Plaintiff and Defendants hereby stipulate to entry of the [Proposed] Consent Protective Order submitted herewith.

Respectfully submitted,

Dated:  May 14, 2012

_____/s/ Robin D. Ball_____

Robin D. Ball
CHADBOURNE & PARKE LLP

*Attorneys for Defendants Beam Global Spirits & Wine LLC, and Jim Beam Brands Co.*

Dated:  May ___, 2012

_____

Nabil Majed Nachawati, II
FEARS | NACHAWATI LAW FIRM

*Attorneys for Plaintiff Colette Von Kaenel*

Dated:  May ___, 2012

_____

Rick L. Shackelford
Robert J. Herrington
Matthew R. Gershman
GREENBERG TRAURIG, LLP

*Attorneys for Defendants Skinny Girl Cocktails, L.L.C. and SGC Global, L.L.C.*

CHADBOURNE & PARKE LLP
350 South Grand Avenue, 32nd Floor
Los Angeles, CA 90071 (213) 892-1000

- 4 -

STIPULATION RE [PROPOSED] CONSENT PROTECTIVE ORDER

CPAM: 4681938.3

**STIPULATION**

THEREFORE, Plaintiff and Defendants hereby stipulate to entry of the [Proposed] Consent Protective Order submitted herewith.

Respectfully submitted,

Dated: May ___, 2012

_____
Robin D. Ball
CHADBOURNE & PARKE LLP

*Attorneys for Defendants Beam Global Spirits & Wine LLC, and Jim Beam Brands Co.*

Dated: May *14*, 2012

_____
Nabil Majed Nachawati, II
FEARS | NACHAWATI LAW FIRM

*Attorneys for Plaintiff Colette Von Kaenel*

Dated: May ___, 2012

_____
Rick L. Shackelford
Robert J. Herrington
Matthew R. Gershman
GREENBERG TRAURIG, LLP

*Attorneys for Defendants Skinny Girl Cocktails, L.L.C. and SGC Global, L.L.C.*

CHADBOURNE & PARKE LLP
350 South Grand Avenue, 32nd Floor
Los Angeles, CA 90071 (213) 892-1000

- 4 -

CPAM: 4681938.3

**STIPULATION**

THEREFORE, Plaintiff and Defendants hereby stipulate to entry of the [Proposed] Consent Protective Order submitted herewith.

Respectfully submitted,

Dated: May \_\_\_, 2012

_____
Robin D. Ball
CHADBOURNE & PARKE LLP

*Attorneys for Defendants Beam Global Spirits & Wine LLC, and Jim Beam Brands Co.*

Dated: May 14, 2012

_____
Nabil Majed Nachawati, II
FEARS | NACHAWATI LAW FIRM

*Attorneys for Plaintiff Colette Von Kaenel*

Dated: May 14, 2012

_____
Rick L. Shackelford
Robert J. Herrington
Matthew R. Gershman
GREENBERG TRAURIG, LLP

*Attorneys for Defendants Skinny Girl Cocktails, L.L.C. and SGC Global, L.L.C.*

- 4 -

STIPULATION RE [PROPOSED] CONSENT PROTECTIVE ORDER

CPAM: 4681938.3

1  ROBIN D. BALL (State Bar No. 159698)
   rball@chadbourne.com
2  SUSAN M. ST. DENIS (State Bar No. 149636)
   sst.denis@chadbourne.com
3  CHADBOURNE & PARKE LLP
   350 South Grand Avenue, 32nd Floor
4  Los Angeles, CA  90071
   Telephone:   (213) 892-1000
5  Facsimile:   (213) 892-2045

6  DONALD I STRAUBER (Adm. Pro Hac Vice)
   dstrauber@chadbourne.com
7  MARY T. YELENICK (Adm. Pro Hac Vice)
   myelenick@chadbourne.com
8  CHADBOURNE & PARKE LLP
   30 Rockefeller Plaza
9  New York, NY  10112
   Telephone:   (212) 408-5100
10 Facsimile:   (212) 541-5369

11 Attorneys for Defendants
   BEAM GLOBAL SPIRITS & WINE, INC. and
12 JIM BEAM BRANDS CO.

13

14              IN THE UNITED STATES DISTRICT COURT

15            FOR THE CENTRAL DISTRICT OF CALIFORNIA

16                     LOS ANGELES DIVISION

17

18 COLETTE VON KAENEL,                Case No.  LA CV11-7305 JAK (PJW)
   individually and on behalf of all others
19 similarly situated,               **DECLARATION OF MARIA
                                     MARTIN IN SUPPORT OF
20              Plaintiff,           STIPULATION RE [PROPOSED]
                                     CONSENT PROTECTIVE ORDER**
21 v.

22 SKINNY GIRL COCKTAILS, L.L.C.,    [(1) Stipulation Re [Proposed] Consent
   SGC GLOBAL, L.L.C., BEAM          Protective Order of Confidentiality and
23 GLOBAL SPIRITS & WINE, INC. and   (2) [Proposed] Consent Protective Order
   JIM BEAM BRANDS CO.,              of Confidentiality Filed Concurrently
24                                   Herewith]
                Defendants.
25

26                                   Initial Complaint Filed:  Sept. 6, 2011

27

28

*CHADBOURNE & PARKE LLP*
350 South Grand Avenue, 32nd Floor
Los Angeles, CA 90071 (213) 892-1000

I, MARIA MARTIN, declare as follows:

1.      I am over 21 years of age and am competent in all respects to give the testimony contained herein.

2.      I make this declaration in support of the parties' Stipulation Re [Proposed] Consent Protective Order of Confidentiality.  This declaration is based on my personal knowledge of the policies and practices at Beam Global Spirits & Wine LLC ("Beam Global"), and its wholly owned subsidiary, Jim Beam Brands Co. ("Jim Beam"), as augmented by information confirmed by colleagues at Jim Beam and Beam Global.

3.      I am currently Director, Intellectual Property, at Jim Beam, and work in the legal department.  I was employed by Beam Inc. (formerly Fortune Brands Inc.) from 2000 – 2005 and have been employed by Jim Beam since 2005.  I have overseen Jim Beam's intellectual property portfolio since 2000.  In my job, I am responsible for the management of the companies' intellectual property portfolio both in the United States and abroad.  I strategically manage our existing intellectual property assets.  Our goal is to take a global approach to intellectual property management, ensuring key intellectual property assets support business growth plans, are adequately protected in key markets and expenditures are consistent with business initiatives.  Intellectual property assets include trademarks, trade dress (look and feel and shape of a product), licensing, copyrights, patents, etc.

4.      I am also familiar with the internal practices employed by Beam Global and Jim Beam to protect their confidential and highly confidential documents.

5.      I am familiar with Jim Beam's purchase of the "Skinnygirl Margarita" trademark and certain related rights in a March 17, 2011, asset-purchase agreement with Skinny Girl Cocktails LLC and others.

6.      I am familiar with the development, manufacturing, bottling, and

CHADBOURNE & PARKE LLP
350 South Grand Avenue, 32nd Floor
Los Angeles, CA 90071 (213) 892-1000

- 1 -

1    marketing procedures of Beam Global and Jim Beam, including as they relate to
2    "Skinnygirl Margarita."

3        7.    I am familiar with the claims involved in "Skinnygirl Margarita"-
4    related product liability lawsuits, which concern, among other things, allegations
5    regarding the presence of sodium benzoate in "Skinnygirl Margarita."

6        8.    I submit this declaration to describe why certain documents are so
7    proprietary or competitively sensitive that their disclosure to the competitors of
8    Beam Global and Jim Beam could cause irreparable competitive injury to both
9    companies.

10   **I.    Measures Taken To Protect Confidential And Highly**
11        **Confidential Documents Related To "Skinnygirl Margarita"**

12       9.    Jim Beam, like other beverage alcohol companies, spends substantial
13   financial resources each year researching, developing and marketing beverage
14   alcohol products.  Those efforts are at the heart of the company.  Information
15   regarding product research, development, and marketing efforts are trade secrets,
16   and protection of that information is vital to the company's survival.  For that
17   reason, Jim Beam carefully guards confidential information.

18       10.   Jim Beam's marketing plans and reports for "Skinnygirl Margarita"
19   and its product ingredients, formulas, specifications, and recipes, as well as its
20   bottling and manufacturing processes, are not generally made available to persons
21   outside Jim Beam absent execution of a confidentiality agreement.  In other words,
22   Jim Beam does not publish or voluntarily disclose such information, research, or
23   manufacturing specifications.

24       11.   In particular, Jim Beam's marketing plans and reports for its products,
25   including "Skinnygirl Margarita," are maintained as confidential.

26       12.   Jim Beam's efforts to maintain the secrecy of its trade secrets and
27   other confidential, proprietary information are ongoing.

28

CHADBOURNE & PARKE LLP
350 South Grand Avenue, 32nd Floor
Los Angeles, CA 90071 (213) 892-1000

- 2 -

## A. Employees Are Specifically Required To Protect Such Materials

13.     All employees at Jim Beam, regardless of their position or physical location, are subject to certain company-wide policies that limit dissemination of proprietary and confidential information.  As is common in the industry, all Jim Beam employees sign a confidentiality agreement as a condition of their employment, pursuant to which they agree not to disclose or make use of confidential information learned at Jim Beam even after their employment with Jim Beam has ended.  Jim Beam employees also must sign a confidentiality agreement at the conclusion of their employment with the company that reminds the employee about their obligation to keep confidential and proprietary information confidential and to avoid any unauthorized use or disclosure to any party.

## B. Security Measures Are In Use At Both On-Site And Off-Site Facilities Where Such Materials Are Stored

14.     Jim Beam also employs additional specific security measures not only at its own facilities, but also at its off-site facilities.

15.     As a further safeguard to protect against public dissemination of confidential documents, Jim Beam has taken specific steps to limit access to those documents within its own facilities.  Non-Jim Beam persons are not permitted access to record storage areas or work stations where confidential records, such as product formulas and marketing plans, may be located.

16.     Jim Beam also takes steps to protect the secrecy of materials stored by Jim Beam in its off-site record retention center.  For example, Jim Beam stores some files and documents in a secure, off-site location maintained by an outside vendor that specializes in the maintenance of confidential materials.  Access to any materials stored there is permitted only by request from an authorized representative at Jim Beam.

17.     In short, through its company-wide policies and on-site and off-site procedures, Jim Beam takes measures to ensure the secrecy of its proprietary and

- 3 -

CPAM: 4691822.1

CHADBOURNE & PARKE LLP
350 South Grand Avenue, 32nd Floor
Los Angeles, CA  90071 (213) 892-1000

1  confidential information, regardless of where that information is located.

2  **II.  Beam Would Suffer Harm If Confidential And Highly**
3  **Confidential Documents Were Disclosed To Competitors**

4  **A.  Documents Containing Marketing Plans**

5  18.  Jim Beam's marketing plans and reports reflect marketing strategies

6  based upon experience, market research, and know-how gained over many years

7  and at great expense by Jim Beam and which cannot be gained by other means.

8  Such marketing plans describe Jim Beam's overall strategy for marketing

9  "Skinnygirl Margarita" and may detail, for example, Jim Beam's marketing and

10  advertising strategies, list of objectives, targeted audiences, and analyses of

11  competitors' products.

12  19.  Disclosure of these strategies and other marketing information to

13  competitors would incalculably harm Jim Beam. With this information, a

14  competitor would obtain an invaluable and otherwise unobtainable insight into Jim

15  Beam's marketing strategy, and be able to allocate its own marketing resources

16  accordingly. The result would be to diminish the overall effectiveness of Jim

17  Beam's marketing efforts, and immeasurably damage Jim Beam.

18  **B.  Documents Containing Research And Development**

19  20.  Jim Beam's research and development documents, including but not

20  limited to its product formulas, specifications, recipes and manufacturing processes,

21  are of critical value to the company. The value of these investments would be

22  largely lost if disclosed to Jim Beam's competitors. Further, disclosure of Jim

23  Beam's highly confidential product formulas, specifications, etc. could assist a

24  competitor in developing a product that would compete directly with "Skinnygirl

25  Margarita." Such a situation would result in irreparable competitive injury to Jim

26  Beam. For example, some of the documents that Jim Beam will produce to

27  Plaintiff in response to her discovery requests may include the ingredient lists for

28  "Skinnygirl Margarita." The ingredient lists are part of a submission that beverage

CHADBOURNE & PARKE LLP
350 South Grand Avenue, 32nd Floor
Los Angeles, CA 90071 (213) 892-1000

-4-

1    alcohol companies, like Jim Beam, must make to the U.S. Alcohol and Tobacco

2    Tax and Trade Bureau in order to sell a particular product in the United States.

3    Although submitted to a federal agency, these submissions are not available to the

4    public, even under the Freedom of Information Act.

5        21.    If its confidential documents were disclosed to its competitors, the

6    harm to Jim Beam would be enormous.  Jim Beam has made a substantial

7    investment of human resources, capital, facilities, and equipment in developing

8    each of these documents and the issues they discuss.

9        22.    If these documents were disclosed to a competitor, that competitor

10   could easily use the information contained in these materials unfairly to gain a

11   competitive advantage over Jim Beam.

12       23.    If an outside party were to obtain these documents, it could develop

13   products to compete with Jim Beam's products, including "Skinnygirl Margarita,"

14   or develop strategies to compete with Jim Beam in the marketplace.  Either scenario

15   would ultimately cause irreparable competitive injury to Jim Beam.

16       24.    If research and development were disclosed to Jim Beam's

17   competitors, then a scientist working to develop a product to compete with

18   "Skinnygirl Margarita" at a competing beverage alcohol company could have direct

19   access to Jim Beam's most sensitive research on the same topic.  Using this

20   information, a competitor could unfairly profit from Jim Beam's research.  Simply

21   put, a competitor could use this information to bring to market a competing product

22   identical to "Skinnygirl Margarita" in taste.

23       25.    To date, Jim Beam has spent substantial financial resources in its

24   efforts to purchase, refine, and market "Skinnygirl Margarita."  Thus, the potential

25   harm to Jim Beam, both in terms of copycat design and lost revenue, would be

26   incalculable.

27       I declare under penalty of perjury under the laws of the United States that the

28   foregoing is true and correct to the best of my knowledge.

- 5 -

CHADBOURNE & PARKE LLP
350 South Grand Avenue, 32nd Floor
Los Angeles, CA 90071 (213) 892-1000

Executed this _11_ th day of May, 2012 at _Deerfield, Illinois_.

_Maria Martin_
MARIA MARTIN

CHADBOURNE & PARKE LLP
350 South Grand Avenue, 32nd Floor
Los Angeles, CA 90071 (213) 892-1000

- 6 -

DECLARATION OF MARIA MARTIN IN SUPPORT OF STIPULATION RE [PROPOSED] CONSENT
PROTECTIVE ORDER

CPAM: 4691822.1

FILED
CLERK, U.S. DISTRICT COURT

MAY 1 6 2012

CENTRAL DISTRICT OF CALIFORNIA
BY                               DEPUTY

1

2

3

4

5

6

7

8

9

10                    IN THE UNITED STATES DISTRICT COURT

11                  FOR THE CENTRAL DISTRICT OF CALIFORNIA

12                          LOS ANGELES DIVISION

13

14   COLETTE VON KAENEL,                Case No.  LA CV11-7305 JAK (PJW)
     individually and on behalf of all others
15   similarly situated,                [PROPOSED] CONSENT
                                        PROTECTIVE ORDER OF
16              Plaintiff,              CONFIDENTIALITY

17   v.

18   SKINNY GIRL COCKTAILS, L.L.C.,
     SGC GLOBAL, L.L.C., BEAM
19   GLOBAL SPIRITS & WINE, INC. and
     JIM BEAM BRANDS CO.,
20
                Defendants.
21
                                        Initial Complaint Filed:  Sept. 6, 2011
22

23

24

25

26

27

28

CHADBOURNE & PARKE LLP
350 South Grand Avenue, 32nd Floor
Los Angeles, CA 90071 (213) 892-1000

1.     There is good cause under Federal Rule of Civil Procedure 26(c) for this Protective Order.

2.     This Protective Order shall govern the use and dissemination of all confidential information, documents, or materials designated as Confidential produced by any party or non-party in the Litigation.

**Definitions**

3.     The term "**document,**" as used in this Protective Order, shall have the same meaning as set forth in Federal Rule of Civil Procedure 34(a).

4.     "**Trade Secret**" means documents or information not in the public domain that contain information which a party or non-party believes in good faith is proprietary or competitively sensitive whose disclosure the party or non-party believes in good faith could cause competitive injury.

**Designation of Material as "Confidential"**

5.     The parties and third parties have a strong interest in maintaining strict confidentiality regarding private personal and/or competitively sensitive information.  Accordingly, any party or non-party to the Litigation or other person who produces, supplies, or provides access to information, documents or other tangible items for use in the Litigation (hereinafter the "**Designating Party**" or the "**Producing Party**") may designate as "**Confidential**" any such material that it reasonably and in good faith believes is:

   a.     A Trade Secret or other confidential research, development or commercial information, including but not limited to sensitive financial data; technical information; proprietary or nonpublic commercial information; or commercially or competitively sensitive information;

   b.     Material or information not appropriate for public disclosure because of personal privacy interests (e.g., Social Security numbers, home addresses, phone numbers, cell phone numbers, personal email addresses, date of birth, et cetera) ("**Sensitive Personal Information**") or contractual

CHADBOURNE & PARKE LLP
350 South Grand Avenue, 32nd Floor
Los Angeles, CA 90071 (213) 892-1000

- 1 -

1   rights of third parties, including but not limited to proprietary information

2   purchased from third parties;

3         c.    Material or information that is subject to any Protective Order,

4   sealing order or other order or ruling that prevents or limits the Designating

5   Party from disclosing such document; or

6         d.    Protectable under applicable rules, statutes or common law.

7   If upon review any party reasonably and in good faith believes that any documents,

8   information or tangible items designated by a Designating Party are not

9   Confidential, as defined above, then the party may challenge such designation

10  under the procedures set forth below in <u>paragraph 15</u>.

11        6.    A designation of Confidential shall constitute a representation by the

12  Designating Party to the Court that, after careful examination, the discovery

13  materials so designated constitute Confidential material and are (a) reasonably

14  believed to be entitled to protection pursuant to Federal Rule of Civil Procedure

15  26(c) and this Protective Order, and (b) not otherwise available in the public

16  domain unless made public by improper means or in violation of this or any other

17  Protective Order, confidentiality agreement, or similar order or agreement.

18        7.    Documents, information, or other tangible items shall be designated as

19  Confidential by being marked with words that state:

20        **CONFIDENTIAL: SUBJECT TO PROTECTIVE**

21        **ORDER** *IN VON KAENEL V. SKINNY GIRL*

      *COCKTAILS, L.L.C.*, **DOCKET NO. 2:11-CV-07305**

22        **(C.D. CAL.).**

23  This legend or other identifying Bates numbers shall not be obscured.

24        **<u>Disclosure of Confidential Information Limited</u>**

25        8.    Confidential information shall not be disclosed other than as expressly

26  authorized in this Order and may be disclosed only to:

27        a.    This Court and its personnel.

28        b.    A Court reporter and videographer engaged in the Litigation.

- 2 -

CPAM: 4692025.1

CHADBOURNE & PARKE LLP
350 South Grand Avenue, 32nd Floor
Los Angeles, CA 90071 (213) 892-1000

c.      Counsel of record in the Litigation and their staff, Counsel listed on **Exhibit A** (attached hereto), and in-house Counsel for a Defendant.

d.      Any consultant, investigator, or Expert (collectively, "Expert") who is assisting in the preparation and trial of the Litigation provided that, prior to disclosure, Counsel for the party contemplating disclosure shall determine that disclosure to an Expert of particular Confidential information is, in that counsel's good faith judgment, necessary to that party's prosecution or defense of the case.

e.      A deponent, but only during the course of his or her deposition or in preparation for that deposition.

f.      Plaintiff and Defendants in the Litigation.

g.      Fact witnesses or potential fact witnesses in the Litigation, if disclosure to a potential fact witness of particular Confidential information is, in that counsel's good faith judgment, necessary to that party's prosecution or defense of the case.

h.      Personnel of outside photocopy or graphics services, e-discovery vendors, or data processing vendors engaged by a party for purposes of the Litigation.

i.      Any mediator selected by the parties or duly appointed by the Court in the Litigation.

j.      Former employee, independent contractor, or former consultant of a party that produced the Confidential information, who authored, received, or was shown the Confidential information during his or her employment with the producing party.

k.      Any third party who authored, received, or was shown the Confidential information in the course of his or her activities relating to any transaction at issue in the Litigation.

CHADBOURNE & PARKE LLP
350 South Grand Avenue, 32nd Floor
Los Angeles, CA  90071 (213) 892-1000

[PROPOSED] CONSENT PROTECTIVE ORDER OF CONFIDENTIALITY

CPAM: 4692025.1

9.     If a party wishes to disclose any information designated as Confidential to any person not described in <u>paragraph 8</u> of this Protective Order, permission to so disclose must be requested from the Designating Party in writing. If the Designating Party objects to the proposed disclosure, no such disclosure shall be made unless this Court, upon application by the party requesting such permission, orders otherwise.

10.     Any person to whom Confidential information may be disclosed pursuant to <u>paragraphs 8(c)-(k) or 9</u> shall first be shown and shall read a copy of this Protective Order and shall agree in writing to be bound by its terms by signing a copy of "Confidentiality Agreement Regarding Confidential Information" attached as **Exhibit B**. Counsel for the party obtaining the person's signature on the Confidentiality Agreement will retain the original signed agreement. At the conclusion of the case, counsel will, upon request, provide to Defendants copies of the signed agreements within thirty (30) days.

**<u>Filing of Materials Containing Confidential Information</u>**

11.     To the extent a party wishes to file Confidential information with the Court during this Litigation, that party must make the filing under seal in accordance with C.D. Cal. L.R. 79-5. Thereafter, if the moving party was not the Designating Party, the Designating Party for that Confidential information will have fourteen (14) days to submit its own filing in support of the motion to file the material under seal. If the Court grants the motion to file the material under seal, the material shall be filed in accordance with C.D. Cal. L.R. 79-5 and bearing a statement substantially in the following form:

> **CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER IN *VON KAENEL V. SKINNY GIRL COCKTAILS, L.L.C.*, DOCKET NO. 2:11-CV-07305 (C.D. CAL.).**

12.     If, during a deposition or within twenty-one (21) days thereafter, a Designating Party advises the Court reporter that Confidential information has been

- 4 -

CPAM: 4692025.1

CHADBOURNE & PARKE LLP
350 South Grand Avenue, 32nd Floor
Los Angeles, CA  90071 (213) 892-1000

1   disclosed during a deposition, the entire transcript shall be treated as confidential

2   for twenty-one (21) days after receipt of the deposition transcript, within which

3   time Counsel for the Designating Party shall advise the Court reporter of the pages

4   and lines on which Confidential information appears.  At the conclusion of such

5   twenty-one (21)-day period, transcript pages and exhibits in the Litigation

6   containing Confidential information shall continue to be treated as Confidential

7   under this Order, and shall be marked with words that state:

8   **CONFIDENTIAL: SUBJECT TO PROTECTIVE
    ORDER IN *VON KAENEL V. SKINNY GIRL*
9   *COCKTAILS, L.L.C.*, DOCKET NO. 2:11-CV-07305
    (C.D. CAL.).**

10

11  before the transcript is distributed.  The court reporter shall include on the cover

12  page a clear indication that portions of the deposition have been designated

13  Confidential.

14  **Redaction of Confidential Information**

15      13.    A Designating Party may in good faith redact Sensitive Personal

16  Information, as defined in paragraph 5(b), from any document or material, provided

17  that the Designating Party believes in good faith that such Sensitive Personal

18  Information is not relevant to any claim or defense in the Action.  Copies of such

19  documents shall be maintained by the Designating Party without redaction of

20  Sensitive Personal Information.

21  **Challenges to Redaction of Confidential Information**

22      14.    Any party that has a good faith belief that documents, information or

23  tangible items designated by a Designating Party pursuant to this paragraph should

24  not have been redacted may challenge such redaction by identifying such redaction

25  by Bates number and line and then by following the procedures set forth below in

26  paragraph 15.

27

28

CHADBOURNE & PARKE LLP
350 South Grand Avenue, 32nd Floor
Los Angeles, CA 90071 (213) 892-1000

- 5 -

CPAM: 4692025.1

## Objections to Designation as Confidential

15.    Any party that reasonably and in good faith believes that documents, information or tangible items designated by a Designating Party as Confidential are not Confidential may object to the designation by notifying the Designating Party in writing at any time prior to thirty (30) days before the first deadline for exhibit lists for any party.  The parties shall first attempt, in good faith, to resolve such dispute by means of informal negotiation.  If such negotiation fails to resolve the dispute, then, within fourteen (14) days following the failure of such negotiations, or in the case of a deposition, within fourteen (14) days after receiving a copy of the transcript excerpt wherein the objection was made, the party challenging the designation of particular information as Confidential information may move the Court for an order terminating the designation as to the particular document.  The burden to prove the propriety of the challenged designation shall be on the Designating Party.  Information designated as Confidential information shall retain its Confidential information status until such time as either the parties expressly agree otherwise in writing or the Court orders otherwise.

## Use of Information Containing a Confidential Designation, in Proceedings

16.    No one may attend, or review the Confidential portions of a deposition, or a transcript of any deposition, other than persons listed in paragraphs 8 and 9 and counsel for the deponent (after counsel has read this Protective Order and signed Confidentiality Agreement Regarding Confidential Information attached as **Exhibit B**).

17.    Any presentation of Confidential information to the Court prior to the trial shall be made only in the presence of a person listed in paragraphs 8 and 9 unless the Court otherwise orders.

18.    Except to the extent expressly authorized in this Protective Order, Confidential information shall not be used or disclosed for any purpose other than

CHADBOURNE & PARKE LLP
350 South Grand Avenue, 32nd Floor
Los Angeles, CA 90071 (213) 892-1000

- 6 -

1   the preparation or trial of this case, or appeal therefrom, or in any case listed in

2   **Exhibit C**, provided that a Consent Protective Order of Confidentiality

3   substantially identical to this Protective Order has been entered in each such case.

4   **Exhibit C** may be freely amended at any time during the pendency of the Litigation

5   by written consent of the parties, which consent shall not be unreasonably withheld.

6   Nothing in this Protective Order shall restrict a Designating Party's use of its own

7   documents.

8          19.    Any notes, summaries, compilations or copies containing Confidential

9   information or electronic images or databases containing Confidential information

10   shall be subject to the terms of this Protective Order to the same extent as the

11   material or information from which such notes, summaries, compilations, copies,

12   electronic images, or databases is made or derived.

13          **Inadvertent Production Does Not Constitute Waiver**

14          20.    The inadvertent production by a party of Confidential information,

15   privileged, or work product material, including but not limited to an inadvertent

16   failure to designate as Confidential information, privileged, or work product such

17   material, does not constitute a waiver.  In the case of inadvertently produced

18   Confidential information, privileged, or work product documents, upon request of

19   the Producing Party, the documents together with all copies thereof and any notes

20   made therefrom shall be returned to the party claiming privilege or work product

21   immunity within seven (7) days of receipt of notice of the inadvertent production

22   and any notes made therefrom shall be destroyed.  Notwithstanding the forgoing, to

23   the extent that such documents were produced on production media containing

24   documents not otherwise subject to any claim of privilege or work product, the

25   Producing Party shall produce replacement production media prior to requiring the

26   returning party to return any such documents pursuant to the prior sentence.

27

28

CHADBOURNE & PARKE LLP
350 South Grand Avenue, 32nd Floor
Los Angeles, CA 90071 (213) 892-1000

[PROPOSED] CONSENT PROTECTIVE ORDER OF CONFIDENTIALITY

CPAM: 4692025.1

21.     A party returning inadvertently produced documents pursuant to this paragraph does not waive its right to challenge the confidential, privileged or work product status of those documents.

**<u>Miscellaneous Provisions</u>**

22.     This Protective Order does not affect any party's right to object to discovery on any grounds other than an objection based solely on the ground that the information sought contains Trade Secrets or Confidential information.

23.     This Protective Order is without prejudice to the right of any party to seek modification thereof from the Court and shall remain in effect until such time as it is modified, amended or set aside by the Court.

24.     This Protective Order is not intended to prohibit the use or admissibility of Confidential information upon trial of the Litigation.  Issues involving the protection of Confidential information during trial will be presented to the Court prior to or during trial as each party deems appropriate.

25.     If the Court, on motion or stipulation, permits the addition of any additional parties, the Party seeking to add such parties agrees, and shall request that the Court order, such addition to be conditioned upon the added parties executing the Confidentiality Agreement Regarding Confidential Information attached as **Exhibit B**.

26.     Within sixty (60) days after the final disposition of the Litigation or the last action listed in **Exhibit C**, whichever is later, all documents and materials containing Confidential information (other than exhibits to the official court record) shall be returned to the Designating Party or be certified as having been destroyed. The attorneys returning documents containing Confidential information may, retain:

> (a) their attorney 'work product' and privileged attorney-client correspondence, (b) court-filed documents and litigation-related correspondence, and (c) such other documents as may be necessary in their reasonable good judgment to comply with ethical or legal obligations and requirements;

CHADBOURNE & PARKE LLP
350 South Grand Avenue, 32nd Floor
Los Angeles, CA  90071 (213) 892-1000

- 8 -

1   provided, that, this exception shall <u>not</u> apply to any copies of Confidential
2   documents that are incorporated into or attached to attorney-client communications
3   or attorney work product and such retained documents shall remain subject to the
4   terms of the Protective Order.  Counsel for any party or third party receiving
5   Confidential information shall make written certification of compliance with this
6   provision and shall deliver the same to counsel for each Designating Party.  If at the
7   time of the final disposition of the Litigation, any individual counsel of record for
8   Plaintiff in the Litigation is currently counsel of record in any other "Skinnygirl
9   Margarita" -related products liability litigation involving Defendants, then the
10  deadline for that particular counsel to fulfill the obligations in this paragraph shall
11  be sixty (60) days after the final disposition of the final "Skinnygirl Margarita"-
12  related products liability litigation in which he or she is counsel of record; the
13  deadline for all other individuals possessing documents and materials containing
14  Confidential information pursuant to this Protective Order shall remain sixty
15  (60) days after the final disposition of the Litigation.

16          27.     Nothing in this Protective Order shall restrict or prohibit a party from
17  seeking protections in addition to those set forth in this Protective Order for a
18  particular document or for particular testimony given in the Litigation.

19          28.     If another court or administrative agency subpoenas or orders
20  production of Confidential information that a party has obtained under the terms of
21  this Protective Order, such party shall notify the Designating Party of the pendency
22  of the subpoena or order in writing within two (2) days of receiving the subpoena or
23  order, and shall not produce the Confidential information until the Designating
24  Party has had reasonable time to take appropriate steps to protect the material.  It
25  shall be the responsibility of the Designating Party to obtain relief from the
26  subpoena or order prior to the due date of compliance, and to give the Designating
27  Party an opportunity to obtain such relief.  The party from whom the information is
28

CHADBOURNE & PARKE LLP
350 South Grand Avenue, 32nd Floor
Los Angeles, CA 90071 (213) 892-1000

- 9 -

1   sought shall not make the disclosure before the actual due date of compliance set

2   forth in the subpoena or order.

3        29.   The obligations of this Protective Order shall survive the termination

4   of the Litigation and shall continue to restrict the disclosure and use of discovery

5   material designated as Confidential information by the parties, their counsel, and all

6   who signed a Confidentiality Agreement.  Following termination of the Litigation,

7   the Court will retain jurisdiction to enforce the terms of this Protective Order.

8        **Highly Confidential Information**

9        30.   A Designating Party may designate as "Highly Confidential" research,

10   development, or commercial information, which the Designating Party believes in

11   good faith is proprietary or sensitive such that the Designating Party believes in

12   good faith there is a reasonable likelihood that its disclosure could cause irreparable

13   competitive injury; or other information that is subject to federal or state privacy

14   rights, including private consumer, personal and/or financial information, including

15   without limitation, information pertaining to revenues, profits, losses,

16   compensation, financial projections, tax-related information, and personnel

17   files/information, and any extremely sensitive Confidential information disclosure

18   of which to another party or non-party would create a substantial risk of serious

19   harm that could not be avoided by less restrictive means.  In the Litigation, the

20   designation "Highly Confidential Information" shall be made by affixing on the

21   document or material containing such information the legend that states:

22        **HIGHLY CONFIDENTIAL: ACCESS
     RESTRICTED BY COURT ORDER IN *VON*
23   *KAENEL V. SKINNY GIRL COCKTAILS, L.L.C.,*
     DOCKET NO. 2:11-CV-07305 (C.D. CAL.).**
24

25        31.   Highly Confidential information shall not be disclosed other than as

26   expressly authorized in this Order.  Highly Confidential information may be

27   disclosed only to persons who satisfy the conditions stated in <u>paragraph 8 and 9</u>,

28   plus these additional requirements:

[PROPOSED] CONSENT PROTECTIVE ORDER OF CONFIDENTIALITY

CPAM: 4692025.1

CHADBOURNE & PARKE LLP
350 South Grand Avenue, 32nd Floor
Los Angeles, CA  90071 (213) 892-1000

a.    Any person to whom Highly Confidential information may be disclosed, except this Court and its personnel, shall first be shown and shall read a copy of this Protective Order and shall agree in writing to be bound by its terms by signing a copy of the "Confidentiality Agreement Regarding Highly Confidential Information" attached as **Exhibit D**; counsel for the party obtaining the person's signature on the Confidentiality Agreement will retain the original signed agreement; and

b.    Highly Confidential information may not be disclosed to any individual who is currently an officer, director, or employee (as further described in Confidentiality Agreement Regarding Highly Confidential Information attached as **Exhibit D**) of any entity that is engaged in the beverage alcohol business or the business of supplying beverage alcohol products or ingredients or machinery used in the manufacture or bottling of beverage alcohol products ("**Competitor**").  Highly Confidential information also may not be disclosed to any individual who is currently a consultant or agent for any Competitor in areas relating to the design, formulation, manufacture, bottling, sale or marketing of beverage alcohol, or any ingredients or machinery used in the manufacture or bottling of beverage alcohol.

c.    If the Plaintiff believes that the restrictions of this Protective Order relating to disclosure of Highly Confidential information to an Expert inappropriately prejudices the Plaintiff with respect to a particular Expert, the parties agree that  Plaintiff shall contact counsel for the Designating Party with the name, affiliation, and current curriculum vitae of the Competitor officer, director, employee, consultant or agent to whom Plaintiff would like to disclose Highly Competitive Information ("**Competitor Expert**").  The parties shall meet and confer concerning this Competitor Expert within fourteen (14) days from the date of receipt of such information.  During this

CHADBOURNE & PARKE LLP
350 South Grand Avenue, 32nd Floor
Los Angeles, CA  90071 (213) 892-1000

- 11 -

1    meet and confer process, Plaintiff will cooperate by providing the

2    Designating Party sufficient information concerning the Competitor Expert to

3    determine whether the Competitor Expert poses a competitive threat to the

4    Designating Party.  If at the conclusion of this meet and confer process, the

5    Designating Party still objects to the disclosure, the Designating Party shall

6    file a motion for protective order no later than fourteen (14) days after the

7    meet and confer process has been completed, unless otherwise agreed to in

8    writing by the parties.

9         32.    Except as stated in <u>paragraph 31</u>, all other provisions of the Protective

10   Order that refer to Confidential information shall also apply to Highly Confidential

11   information, except that references to the "Confidentiality Agreement Regarding

12   Confidential Information" shall be replaced by "Confidentiality Agreement

13   Regarding Highly Confidential Information" and the designation used with Highly

14   Confidential information shall be that shown in <u>paragraph 30</u>.

15         The Court has reviewed the parties' Stipulation Re [Proposed] Consent

16   Protective Order of Confidentiality.  Good cause appearing, the Court hereby orders

17   as follows:

18

19   **IT IS SO ORDERED.**

20

21   Dated:   _5 / 16_    , 2012

22   Hon. ~~John A. Kronstadt~~ PATRICK J. WALSH
      United States ~~District~~ Judge

23             magistrate

24

25

26

27

28

- 12 -



EXHIBIT A
**<u>COUNSEL</u>**

*Attorneys for Plaintiff*                    *Attorneys for Defendants*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CHADBOURNE & PARKE LLP
350 South Grand Avenue, 32nd Floor
Los Angeles, CA 90071 (213) 892-1000

- 13 -

[PROPOSED] CONSENT PROTECTIVE ORDER OF CONFIDENTIALITY

CPAM: 4692025.1

**EXHIBIT B**

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| COLETTE VON KAENEL, individually and on behalf of all others similarly situated, | Case No.  LA CV11-7305 JAK (PJW) |
| Plaintiff, | **CONFIDENTIALITY AGREEMENT REGARDING CONFIDENTIAL INFORMATION** |
| v. | |
| SKINNY GIRL COCKTAILS, L.L.C., SGC GLOBAL, L.L.C., BEAM GLOBAL SPIRITS & WINE, INC. and JIM BEAM BRANDS CO., | |
| Defendants. | |
| | Initial Complaint Filed:  Sept. 6, 2011 |

I, _____, hereby declare:

1.     I have read and understand the "Protective Order" to which this Confidentiality Agreement is attached as **Exhibit B** and I attest to my understanding that access to information designated "Confidential" may be provided to me and that such access is subject to the terms and conditions of such Protective Order.  I agree to be bound by such terms and conditions.  I hereby

- 14 -

CPAM: 4692025.1

CHADBOURNE & PARKE LLP
350 South Grand Avenue, 32nd Floor
Los Angeles, CA  90071 (213) 892-1000

1    submit to the jurisdiction of this Court and to the application of federal law for the

2    purpose of enforcement of this Confidentiality Agreement and the Protective Order.

3    I have not previously violated any other confidentiality agreement or protective

4    order.

5        2.    I shall not use or disclose to others, except in accordance with the

6    Protective Order, any Confidential information as described or designated in

7    accordance with this agreement.  I understand that the Designating Parties retain all

8    rights to enforce the Protective Order and all remedies regarding any violations of

9    the same.

10       3.    (Applicable to Counsel of Record or Counsel listed in **Exhibit A**

11   only.)  Should I disclose Confidential information to any employee or agent, I shall

12   take measures to ensure that such employees or agents abide by the terms of this

13   Protective Order.

14       4.    I have read the foregoing, and pursuant to 28 U.S.C. §1746, I hereby

15   declare under penalty of perjury that the foregoing declaration is true and correct.

16

17

18   _____    _____
     DATED                       SIGNATURE

19                        _____
                           PRINTED NAME
20

21                        _____

22                        _____
                           ADDRESS
23

24                        _____
                           INDIVIDUAL OR ENTITY
                           REPRESENTED
25

26

27

28

CHADBOURNE & PARKE LLP
350 South Grand Avenue, 32nd Floor
Los Angeles, CA 90071 (213) 892-1000

- 15 -

[PROPOSED] CONSENT PROTECTIVE ORDER OF CONFIDENTIALITY

CPAM: 4692025.1

# EXHIBIT C

1.    *Bonar v. Beam Global Spirits & Wine, Inc. et al.*, No. 3:11-cv-02058-IEG-NLS, in the United States District Court for the Southern District of California;

2.    *Greene v. Skinny Girl Cocktails, LLC et al.*, No. 0:11-cv-61965-KMW, in the United States District Court for the Southern District of Florida;

3.    *Jernigan v. Beam Global Spirits & Wine, Inc. et al.*, No. 3:11-cv-00842-DRH-PMF, in the United States District Court for the Southern District of Illinois;

4.    *Langendorf v. Skinnygirl Cocktails, LLC et al.*, No. 1:11-cv-07060, in the United States District Court for the Northern District of Illinois;

5.    *Rapcinsky et al. v. Skinnygirl Cocktails, L.L.C. et al.*, No. 1:11-cv-06546-JPO, in the United States District Court for the Southern District of New York;

6.    *Roth v. Beam Global Spirits & Wine, Inc.*, No. 1:11-cv-01023-ACT-RHS, in the United States District Court for the District of New Mexico;

7.    *Sims et al. v. Beam Global Spirits & Wine, Inc.*, No. 1:11-cv-06403, in the United States District Court for the Northern District of Illinois;

8.    *Stewart et al. v. Beam Global Spirits & Wine, Inc. et al.*, No. 1:11-cv-05149-NLH-KMW, in the United States District Court for the District of New Jersey;

9.    *Von Kaenel v. Skinny Girl Cocktails LLC et al.*, No. 2:11-cv-07305-JAK-PJW, in the United States District Court for the Central District of California; and

10.    *In Re: Skinnygirl Margarita Beverage Marketing and Sales Practices Litigation*, MDL No. 2306, before the United States Judicial Panel on Multidistrict Litigation.

CHADBOURNE & PARKE LLP
350 South Grand Avenue, 32nd Floor
Los Angeles, CA 90071 (213) 892-1000

[PROPOSED] CONSENT PROTECTIVE ORDER OF CONFIDENTIALITY

CPAM: 4692025.1

1

**EXHIBIT D**

2

3

4

5

6

7

8

9        IN THE UNITED STATES DISTRICT COURT

10       FOR THE CENTRAL DISTRICT OF CALIFORNIA

11              LOS ANGELES DIVISION

12

13  | COLETTE VON KAENEL,                | Case No.  LA CV11-7305 JAK (PJW)
14  | individually and on behalf of all others similarly situated, |
    |                                    | **CONFIDENTIALITY
15  |             Plaintiff,             | AGREEMENT REGARDING
    |                                    | HIGHLY CONFIDENTIAL
16  | v.                                 | INFORMATION**
17  | SKINNY GIRL COCKTAILS, L.L.C.,
18  | SGC GLOBAL, L.L.C., BEAM
    | GLOBAL SPIRITS & WINE, INC. and
    | JIM BEAM BRANDS CO.,
19  |
20  |             Defendants.            |

21

22

23            I, _____, hereby declare:

24            1.     I have read and understand the "Protective Order" to which this

25    Confidentiality Agreement is attached as **Exhibit D** and I attest to my

26    understanding that access to information designated "Confidential" or "Highly

27    Confidential" may be provided to me and that such access is subject to the terms

28    and conditions of such Protective Order.  I agree to be bound by such terms and

CPAM: 4692025.1

_CHADBOURNE & PARKE LLP_
_350 South Grand Avenue, 32nd Floor_
_Los Angeles, CA  90071 (213) 892-1000_

1   conditions.  I hereby submit to the jurisdiction of this Court and to the application
2   of federal law for the purpose of enforcement of this Confidentiality Agreement and
3   the Protective Order.  I have not previously violated any other confidentiality
4   agreement or protective order.

5          2.      I am not currently an officer, director, or employee (other than in-
6   house or outside counsel) of any entity that is engaged in the beverage alcohol
7   business or the business of supplying beverage alcohol products or ingredients or
8   machinery used in the manufacture or bottling of beverage alcohol products
9   ("Competitor").  I am also not currently a consultant or agent for any Competitor in
10  areas relating to the design, formulation, manufacture, bottling, sale or marketing of
11  beverage alcohol, or any ingredients or machinery used in the manufacture or
12  bottling of beverage alcohol.  Should such an employment opportunity become
13  available to me, I agree to consult with the Designating Party in an effort to
14  structure the arrangement in a way which will not pose a material risk of
15  unauthorized use or disclosure of Highly Confidential information.  As used in this
16  paragraph, a "consultant" of a Competitor is a person who performs outsourced
17  professional services for a Competitor, but who is not an employee.

18         3.      (Applicable to Counsel of Record or Counsel listed in **Exhibit A**
19  only.)  Should I disclose Confidential or Highly Confidential information to any
20  employee or agent, I shall take measures to ensure that such employees or agents
21  abide by the terms of this Protective Order.

22         4.      I shall not use or disclose to others, except in accordance with the
23  Protective Order, any Confidential or Highly Confidential information as described
24  or designated in accordance with this agreement.  I understand that the Designating
25  Parties retain all rights to enforce the Protective Order and all remedies regarding
26  any violations of the same.

27

28

CHADBOURNE & PARKE LLP
350 South Grand Avenue, 32nd Floor
Los Angeles, CA  90071 (213) 892-1000

- 18 -

[PROPOSED] CONSENT PROTECTIVE ORDER OF CONFIDENTIALITY

CPAM: 4692025.1

5.    I have read the foregoing, and pursuant to 28 U.S.C. §1746, I hereby declare under penalty of perjury that the foregoing declaration is true and correct.


_____          _____
          DATED                              SIGNATURE

                                   _____
                                   PRINTED NAME

                                   _____

                                   _____
                                   ADDRESS

                                   _____
                                   INDIVIDUAL OR ENTITY
                                   REPRESENTED

[PROPOSED] CONSENT PROTECTIVE ORDER OF CONFIDENTIALITY

CPAM: 4692025.1

CHADBOURNE & PARKE LLP
350 South Grand Avenue, 32nd Floor
Los Angeles, CA  90071 (213) 892-1000