1  ROBIN D. BALL (State Bar No. 159698)
   rball@chadbourne.com
2  SUSAN M. ST. DENIS (State Bar No. 149636)
   sst.denis@chadbourne.com
3  CHADBOURNE & PARKE LLP
   350 South Grand Avenue, 32nd Floor
4  Los Angeles, CA  90071
   Telephone:  (213) 892-1000
5  Facsimile:   (213) 892-2045

6  DONALD I STRAUBER (Adm. Pro Hac Vice)
   dstrauber@chadbourne.com
7  MARY T. YELENICK (Adm. Pro Hac Vice)
   myelenick@chadbourne.com
8  CHADBOURNE & PARKE LLP
   30 Rockefeller Plaza
9  New York, NY  10112
   Telephone:  (212) 408-5100
10 Facsimile:   (212) 541-5369

11 Attorneys for Defendants
   BEAM GLOBAL SPIRITS & WINE, INC. and
12 JIM BEAM BRANDS CO.

13

14         IN THE UNITED STATES DISTRICT COURT

15        FOR THE CENTRAL DISTRICT OF CALIFORNIA

16              LOS ANGELES DIVISION

17

18 COLETTE VON KAENEL,                    Case No.  LA CV11-7305 JAK (PJW)
   individually and on behalf of all others
19 similarly situated,                    **ANSWER AND AFFIRMATIVE
                                          DEFENSES OF DEFENDANTS
20              Plaintiff,                 BEAM GLOBAL SPIRITS & WINE
                                          LLC, AND JIM BEAM BRANDS
21 v.                                      CO. TO THE FIRST AMENDED
                                          COMPLAINT**
22 SKINNY GIRL COCKTAILS, L.L.C.,
   SGC GLOBAL, L.L.C., BEAM
23 GLOBAL SPIRITS & WINE, INC. and
   JIM BEAM BRANDS CO.,
24
              Defendants.
25
                                          Initial Complaint Filed:  Sept. 6, 2011
26

27

28

CHADBOURNE & PARKE LLP
350 South Grand Avenue, 32nd Floor
Los Angeles, CA  90071 (213) 892-1000

CHADBOURNE & PARKE LLP
350 South Grand Avenue, 32nd Floor
Los Angeles, CA 90071 (213) 892-1000

Defendants, Beam Global Spirits & Wine LLC ("Beam Global"), and Jim Beam Brands Co. ("Jim Beam") (collectively, "Beam defendants") hereby file their Answer and Affirmative Defenses to the First Amended Complaint.

## GENERAL ANSWER

Beam defendants state that they respond to these allegations only on behalf of themselves and not on behalf of any other entity.  All allegations are denied unless specifically admitted, and any factual averment is admitted only as to the specific facts and not as to any conclusions, characterizations, implications, or speculations contained in the averment or in the First Amended Complaint as a whole.

The First Amended Complaint improperly mixes factual averments with argumentative rhetoric so as to make admissions or denials of such averments difficult or impossible.  Accordingly, all allegations are denied unless specifically admitted, and any factual averment is admitted only as to the specific facts and not as to any conclusions, characterizations, implications or speculations that are contained in the averment or in the First Amended Complaint as a whole.

Beam Defendants further submit that Plaintiff's use of headings and subheadings in the First Amended Complaint is improper and therefore no response to them is required.  To the extent that a response is required, Beam Defendants deny any allegations purportedly set forth in each heading and subheadings in the First Amended Complaint.

The First Amended Complaint contains numerous quotations, references, and images that purport to be excerpts from various identified and unidentified sources and documents.  The sources and documents allegedly referred to in the First Amended Complaint have not been provided by the Plaintiff and Beam defendants are thus unable to challenge the accuracy, veracity or sources of these quotations, references, or images.  To the extent that Beam defendants have stated or admitted that a document or other material referenced in the First Amended Complaint

speaks for itself or refers to the document or other material for the contents thereof, such statement, admission or reference does not constitute an admission that the content of the document or other material is or is not true or that Plaintiff's characterization of such documents or other material is accurate.  To the extent any such documents or other materials referenced in the First Amended Complaint, or Plaintiff's characterization of them, are deemed to be allegations against Beam defendants, they are denied.  Beam defendants reserve their right to challenge the accuracy of the quotations, references, and images and to raise any foundation objections as to the sources and documents purportedly quoted or referenced. Beam defendants do not admit the authenticity of any sources or documents from which quotations and images were taken or references were made, and reserve the right to challenge the authenticity of all sources or documents quoted, referenced, or depicted in the First Amended Complaint.

## <u>SPECIFIC ANSWER</u>

1. Beam defendants admit that Plaintiff purports to bring this action as a class action as alleged in Paragraph 1, but deny that this lawsuit is appropriate for class action treatment or is manageable as a class action and further deny that Plaintiff is entitled to any relief whatsoever from Beam defendants.  Except as expressly admitted, Beam defendants deny the allegations contained in Paragraph 1.

2. Beam defendants deny the allegations contained in Paragraph 2.

3. Beam defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3.

4. Beam defendants deny the allegations contained in Paragraph 4.

5. Beam defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5.

6. Beam defendants deny the allegations contained in Paragraph 6.

7. Beam defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7.

**CHADBOURNE & PARKE LLP**
350 South Grand Avenue, 32nd Floor
Los Angeles, CA 90071 (213) 892-1000

- 2 -

**CHADBOURNE & PARKE LLP**
350 South Grand Avenue, 32nd Floor
Los Angeles, CA 90071 (213) 892-1000

8. Beam defendants deny the allegations contained in Paragraph 8 to the extent those allegations are directed to Beam defendants. Beam defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 8.

9. Beam defendants deny the allegations contained in Paragraph 9.

10. Beam defendants deny the allegations contained in Paragraph 10 to the extent those allegations are directed to Beam defendants. Beam defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 10.

11. Beam defendants state that the third and fourth sentences of Paragraph 11 do not contain an averment of fact to which an answer is required; to the extent an answer is required, Beam defendants deny the allegations contained therein. Beam defendants deny the remaining allegations contained in Paragraph 11, except admit that Plaintiff purports to bring this action as alleged in Paragraph 11, but deny that Plaintiff is entitled to any relief whatsoever from Beam defendants.

12. Beam defendants deny the allegations contained in Paragraph 12, except admit that Plaintiff purports to bring this action as alleged in Paragraph 12, but deny that Plaintiff is entitled to any relief whatsoever from Beam defendants.

13. Beam defendants deny the allegations contained in Paragraph 13 to the extent those allegations are directed to Beam defendants. Beam defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 13.

14. Beam defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14, except admit that Jim Beam purchased the "Skinnygirl Margarita" trademark and certain related assets in March 2011.

15. Beam defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15, except admit that

CHADBOURNE & PARKE LLP
350 South Grand Avenue, 32nd Floor
Los Angeles, CA 90071 (213) 892-1000

Jim Beam purchased the "Skinnygirl Margarita" trademark and certain related assets in March 2011.

16.     Beam defendants state that the first sentence of Paragraph 16 does not contain an averment of fact to which an answer is required.  Beam defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 16, except admit that Jim Beam purchased the "Skinnygirl Margarita" trademark and certain related assets in March 2011.

17.     Beam defendants deny the allegations contained in Paragraph 17, and state that the phrase "at all relevant times" is undefined, vague, ambiguous, and overly broad, but admit that Beam Global is a limited liability company organized under the laws of the state of Delaware with its principal place of business at 510 Lake Cook Road, Deerfield, Illinois 60015.

18.     Beam defendants deny the allegations contained in Paragraph 18, and state that the phrase "at all relevant times" is undefined, vague, ambiguous, and overly broad, but admit that Jim Beam is a wholly owned subsidiary of Beam Global.

19.     Beam defendants state that the first sentence of Paragraph 19 does not contain an averment of fact to which an answer is required.  Beam defendants deny the remaining allegations contained in Paragraph 19, except admit that Jim Beam purchased the "Skinnygirl Margarita" trademark and certain related assets in March 2011 and admit that Jim Beam has produced, packaged, and marketed "Skinnygirl Margarita," and has sold "Skinnygirl Margarita" to distributors since on or about March 17, 2011.

20.     Beam defendants state that Paragraph 20 does not contain an averment of fact to which an answer is required; to the extent an answer is required, Beam defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

21.     Beam defendants deny the allegations contained in Paragraph 21.

- 4 -

22.     Beam defendants deny the allegations contained in Paragraph 22 to the extent those allegations are directed to Beam defendants, and state that the phrase "[a]t all relevant times" is undefined, vague, ambiguous, and overly broad.  Beam defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 22.

23.     Beam defendants admit that Plaintiff purports to bring this action as a class action, but deny that this lawsuit is appropriate for class action treatment or is manageable as a class action.  Except as expressly admitted, Beam defendants deny the allegations contained in Paragraph 23.

24.     Beam defendants deny that they sell "Skinnygirl Margarita" to "thousands of retail stores nationwide" and Beam defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 24, except further deny that this lawsuit is appropriate for class certification.

25.     Paragraph 25 contains legal conclusions as to which no answer is required; to the extent an answer is required, Beam defendants deny each and every allegation contained therein, except Beam defendants admit that Jim Beam has promoted, marketed, distributed, and sold to distributors, Skinnygirl Margarita in the Central District of California.

26.     Beam defendants deny the allegations contained in Paragraph 26.

27.     Beam defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27, except admit that Ms. Frankel is a TV personality, author, and entrepreneur.

28.     Beam defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28, except admit that Ms. Frankel is a TV personality and entrepreneur.

29.     Beam defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29, except admit that

- 5 -

CHADBOURNE & PARKE LLP
350 South Grand Avenue, 32nd Floor
Los Angeles, CA  90071 (213) 892-1000

CHADBOURNE & PARKE LLP
350 South Grand Avenue, 32nd Floor
Los Angeles, CA  90071  (213) 892-1000

1    Ms. Frankel is a TV personality and entrepreneur.

2         30.    Beam defendants lack knowledge or information sufficient to form a

3    belief as to the truth of the allegations contained in Paragraph 30, except admit that

4    Ms. Frankel is an author and entrepreneur.

5         31.    Beam defendants lack knowledge or information sufficient to form a

6    belief as to the truth of the allegations contained in Paragraph 31.

7         32.    Beam defendants lack knowledge or information sufficient to form a

8    belief as to the truth of the allegations contained in Paragraph 32.

9         33.    Beam defendants lack knowledge or information sufficient to form a

10   belief as to the truth of the allegations contained in Paragraph 33.

11        34.    The First Amended Complaint has no Paragraph 34 and thus no

12   response is required.

13        35.    Beam defendants lack knowledge or information sufficient to form a

14   belief as to the truth of the allegations contained in Paragraph 35.

15        36.    Beam defendants lack knowledge or information sufficient to form a

16   belief as to the truth of the allegations contained in Paragraph 36.

17        37.    Beam defendants lack knowledge or information sufficient to form a

18   belief as to the truth of the allegations contained in Paragraph 37.

19        38.    Beam defendants lack knowledge or information sufficient to form a

20   belief as to the truth of the allegations contained in Paragraph 38.

21        39.    Beam defendants lack knowledge or information sufficient to form a

22   belief as to the truth of the allegations contained in Paragraph 39.

23        40.    Beam defendants deny the allegations contained in Paragraph 40 to the

24   extent those allegations are directed to Beam defendants.  Beam defendants lack

25   knowledge or information sufficient to form a belief as to the truth of the remaining

26   allegations contained in Paragraph 40.

27        41.    Beam defendants lack knowledge or information sufficient to form a

28   belief as to the truth of the allegations contained in Paragraph 41.

ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS BEAM GLOBAL SPIRITS & WINE LLC,
AND JIM BEAM BRANDS CO. TO THE FIRST AMENDED COMPLAINT

CPAM: 4758410.2

CHADBOURNE & PARKE LLP
350 South Grand Avenue, 32nd Floor
Los Angeles, CA 90071 (213) 892-1000

42.     Beam defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42.

43.     Beam defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43.

44.     Beam defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44.

45.     Beam defendants deny the allegations contained in Paragraph 45 to the extent those allegations suggest that the images contained therein were all part of a marketing campaign by Beam defendants.  Beam defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 45.

46.     Beam defendants deny the allegations contained in Paragraph 46 and footnote 1 to the extent those allegations are directed to Beam defendants.  Beam defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 46 and footnote 1.

47.     Beam defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47.

48.     Beam defendants deny the allegations contained in Paragraph 48 to the extent those allegations are directed to Beam defendants, except admit that Jim Beam purchased the "Skinnygirl Margarita" trademark and certain related assets in March 2011.  Beam defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 48.

49.     Beam defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 and footnote 2.

50.     Beam defendants deny the allegations contained in Paragraph 50.

51.     Beam defendants deny the allegations contained in Paragraph 51 and footnote 3 to the extent those allegations are directed to Beam defendants.  Beam defendants lack knowledge or information sufficient to form a belief as to the truth

- 7 -

of the remaining allegations contained in Paragraph 51 and footnote 3.

52.     Beam defendants deny the allegations contained in Paragraph 52.

53.     Beam defendants deny the allegations contained in Paragraph 53 and footnote 4 to the extent those allegations are directed to Beam defendants.  Beam defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 53 and footnote 4.

54.     Beam defendants deny the allegations contained in Paragraph 54 and footnote 5.

55.     Beam defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 and footnote 6.

56.     Beam defendants deny the allegations contained in Paragraph 56 and footnote 7 to the extent those allegations are directed to Beam defendants.  Beam defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 56 and footnote 7.

57.     Beam defendants deny the allegations contained in Paragraph 57 and footnote 8.

58.     Beam defendants deny the allegations contained in Paragraph 58 and footnote 9.

59.     Beam defendants deny the allegations contained in Paragraph 59, except admit that on December 1, 2011 counsel for Beam defendants stated to the U.S. Judicial Panel on Multidistrict Litigation that:  "In response to Judge Furgeson's earlier question, the product indeed contains sodium benzoate.  It contains it in an infinitesimally tiny amount but, yes, it is definitely in there.  We don't contest that."

60.     Beam defendants deny the allegations contained in Paragraph 60 to the extent those allegations are directed to Beam defendants.  Beam defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 60.

CHADBOURNE & PARKE LLP
350 South Grand Avenue, 32nd Floor
Los Angeles, CA  90071 (213) 892-1000

ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS BEAM GLOBAL SPIRITS & WINE LLC, AND JIM BEAM BRANDS CO. TO THE FIRST AMENDED COMPLAINT

CPAM: 4758410.2

CHADBOURNE & PARKE LLP
350 South Grand Avenue, 32nd Floor
Los Angeles, CA  90071  (213) 892-1000

61.     Beam defendants deny the allegations contained in Paragraph 61 to the extent those allegations are directed to Beam defendants.  Beam defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 61.

62.     Beam defendants deny the allegations contained in Paragraph 62 to the extent those allegations are directed to Beam defendants.  Beam defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 62.

63.     Beam defendants deny the allegations contained in Paragraph 63 to the extent those allegations are directed to Beam defendants.  Beam defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 63.

64.     Beam defendants deny the allegations contained in Paragraph 64 to the extent those allegations are directed to Beam defendants.  Beam defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 64.

65.     Beam defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 65.

66.     Beam defendants deny the allegations contained in Paragraph 66 to the extent those allegations are directed to Beam defendants.  Beam defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 66.

67.     Beam defendants deny the allegations contained in Paragraph 67 to the extent those allegations are directed to Beam defendants.  Beam defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 67.

68.     Beam defendants deny the allegations contained in Paragraph 68 to the extent those allegations are directed to Beam defendants.  Beam defendants lack

- 9 -

1   knowledge or information sufficient to form a belief as to the truth of the remaining

2   allegations contained in Paragraph 68.

3        69.     Beam defendants deny the allegations contained in Paragraph 69 to the

4   extent those allegations are directed to Beam defendants.  Beam defendants lack

5   knowledge or information sufficient to form a belief as to the truth of the remaining

6   allegations contained in Paragraph 69.

7        70.     Beam defendants deny the allegations contained in Paragraph 70.

8        71.     Beam defendants deny the allegations contained in Paragraph 71,

9   except admit that Plaintiff purports to bring this action as a class action and define a

10   putative class, but deny that this lawsuit is appropriate for class action treatment or

11   is manageable as a class action.

12        72.     Beam defendants deny the allegations contained in Paragraph 72,

13   except admit that Plaintiff purports to bring this action as a class action and define a

14   putative class, but deny that this lawsuit is appropriate for class action treatment or

15   is manageable as a class action.

16        73.     Beam defendants deny the allegations contained in Paragraph 73,

17   except admit that Plaintiff purports to bring this action as a class action and define a

18   putative class, but deny that this lawsuit is appropriate for class action treatment or

19   is manageable as a class action.

20        74.     Beam defendants deny the allegations contained in Paragraph 74,

21   except admit that Plaintiff purports to bring this action as a class action and define a

22   putative class, but deny that this lawsuit is appropriate for class action treatment or

23   is manageable as a class action.

24        75.     Beam defendants deny the allegations contained in Paragraph 75,

25   except admit that Plaintiff purports to bring this action as a class action and define a

26   putative class, but deny that this lawsuit is appropriate for class action treatment or

27   is manageable as a class action.

28        76.     Beam defendants deny the allegations contained in Paragraph 76,

CHADBOURNE & PARKE LLP
350 South Grand Avenue, 32nd Floor
Los Angeles, CA  90071  (213) 892-1000

- 10 -

except admit that Plaintiff purports to bring this action as a class action and define a
putative class, but deny that this lawsuit is appropriate for class action treatment or
is manageable as a class action.

77.   Beam defendants deny the allegations contained in Paragraph 77,
except Beam defendants lack knowledge or information sufficient to form a belief
as to the truth of the allegations contained therein regarding the experience of
Plaintiff's counsel.  Beam defendants admit that Plaintiff purports to bring this
action as a class action and define a putative class, but deny that this lawsuit is
appropriate for class certification.

78.   Beam defendants deny the allegations contained in Paragraph 78,
except admit that Plaintiff purports to bring this action as a class action and define a
putative class, but deny that this lawsuit is appropriate for class action treatment or
is manageable as a class action.

79.   Beam defendants deny the allegations contained in Paragraph 79,
except admit that Plaintiff purports to bring this action as a class action and define a
putative class, but deny that this lawsuit is appropriate for class action treatment or
is manageable as a class action.

80.   Beam defendants repeat and incorporate their responses to the
allegations contained in Paragraphs 1 through 80 as if fully set forth herein.

81.   Beam defendants deny the allegations contained in Paragraph 81,
except admit that Plaintiff purports to bring this action as a class action and define a
putative class, but deny that this lawsuit is appropriate for class certification.

82.   Beam defendants deny the allegations contained in Paragraph 82.

83.   Beam defendants deny the allegations contained in Paragraph 83.

84.   Beam defendants deny the allegations contained in Paragraph 84.

85.   Beam defendants deny the allegations contained in Paragraph 85.

86.   Beam defendants deny the allegations contained in Paragraph 86.

87.   Beam defendants deny the allegations contained in Paragraph 87,

ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS BEAM GLOBAL SPIRITS & WINE LLC,
AND JIM BEAM BRANDS CO. TO THE FIRST AMENDED COMPLAINT

CPAM: 4758410.2

CHADBOURNE & PARKE LLP
350 South Grand Avenue, 32nd Floor
Los Angeles, CA  90071  (213) 892-1000

1    except admit that Plaintiff and the putative class seek the relief described therein,

2    but deny that Plaintiff or the putative class are entitled to any such recovery.

3         88.    Beam defendants repeat and incorporate their responses to the

4    allegations contained in Paragraphs 1 through 88 as if fully set forth herein.

5         89.    Beam defendants deny the allegations contained in Paragraph 89,

6    except admit that Plaintiff purports to bring this action as a class action and define a

7    putative class, but deny that this lawsuit is appropriate for class certification.

8         90.    Beam defendants state that Paragraph 90 does not contain an averment

9    of fact to which an answer is required; to the extent an answer is required, Beam

10   defendants deny the allegations contained in Paragraph 90.

11        91.    Beam defendants state that Paragraph 91 does not contain an averment

12   of fact to which an answer is required; to the extent an answer is required, Beam

13   defendants deny the allegations contained in Paragraph 91.

14        92.    Beam defendants state that Paragraph 92 does not contain an averment

15   of fact to which an answer is required; to the extent an answer is required, Beam

16   defendants deny the allegations contained in Paragraph 92.

17        93.    Beam defendants deny the allegations contained in Paragraph 93.

18        94.    Beam defendants deny the allegations contained in Paragraph 94.

19        95.    Beam defendants deny the allegations contained in Paragraph 95.

20        96.    Beam defendants deny the allegations contained in Paragraph 96.

21        97.    Beam defendants state that Paragraph 97 does not contain an averment

22   of fact to which an answer is required; to the extent an answer is required, Beam

23   defendants deny the allegations contained in Paragraph 97.

24        98.    Beam defendants deny the allegations contained in Paragraph 98.

25        99.    Beam defendants deny the allegations contained in Paragraph 99.

26        100.   Beam defendants state that Paragraph 100 does not contain an

27   averment of fact to which an answer is required; to the extent an answer is required,

28   Beam defendants deny the allegations contained in Paragraph 100.

CHADBOURNE & PARKE LLP
350 South Grand Avenue, 32nd Floor
Los Angeles, CA 90071 (213) 892-1000

CHADBOURNE & PARKE LLP
350 South Grand Avenue, 32nd Floor
Los Angeles, CA 90071 (213) 892-1000

101.   Beam defendants deny the allegations contained in Paragraph 101, except admit that Plaintiff and the putative class seek the relief described therein, but deny that Plaintiff or the putative class are entitled to any such recovery.

102.   Beam defendants repeat and incorporate their responses to the allegations contained in Paragraphs 1 through 101 as if fully set forth herein.

103.   Beam defendants deny the allegations contained in Paragraph 103, except admit that Plaintiff purports to bring this action as a class action and define a putative class, but deny that this lawsuit is appropriate for class certification.

104.   Beam defendants deny the allegations contained in Paragraph 104, except admit that Plaintiff and the putative class purport to bring this action pursuant to the Consumers Legal Remedies Act, California Civil Code § 1750, *et seq.*, but deny that Plaintiff or the putative class are entitled to recover pursuant to that statute.

105.   Beam defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 105.

106.   Beam defendants state that Paragraph 106 does not contain an averment of fact to which an answer is required; to the extent an answer is required, Beam defendants deny the allegations contained in Paragraph 106.

107.   Beam defendants deny the allegations contained in Paragraph 107.

108.   Beam defendants deny the allegations contained in the first sentence of Paragraph 108, except Beam Global admits that it received a letter from counsel for Plaintiff addressed to Beam Global and states that the content of that letter speaks for itself.  Beam defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 108.

109.   Beam defendants repeat and incorporate their responses to the allegations contained in Paragraphs 1 through 109 as if fully set forth herein.

110.   Beam defendants deny the allegations contained in Paragraph 110.

- 13 -

CHADBOURNE & PARKE LLP
350 South Grand Avenue, 32nd Floor
Los Angeles, CA 90071 (213) 892-1000

111.   Beam defendants deny the allegations contained in Paragraph 111.

112.   Beam defendants deny the allegations contained in Paragraph 112, except admit that Plaintiff and the putative class seek the relief described therein, but deny that Plaintiff or the putative class are entitled to any such recovery.

AS TO PLAINTIFF'S PRAYER FOR RELIEF Beam defendants deny that Plaintiff is entitled to any of the relief sought under any of the claims she asserts in the First Amended Complaint.

AS TO PLAINTIFF'S DEMAND FOR JURY TRIAL, Beam defendants likewise demand a jury trial in this action for all issues so triable.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

### (Failure To State A Claim)

Plaintiff and putative class members fail to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

### SECOND AFFIRMATIVE DEFENSE

### (Not Proper Class Action)

Plaintiff's and putative class members' claims alleged in the First Amended Complaint may not be properly certified or maintained as a class action.

### THIRD AFFIRMATIVE DEFENSE

### (Lack of Standing/Capacity)

Plaintiff and putative class members lack standing or capacity, or both, to assert some or all of the claims raised in the First Amended Complaint.

### FOURTH AFFIRMATIVE DEFENSE

### (Preemption)

Plaintiff's and putative class members' claims are preempted by federal statutory and regulatory law regarding alcohol labels and advertisements, including but not limited to 27 U.S.C. § 205, and/or barred by the Supremacy Clause of the United States Constitution, principles of federalism, and general preemption

- 14 -

because the relief sought impermissibly conflicts with and frustrates the purposes of federal regulations and regulatory activity.

## FIFTH AFFIRMATICE DEFENSE

### (Abstention)

Plaintiff's and putative class members' claims should be denied under the equitable doctrine of abstention or barred by the primary jurisdiction doctrine, because such relief would unreasonably encroach upon federal administrative prerogatives or substitute the Court's oversight for that of federal or state administrative agencies.

## SIXTH AFFIRMATIVE DEFENSE

### (First Amendment)

Plaintiff's and putative class members' claims are barred, in whole or in part, by the First Amendment to the United States Constitution and the applicable provisions under the California Constitution that may apply to this lawsuit which protect the rights to freedom of speech.

## SEVENTH AFFIRMATIVE DEFENSE

### (No Materiality Or Justifiable Reliance)

Plaintiff's and putative class members' claims are barred, in whole or in part, because any allegedly false statements or omissions allegedly attributable to Beam defendants (which alleged statements or omissions are denied) were not material and were not detrimentally or justifiably relied upon by Plaintiff or the putative class members.

## EIGTH AFFIRMATIVE DEFENSE

### (Statute of Limitation)

Plaintiff's and putative class members' claims are barred, in whole or in part, by the applicable statutes of limitations and repose.

CPAM: 4758410.2

CHADBOURNE & PARKE LLP
350 South Grand Avenue, 32nd Floor
Los Angeles, CA 90071 (213) 892-1000

CHADBOURNE & PARKE LLP
350 South Grand Avenue, 32nd Floor
Los Angeles, CA 90071 (213) 892-1000

## NINTH AFFIRMATIVE DEFENSE

### (Failure To Allege Statutory Claim)

Plaintiff and putative class members have failed to allege a statutory claim for deceptive and unfair trade practices, and misleading advertising upon which relief can be granted.

## TENTH AFFIRMATIVE DEFENSE

### (No Unjust Enrichment)

Plaintiff and putative class members may not recover under a theory of unjust enrichment because Plaintiff and putative class members have failed to allege any cognizable "enrichment" of Beam defendants.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Damages Too Speculative and Remote)

Plaintiff's and putative class members' claims are barred, in whole or in part, because the damages sought are too speculative and remote.

## TWELFTH AFFIRMATIVE DEFENSE

### (Laches, Estoppel, Waiver, Ratification, Unclean Hands)

Plaintiff's and putative class members' claims are barred, in whole or in part, by the doctrines of laches, estoppel, equitable estoppel, quasi estoppel, waiver, ratification, or unclean hands.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Compliance)

Plaintiff's and putative class members' claims are barred, in whole or in part, because any product by Beam defendants (including any packaging or labeling of its products) is, and always has been, in compliance with all applicable governmental regulations at the time such product was manufactured, packaged, labeled, and sold.

CHADBOURNE & PARKE LLP
350 South Grand Avenue, 32nd Floor
Los Angeles, CA 90071 (213) 892-1000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Conformity With Prevailing Business Practices And Standards)

Plaintiff's and putative class members' claims are barred, in whole or in part, because the alleged conduct of which Plaintiff and putative class members complain comported with the prevailing business practices and standards of the industry at issue.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Open And Obvious)

Plaintiff and putative class members are barred from recovering any damages by virtue of the fact that any dangers alleged by Plaintiff and putative class members, if any, were open and obvious, because Plaintiff and the putative class members were aware, or should reasonably have been aware, that products often contain a minute amount of sodium benzoate.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (No Legal Duty)

Plaintiff's and putative class members' claims are barred, in whole or in part, as to Beam defendants because Beam defendants did not owe a legal duty to Plaintiff and putative class members or, if Beam defendants owed a legal duty to Plaintiff and putative class members, Beam defendants did not breach that duty.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (No Privity)

Plaintiff's and putative class members' claims are barred, in whole or in part, because Plaintiff and the putative class members lack privity with Beam defendants.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (No Actionable Injury Or Proximate Cause)

Plaintiff's and putative class members' claims are barred, in whole or in part, because neither Plaintiff nor putative class members suffered any actionable injury

1   or because such injury was not proximately caused by Beam defendants.

2                    **NINETEENTH AFFIRMATIVE DEFENSE**

3                      **(Alleged Injury Caused By Others)**

4          To the extent Plaintiff and putative class members allege that they were

5   injured or damaged, which injuries and damages are denied, the injuries and

6   damages were caused solely by acts, wrongs, or omissions of persons, entities,

7   forces, or things over which Beam defendants have no control and for which Beam

8   defendants are not legally responsible.

9                    **TWENTIETH AFFIRMATIVE DEFENSE**

10                    **(No Joint And Several Liability)**

11         Plaintiff and putative class members are not entitled to relief jointly and

12  severally and Beam defendants are not jointly and severally liable with any other

13  person or entity with respect to the claims asserted by Plaintiff and putative class

14  members.

15                 **TWENTY-FIRST AFFIRMATIVE DEFENSE**

16                    **(No Harm Or Damages Suffered)**

17         Plaintiff's and putative class members' claims are barred, in whole or in

18  part, because neither Plaintiff nor any other member of the putative class has

19  suffered actual harm, injury in fact, or lost money or property as a result of a

20  violation of California Business & Professions Code Section 17200, *et seq.*, or

21  under any other cause of action in this case.

22                **TWENTY-SECOND AFFIRMATIVE DEFENSE**

23                   **(Good Faith, Privilege, Justification)**

24         Plaintiff's and putative class members' claims are barred, in whole or in part,

25  because the acts or omissions alleged to have been performed by Beam defendants

26  if performed at all, were done in good faith and/or were privileged or justified.

27

28

CHADBOURNE & PARKE LLP
350 South Grand Avenue, 32nd Floor
Los Angeles, CA. 90071 (213) 892-1000

                              - 18 -

CHADBOURNE & PARKE LLP
350 South Grand Avenue, 32nd Floor
Los Angeles, CA  90071  (213) 892-1000

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Business Necessity)

Plaintiff's and putative class members' claims are barred, in whole or in part, because the acts or omissions alleged to have been performed by Beam defendants, if performed at all, were performed in accordance with business necessity and for legitimate reasons.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Voluntary Payment)

Plaintiff's and putative class members' claims are barred, in whole or in part, by the doctrine of voluntary payment.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Offset And Set-Off)

To the extent Plaintiff and/or the putative class members are entitled to any relief, Beam defendants are entitled to an offset or set off of such relief for the value of the benefits that Plaintiff and the putative class members received.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Due Process)

Plaintiff's and putative class members' claims violate the due process provision of the United States Constitution and the correlative provisions of the California Constitution and the constitutions of the other 49 states to the extent that they seek to deprive Beam defendants of procedural and substantive safeguards, including traditional defenses to liability.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Adequate Remedy At Law)

Plaintiff's and putative class members' claims for injunctive and equitable relief are barred because there is an adequate remedy at law.

CPAM: 4758410.2

CHADBOURNE & PARKE LLP
350 South Grand Avenue, 32nd Floor
Los Angeles, CA  90071  (213) 892-1000

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Failure To Mitigate)

Plaintiff's and putative class members' claims are barred, in whole or in part, by failure to mitigate.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Failure To Provide Notice)

Plaintiff's and putative class members' claims are barred, in whole or in part, for failure to give timely and proper notice of any claimed defect or breach of warranty with respect to Beam defendants' products.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Defenses Recognized In Other Jurisdictions)

To the extent that the laws of other jurisdictions apply, Beam defendants invoke each and every statutory and common law defense available to it under the laws of each of the other forty-nine states of the United States and the District of Columbia with respect to each of the claims alleged in the First Amended Complaint that is recognized in that jurisdiction.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Defenses Asserted By Others)

Beam defendants adopt and incorporate by reference, as if set forth fully herein, any defense asserted by any other Defendant in this action to the extent that such defense applies to Beam defendants.

## <u>RESERVATION OF DEFENSES</u>

Beam defendants hereby give notice that they intend to rely upon any other defenses that may become available or appear during the proceedings in this case and hereby reserve their right to amend their Answer to assert any such defense. Beam defendants also reserve their right to assert other and related defenses as may become available in the event of a determination that this action, or some part thereof, is governed by the substantive law of a state other than California.  Beam

1   defendants intend to require Plaintiff to carry her burden of proof on every element

2   of Plaintiff's claims.  Beam defendants therefore reserve the right to assert by

3   motion or at trial denials as to Plaintiff's ability to prove the required elements of

4   her claims.  In the event that any affirmative defense asserted by Beam defendants

5   is determined by the Court to be a denial rather than an affirmative defense, the

6   burden of proof shall not shift to Beam defendants on such matters merely because

7   the matter has been pleaded as an affirmative defense rather than a denial.

8                                   **<u>PRAYER FOR RELIEF</u>**

9          WHEREFORE, having fully answered Plaintiff's First Amended Complaint,

10  Beam defendants pray that this First Amended Complaint be dismissed with

11  prejudice; that judgment be rendered in favor of Beam defendants; that Beam

12  defendants recover their attorneys' fees and expenses; and that Beam defendants

13  have such other and further relief as this Court deems just and proper.

14

15  Dated: June 14, 2012                    CHADBOURNE & PARKE LLP

16

17                                          By _____/s/ Robin D. Ball_____

18                                               ROBIN D. BALL
                                            Attorneys for Defendants BEAM
19                                          GLOBAL SPIRITS & WINE LLC and
20                                          JIM BEAM BRANDS CO.

21

22

23

24

25

26

27

28

CHADBOURNE & PARKE LLP
350 South Grand Avenue, 32nd Floor
Los Angeles, CA. 90071 (213) 892-1000

- 21 -

CPAM: 4758410.2